UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.
_____/

**UNOPPOSED MOTION BY DEFENDANTS TO CONTINUE MARCH 10, 2023, DEADLINE FOR THE PARTIES TO HOLD A SCHEDULING CONFERENCE**

Defendants Thomas Brady, Gisele Bündchen, Kevin O'Leary, David Ortiz, and William Trevor Lawrence (collectively, "Moving Defendants") respectfully request that the Court continue the March 10, 2023, deadline, set by the Court's PAPERLESS ORDER [ECF No. 82] (entered March 6, 2023) to comply with the Court's November 16, 2022, PAPERLESS PRETRIAL ORDER [ECF No. 5], and permit the parties at least 30 days after Plaintiffs have served all of the named defendants to hold the Rule 16 Scheduling Conference, with the joint scheduling report to be filed 10 days thereafter. The request to continue the Scheduling Conference deadline beyond March 10, 2023, is unopposed by Plaintiffs, with the full details of Plaintiffs' position set forth in the email communications referenced in the Local Rule 7.1(a)(3) Certification below and attached as part of the Certification at Plaintiffs' counsel's request.

Despite the provision of the PAPERLESS PRETRIAL ORDER requiring service on all defendants or an extension to be sought by January 16, 2023, *see id.* at 1 (requiring a scheduling conference "within sixty (60) days after the filing of the complaint" if no responsive pleading was

filed), and Rule 4(m), FED. R. CIV. P., which required service by February 13, 2023,[1] the docket reflects that nine (of eighteen) named defendants were purportedly served within the past two weeks – according to the Returns of Service filed by Plaintiffs – and two (Shaquille O'Neal and Naomi Osaka) have not yet been served at all.[2] Thirteen of eighteen named defendants have not yet entered an appearance, and at least five do not yet appear to have counsel retained for this action. Moreover, for the defendants who have appeared, initial responses to the Amended Complaint [ECF No. 16] are not due until April 14, 2023, *see* PAPERLESS ORDER [ECF No. 49] at 1. In the meantime, Plaintiffs' counsel has sought consolidation and transfer of this case with ten other cases, including nine other putative class actions, pending throughout the country. *See* Pet'rs' Mot. for Transfer of Related Actions to S.D. Fla., *In re FTX Collapse Litig.*, MDL No. 3076 (J.P.M.L. Feb. 10, 2023), ECF No. 1 (attached without exhibits as Exhibit **A**).

In these circumstances and with so many defendants missing, it is not practical for the parties to confer and attempt to agree on a case schedule by March 10, 2023. Accordingly, Moving Defendants request the continuance outlined above.

In support of this motion, Defendants state:

1. This action was filed on November 15, 2022. *See* ECF No. 1.

2. On November 16, 2022, the Court issued its PAPERLESS PRETRIAL ORDER [ECF No. 5], which, *inter alia*, ordered

---

[1] Under Rule 4(m), Plaintiffs were required to serve (or obtain a waiver of service from) every named defendant "within 90 days after the complaint [wa]s filed" – *i.e.*, by February 13, 2023. *See id.*

[2] Contrary to Plaintiffs' March 1, 2023, representation to the Court that "all Defendants are properly before the Court" [ECF No. 71], Plaintiffs' counsel has confirmed that he has not yet served Mr. O'Neal. In addition, an attorney for Ms. Osaka has informed counsel for Plaintiffs and for the Moving Defendants that Ms. Osaka has not been served, she has not selected counsel for this action, and that the discussion of a potential waiver of service first occurred only this past Monday (March 6, 2023).

that S.D. Fla. L.R. 16.1 shall apply to this case and the parties shall hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first. However, <u>if all defendants have not been served by the expiration of this deadline, Plaintiff **shall** move for an enlargement of time to hold the scheduling conference</u>, not to exceed 90 days from the filing of the Complaint.

*Id.* at 1 (all emphasis added).

3.  As the Court's March 6, 2023, PAPERLESS ORDER [ECF No. 83] recognizes, Plaintiffs did not move for an enlargement of time to hold the scheduling conference. *See id.* at 1. However, the Court recognized that an enlargement of the deadline could still be obtained. *See id.* ("the Parties have not filed their joint scheduling report, nor has Plaintiff moved for an enlargement of time to hold the scheduling conference").

