# Exhibit A

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: FTX COLLAPSE LITIGATION | MDL Docket _____ |
| --- | --- |

**PETITIONERS', EDWIN GARRISON'S, GREGG PODALSKY'S, SKYLER LINDEEN'S, ALEXANDER CHERNYAVKSY'S, SUNIL KAVURI'S, GARY GALLANT'S, AND DAVID NICOL'S MOTION FOR TRANSFER OF RELATED ACTIONS TO THE SOUTHERN DISTRICT OF FLORIDA**

Petitioners, Edwin Garrison, Gregg Podalsky, Skyler Lindeen, Alexander Chernyavksy, Sunil Kavuri, Gary Gallant, and David Nicol (the "Petitioners") hereby move for entry of an order transferring the Related Actions (described below) to the United States District Court for the Southern District of Florida for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation. This Motion is supported by the accompanying Brief and Schedule of Actions. In support of the motion, Petitioners state:

1.      To date, Undersigned Counsel have two pending, and already consolidated class action cases related to the collapse of the FTX cryptocurrency trading platform pending before the Honorable K. Michael Moore in the Southern District of Florida, including *Garrison, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23753-KMM (S.D. Fla.) and *Podalsky, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23983-KMM (S.D. Fla.). Undersigned Counsel organized and consolidated various different complaints and plaintiffs that were all filed in various state and federal courts in the state of Florida.

2.      *Garrison* was filed on November 15, 2022, and is the first-filed FTX-related class action filed in the country, which represents the only putative nationwide class of FTX customers against these 6 FTX Insiders and 12 Brand Ambassadors, and the consolidated proceedings also include representation of a putative global class of FTX customers. Both Complaints are supported

*In re: FTX Collapse Litigation*

by extensive Expert Testimony, attesting that all FTX interest accounts were the sale of unregistered securities.

3.      Undersigned Counsel also filed individual FTX actions in state court in the Eleventh Judicial Circuit in and for Miami-Dade County ("Florida State Actions"), which were also all consolidated on December 5, 2022 in the Complex Business Division before the Honorable Michael Hanzman. The individual Plaintiffs in the Florida State Actions already served discovery, have pending a Motion for Partial Summary Judgment (namely that the individual accounts constitute the sale of unregistered securities) and Judge Hanzman already set an upcoming Case Management Conference.

4.      Just this week, Defendants in the Florida State Actions removed those individual cases to the Southern District of Florida, seek to transfer those cases to Judge Moore and Plaintiffs' Motion to Remand is now pending before Chief Judge Cecilia M. Altonaga in *Norris, et al. v. Thomas Brady, et al.*, No. 1:23-cv-20439-CMA (S.D. Fla.). Both Judge Moore and Chief Judge Altonaga have taken active roles in presiding over these consolidated proceedings.[1]

5.      Several other FTX putative class actions, against different Defendants, were recently filed in the Northern District of California and the Southern District of California, and these include the following cases:

     a.   *Papadakis, et al. v. Bankman-Fried, et al.*, No. 3:23-cv-00024 (N.D. Cal.)

     b.   *Jessup v. Bankman-Fried, et al.*, No. 3:22-cv-07666 (N.D. Cal.)

---

[1] Related litigation against failed cryptocurrency platform Voyager Digital, and various third-party defendants, has been actively litigated in the Southern District of Florida before Chief Judge Cecilia Altonaga and The Honorable Roy Altman, in *Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres and *Robertson, et al. v. Mark Cuban, et al.*, No. 22-cv-22538-ALTMAN/Reid. A trial date has already been sent in the *Robertson* Action. The paramount question in the Voyager litigation is extremely similar to the paramount question in the FTX cases, namely whether the interest bearing accounts and/or each platform's native cryptocurrency tokens are securities that should have been registered with securities regulators.

*In re: FTX Collapse Litigation*

    c. *Pierce v. Bankman-Fried, et al.*, No. 3:22-cv-07444 (N.D. Cal.)

    d. *Lam v. Bankman-Fried, et al.*, No. 3:22-cv-07336 (N.D. Cal.)

    e. *Gonzalez v. Silvergate Bank, et al.*, No. 3:22-cv-01981 (S.D. Cal.)

    f. *Sepulveda, et al. v. Silvergate Capital Corp., et al.*, No. 3:22-cv-01901 (S.D. Cal.) (voluntarily dismissed February 9, 2023)

    g. *Husary, et al. Silvergate Capital Corp., et al.*, No. 3:23-cv-00038 (S.D. Cal.) (voluntarily dismissed February 9, 2023)

6. Some other federal FTX claims have been filed, and more subsequently filed "tag-along" actions are anticipated to be filed, in these and possibly other district courts across the country (collectively, the "Related Actions").

7. As required by 28 U.S.C. § 1407(a), the Related Actions proposed for transfer and coordination "involve[] one or more common questions of fact," including:

    (a) whether the FTX Entities operated a Ponzi scheme from their domestic headquarters in Miami;

    (b) whether all of the Yield-Bearing Accounts ("YBAs"), native FTT cryptocurrency token, or other assets offered or sold by Defendants were unregistered securities;

    (c) whether Defendants' participation and/or actions in FTX's offerings and sales of YBAs violate the provisions of the Securities Act and analogous Florida state securities law;

    (d) the type and measure of damages suffered by Plaintiffs and the Classes;

    (a) whether Defendants' practices violate the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and/or analogous and applicable state consumer protection statutes;

    (b) whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

*In re: FTX Collapse Litigation*

(c) whether Plaintiffs and Class members are entitled to consequential damages, punitive damages, Florida statutory damages, disgorgement, and/or other legal or equitable appropriate remedies as a result of Defendants' conduct.

8.      Almost all of the new cases have been filed over the course of the last four months, and many have yet to be filed, but are anticipated to be filed in the coming weeks and months. Thus, there is sufficient numerosity to support transfer of the Related Actions for coordinated pretrial proceedings.

9.      Transfer of the actions will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve party and judicial resources.

10.      The United States District Court for the Southern District of Florida is the most appropriate forum for consolidation of the actions because, *inter alia*, (1) the FTX entities was based in the Southern District of Florida; (2) the Southern District of Florida has extensive experience with cases of this type; and (3) that is the District where *Garrison*, the first-filed, consolidated class action has been actively presided over by Judge Moore, as well as *Norris*, the consolidated Florida State Actions, which are now being actively presided over by Chief Judge Altonaga. Similarly, Judge Altman has substantial experience presiding over similar complex matters, as he is currently presiding over the *Robertson* litigation and is not currently presiding over an MDL. Each of these Judges are highly capable judges who have significant experience in the subject matter of the litigation and all of the legal issues involved.

Accordingly, the Petitioners respectfully requests that the Panel transfer the Related Actions to the Southern District of Florida for consolidation and coordinated pre-trial proceedings.

*In re: FTX Collapse Litigation*

Dated: February 10, 2023                  Respectfully submitted,

**By:** *<u>/s/ Adam Moskowitz</u>*
Adam M. Moskowitz
Joseph M. Kaye
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

**By:** *<u>/s/ David Boies</u>*
David Boies
Alex Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *<u>/s/ Stephen Neal Zack</u>*
Stephen Neal Zack
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By:** *<u>/s/Jose M. Ferrer</u>*
Jose M. Ferrer
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Petitioners, Edwin Garrison, Gregg Podalsky, Skyler Lindeen, Alexander Chernyavksy, Sunil Kavuri, Gary Gallant, and David Nicol*