4.  As reflected in the docket, the status of service[3] on the eighteen named defendants and appearances of counsel on their behalves is:

| Status of Service on Defendants | | | | |
|---|---|---|---|---|
| **Defendant** | **Service Date According to Return of Service/Date of Filing Waiver of Service** | **Method of Service** | **DE** | **Appearance of Counsel** |
| Golden State Warriors | 1/6/2023 | Waiver | 17 | No |
| Lawrence Gene David | 1/17/2023 | Waiver | 18 | No |
| Thomas Brady | 1/17/2023 | Waiver | 19 | Yes |
| Gisele Bundchen | 1/17/2023 | Waiver | 20 | Yes |
| David Ortiz | 1/25/2023 | Waiver | 24 | Yes |
| Kevin O'Leary | 1/31/2023 | Waiver | 43 | Yes |
| Sam Bankman-Fried | 2/8/2023 | Waiver | 46 | Yes |
| Caroline Ellison | 2/22/2023 | Summons | 74 | No |
| Nishad Singh | 2/22/2023 | Summons | 76 | No |
| Gary Wang | 2/23/2023 | Summons | 75 | No |
| Dan Friedberg | 2/23/2023 | Summons | 78 | No |
| William Trevor Lawrence | 2/24/2023 | Waiver | 66 | Yes |

---

[3] "Service" as used herein is only based on Plaintiffs' filing of waivers or returns of service. Whether any service via Summons as reflected in a return of service constitutes valid service or would be challenged by the "served" defendant is an issue for another day – but also yet another impediment to holding a Scheduling Conference and then filing a Scheduling Report at this time.

| Stephen Curry | 2/24/2023 | Summons | 80 | No |
|---|---|---|---|---|
| Sam Trabucco | 2/24/2023 | Summons | 81 | No |
| Udonis Haslem | 2/28/2023 | Summons | 77 | No |
| Shohei Ohtani | 3/1/2023 | Summons | 79 | No |
| Shaquille O'Neal | Not Served* | - | - | No |
| Naomi Osaka | Not Served* | - | - | No |

*to Defendants' Knowledge*

5. Accordingly, of the eighteen defendants, nine have only been (purportedly) served in the past two weeks – long after Plaintiffs were required to serve them under the PAPERLES PRETRIAL ORDER and even after the period required by Rule 4(m) – and two have not yet been served. This means that over half of the named defendants have either only just been served or have not been served.

6. In addition, as shown in the chart, the majority of the named defendants (13 out of 18) do not have appearances of counsel on their behalves. Of these, two will be represented by counsel for Moving Defendants.[4] However, for at least five defendants,[5] Moving Defendants are not aware of whether counsel has been retained at all.

7. Prior to the issuance of the Court's order on Monday (March 6), Plaintiffs' counsel had not reached out to counsel for any Moving Defendant to discuss the case schedule. On Tuesday, March 7, 2023, Plaintiffs sent by email a proposed Scheduling Order and proposed Joint Scheduling Report, and attempted to unilaterally set (i) a Scheduling Conference for Thursday,

---

[4] Larry David will be represented by Latham & Watkins, LLC and Colson Law Firm, LLC, while Udonis Haslem will be represented by Akerman LLP. Moving Defendants are also aware of counsel for the Golden State Warriors and Stephen Curry. Counsel for Bankman-Fried noticed appearances on March 8, 2023. [ECF Nos. 83 & 84]. Plaintiff has included on correspondence with Moving Defendants apparent counsel for Ellison and Singh. Moving Defendants understand that certain of the defendants who have counsel have not appeared and/or participated in the proceedings to date because they maintain this Court lacks personal jurisdiction over them and will be moving to dismiss on that basis at the time a response to the Amended Complaint is due.

[5] These are defendants Trabucco, Wang, O'Neal, Ohtani, and Osaka. In addition, while Plaintiff has included defendant Friedberg directly on correspondence, Moving Defendants do not have an understanding as to whether he intends to represent himself or retain counsel.

March 9, 2023, at 1:00 p.m., and (ii) a deadline for filing the Scheduling Report of Friday, March 10, 2023. Plaintiffs' proposed schedule is not workable, particularly for a case in which half of the named defendants have not yet appeared and where the deadline to respond to the Amended Complaint is April 14, 2023. *See* PAPERLESS ORDER [ECF No. 49] at 1.

8.   At the most basic, due process level, this expedited time table – which is a time crunch of Plaintiffs' creation alone because they failed to move to extend the deadline for a scheduling conference, *see* PAPERLESS PRETRIAL ORDER at 1, failed to timely (and, apparently, properly) serve all defendants, and failed to even communicate with Moving Defendants about a scheduling conference until this week – unfairly prejudices all defendants because not all counsel who have appeared are available at the time unilaterally set by Plaintiffs. Even were counsel available, counsel will not have sufficient time to consult with their clients regarding the schedule and other issues raised by Plaintiffs' counsel before Plaintiffs' proposed next-day deadline to file a Scheduling Report. And, of course, it makes little sense – and would be unfair, at best – to hold a Scheduling Conference and then immediately file a "Joint" Scheduling Report to govern this action where a sizable number of named defendants appear to not yet have counsel involved.

9.   Given the status of service and counsel appearances alone, Moving Defendants submit that the deadline for holding the initial Scheduling Conference should be extended. However, as the Court is well aware, there are additional procedural complexities to this action which further militate against holding a Scheduling Conference at this time.

10.   First, and foremost, several named defendants appear to have strong personal jurisdiction defenses because the Amended Complaint fails to reflect any activity by any defendant in Florida. A Scheduling Conference should not be held until this Court determines whether these defendants are even subject to jurisdiction in this Court. *See, e.g., Teran v. GB Int'l S.P.A.*, No.

11-CV-2236-JAR-DJW, 2011 WL 5005997, at *3 (D. Kan. Oct. 20, 2011) ("any discovery conference pursuant to Rule 26(f) should be stayed pending the outcome of the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim"); *see also Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 720462, at *1 (M.D. Fla. Feb. 22, 2011) (granting a motion to stay discovery because defendants raised meritorious challenges based on lack of personal jurisdiction).

11. Second, although Moving Defendants are aware that the regular practice in this Court is that dispositive motions to dismiss are not a basis to stay discovery, they submit that this action is one where such a stay would be warranted. Moving Defendants submit that Plaintiffs' claims – seeking to hold "Celebrity Defendants," who allegedly engaged in paid advertising for the FTX brand, responsible for the alleged sale of a specific kind of product offered by FTX that no Celebrity Defendant is alleged to have ever discussed – is an unsupportable legal theory that should be tested on the merits prior to the initiation of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").[6]

12. Third, Plaintiffs have petitioned the Judicial Panel on Multidistrict Litigation to have this action transferred and consolidated with ten other cases pending in this Court and the Northern District of California. *See* Ex. A. Although Moving Defendants (and others) will oppose that petition (the responses to the petition are due Friday, March 10), the petition may be granted.

---

[6] A district court has ample power to control its docket and enjoys broad discretion to stay proceedings and discovery pending resolution of a case-dispositive motion. *See* Fed. R. Civ. P. 26(b)(1), (2)(A)-(C); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("a district court is entitled to establish proper pre-trial procedures and set an appropriate pre-trial schedule . . . .").

In that event, the judge overseeing such litigation should set the schedule for the consolidated litigation. *See Samuel v. Fam. Dollar Stores of Fla., Inc.*, No. 11-62560-CIV, 2012 WL 231251, at *1 (S.D. Fla. Jan. 25, 2012) (postponing scheduling conference and staying discovery pending decision by MDL panel).

13. Fourth, the Court has determined in the related *Norris* action,[7] which was filed by the same Plaintiffs' counsel against three of the defendants in this action (Brady, O'Leary, and Ortiz) and raising on an individualized basis the identical putative class claims asserted by Plaintiffs in this action, that the proper procedure is to first address the *Norris* Plaintiffs' request to remand, then whether to stay the action pending this first-filed action, and then for the *Norris* Defendants to respond to the operative pleading. *See* Order [*Norris* ECF No. 24] at 1 ("The time for Defendants to file a response to the Amended Complaint [ECF No. 1-2] is stayed until the Motion to Remand and any renewed motion to stay are resolved."). Moreover, because of the procedural complexities of *Norris* – *i.e.*, its intertwined nature with the instant action – the Court deferred the *Norris* parties' obligation to file a Scheduling Report pending a future order of the Court. *See* Order [*Norris* ECF No. 28] at 1.

14. The same principle applies here. This action is nowhere near a posture where a Scheduling Conference is viable – especially on such short notice – and is one where a variety of issues are properly addressed before a Scheduling Report should be required.

15. Therefore, Moving Defendants submit that the March 10, 2023, deadline for holding a Scheduling Conference should be extended to, at minimum, 30 days after the two remaining defendants have been properly served, if not deferred until further order of the Court.

---

[7] *Norris v. Brady*, No. 23-cv-20439-KMM (S.D. Fla.).

## CONCLUSION

WHEREFORE, Moving Defendants respectfully request that the Court continue the March 10, 2023, deadline for the parties to hold a Scheduling Conference until thirty (30) days after all named defendants have been served, with a Scheduling Report due 10 days thereafter, and grant such other and further relief as the Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certify that Zachary Lipshultz, counsel for Defendants Brady and Bündchen, conferred with Adam Moskowitz, lead counsel for Plaintiffs, with respect to the relief requested in this motion via email on March 8, 2023, and counsel for Moving Defendants and Plaintiffs continued the email communications into March 9, 2023. Based on those communications, which are attached as Exhibit **B** at Plaintiffs' counsel's request, undersigned counsel state that Plaintiffs do not oppose the request that the deadline for the Scheduling Conference be continued until after March 10, 2023; however, the extent of such a continuance is an issue to be determined by the Court.

Dated:  March 9, 2023

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

By: */s/ Roberto Martínez*
    Roberto Martínez
    Florida Bar No. 305596
    bob@colson.com
    Stephanie A. Casey
    Florida Bar No. 97483
    scasey@colson.com
    Zachary Lipshultz
    Florida Bar No. 123594
    zach@colson.com

**LATHAM & WATKINS LLP**
    Andrew Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*

  Susan E. Engel (*pro hac vice*)
   susan.engel@lw.com
  Brittany M.J. Record (*pro hac vice*)
   brittany.record@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
   marvin.putnam@lw.com
  Jessica Stebbins Bina (*pro hac vice*)
   jessica.stebbinsbina@lw.com
  Elizabeth A. Greenman (*pro hac vice*)
   elizabeth.greenman@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
   michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady and Gisele Bündchen*

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
  Christopher S. Carver
  Florida Bar No. 993580
  christopher.carver@akerman.com
  Jason S. Oletsky, Esq.
  Florida Bar No. 9301
  jason.oletsky@akerman.com
  Katherine A Johnson
  Florida Bar No. 1040357
  katie.johnson@akerman.com

*Attorneys for Defendant David Ortiz*

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394

    Tel: (954) 462-1200
    2 South Biscayne Blvd., Suite 2530
    Miami, Florida 33131
    Tel: (305)-400-4260

    By: /s/ *Jeffrey Neiman*
        Jeffrey Neiman
        jneiman@mnrlawfirm.com
        Fla Bar. No. 544469
        Jeffrey Marcus
        jmarcus@mnrlawfirm.com
        Fla. Bar No. 310890
        Michael Pineiro
        mpineiro@mnrlawfirm.com
        Fla. Bar No. 041897
        Brandon Floch
        bfloch@mnrlawfirm.com
        Fla. Bar No. 125218

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
abrettler@berkbrettler.com

*Attorneys for Defendant Kevin O'Leary*

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: (305) 374-1920
Facsimile: (305) 374-1961

    By: /s/ *David A. Rothstein*
        David A. Rothstein, Esq.
        Fla. Bar No. 995762
        DRothstein@dkrpa.com
        Alexander M. Peraza, Esq.
        Fla. Bar No. 107044
        APeraza@dkrpa.com
        Eshaba Jahir-Sharuz, Esq.
        Fla. Bar No. 1038846
        Eshaba@dkrpa.com

**MCANGUS GOUDELOCK & COURIE LLC**
2000 Market Street, Suite 780
Philadelphia, PA 19103
(484) 406-4334
Eric A. Fitzgerald (*pro hac vice*)
eric.fitzgerald@mgclaw.com
Hillary N. Ladov (*pro hac vice*)

hillary.ladov@mgclaw.com

*Attorneys for Defendant William Trevor Lawrence*