UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

v.

SAM BANKMAN-FRIED, *et al.*,

      *Defendants.*

_____/

**PLAINTIFFS' BRIEF RESPONSE TO MOTION BY DEFENDANTS TO EXTEND
DEADLINE FOR PARTIES TO HOLD A SCHEDULING CONFERENCE**

The theme in this case is: **No good deed goes unpunished**. As Ordered by the Court, Plaintiffs properly scheduled and noticed a Joint Scheduling Conference by Zoom for all Defendants. While some Defendants agreed, accepted the invitation, and provided input on the report (including Defendant Samuel Bankman-Fried) counsel for some of the FTX Celebrity Brand Ambassadors declined to provide any input and instead requested Plaintiffs cancel the Zoom conference, so that they could instead "simply seek an extension of time from the Court."[1]

As professionalism and ethics dictate, they represented they would simply seek an extension of time, attach a copy of Plaintiff's position email and concluded to Plaintiffs that "[w]e hope you will consent to a brief extension." *See* ECF No. 87-2 at 3. Although Plaintiffs even agreed not to oppose Defendants' request for extension (though Plaintiffs are ready and willing to proceed in accordance with the Court's Order to hold a scheduling conference and file a joint conference

---

[1] Plaintiffs circulated a proposed draft Joint Scheduling Report with a Proposed Scheduling Order for purposes of expediting the conferral process with Defendants. Attached as **Exhibit A** is a copy of that report that includes input received from Defendant Bankman-Fried.

<em>Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.</em><br>
<em>Case No. 1:22-cv-23753-KMM</em>

report, *see* ECF No. 82), Defendants could not help themselves but to take advantage of the opportunity to again create a misleading record with needless attacks on Plaintiffs and their counsel. This included the same counsel who previously informed Plaintiffs they would discuss the request for a Status Conference with all of the Defendants, only to fail to respond and instead file attacks upon Plaintiffs.

Certainly, the Court alone will decide when the Joint Conference Report is due. However, Plaintiffs are constrained to file this brief response simply to set the record straight.

Since this action commenced on November 16, 2022, and particularly since filing the Consolidated Amended Complaint on December 16th, Plaintiffs have worked assiduously to effect service on all 18 Defendants, many of whom are some of the most high-profile celebrities in the country. Although these Defendants are well-known public figures, tracking them down to physically serve them is a monumental task, especially when they and their counsel (some of whom are likely counsel who advised these celebrities in committing the very conduct for which they have now been sued) have taken **every step** to make doing so as difficult as possible. Attached as **Composite Exhibit B** is just a small sampling of the documents (from impartial process servers) evidencing the difficulties Defendants have caused Plaintiffs in delaying service of process on many of them, despite the admitted fact that they have all been aware this action was brought against them in November.[2]

For instance, Shaquille O'Neal, who is now the final Defendant actively evading service of process on a weekly basis (*see* **Comp. Ex. B** for some of the attempts to serve him thus far),

---

[2] Plaintiffs' counsel have enlisted the help of multiple process serving firms to locate and serve Defendants, and the materials in **Comp. Ex. B** are a small sampling of the documents evidencing some of these service attempts. They are attached for illustrative purposes, only, and are not a comprehensive record of Plaintiffs' service attempts over the past months.

2

was quoted in national news days after this Action commenced, attempting to disclaim any responsibility for his actions, admitting in response to news of the suit that, while he did falsely claim in his promotions that he was "all in" on FTX, he in fact personally avoided cryptocurrency and claiming "I was just a paid spokesperson."[3] While the process servers continue their repeated attempts to serve Mr. O'Neal, Plaintiffs' counsel even reached out to counsel at the Miami office of Carlton Fields who recently represented Mr. O'Neal in many different litigation with Notice of Commencement and Request for Waiver of Service forms. They declined to forward the materials to Mr. O'Neal. *See* Comp. Ex. B.[4] It took over **half a dozen attempts** at personal service on Mr. Brady, before he told his counsel to finally accept the Request for Waiver of Service form that was sent to them nearly a month prior. ***See* Comp. Ex. B.**[5]

For other Defendants, Plaintiffs' counsel have reached out to their agents and other representatives, who apparently have been told by Defendants <u>not to cooperate</u>, to pass along any messages regarding the lawsuit, or to inform Plaintiffs as to who these Defendants have retained to represent them in this action.

In short, although they may be famous and well-known, when celebrities do not want to be served with a Complaint, with practically limitless resources at their disposal, including multiple

---

[3] *See* "Shaq distances himself from crypto and FTX collapse: 'I was just a paid spokesperson,'" dated December 15, 2022, published at https://www.cnbc.com/2022/12/15/shaq-on-crypto-ftx-post-collapse-i-was-just-a-paid-spokesperson.html (accessed March 9, 2023), a copy of which is also attached in **Comp. Ex. B.**

[4] As another example, Udonis Haslem evaded service, and the server had to pursue his former wife, Mrs. Haslem to effect service, because she fled the house and ran past a stop sign in her car while the process server was parked outside the home taking notes in their car. **See Comp. Ex. B.**

[5] Brady's counsel ultimately claimed the original Request for Waiver of Service form was deficient because it was not emailed to them along with a copy of the Notice of Commencement of Action form, which is a form that is in practice largely dispensed with when counsel requests the waiver of service form to begin with.

homes, constant travel, and various staff members and counsel who can keep them at arm's length from the public, serving them with formal process is an undertaking.

Finally, despite still not opposing Defendants' request, Plaintiffs are mindful of the Court's directive that "A motion for extension of time is not self-executing.... Yet, by filing these motions on or near the last day, and then sitting idle pending the Court's disposition of the motion, parties essentially grant their own motion. The Court will not condone this." *See* ECF No. 5 (quoting *Compere v. Nusret Miami, LLC*, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (internal citations omitted)). Thus, immediately after receiving the Court's order requiring a joint conference and joint scheduling report by Friday, March 10, 2023, Plaintiffs took necessary and appropriate actions to circulate a draft JSR, set a Zoom and invite all counsel to cooperate.

## **CONCLUSION**

Plaintiffs repeat they have no objection if the Court decides to extend the deadline. If the Court is not amenable to granting Defendants' request (which Plaintiffs respectfully submit an appropriate date would be **April 14, 2023**, the date the Court already ordered all Defendants to respond to the complaint, *see* ECF No. 49), the Court consider the draft Joint Scheduling Report for purposes of establishing a case management order attached as Exhibit A. Moreover, Plaintiffs respectfully request that if Mr. O'Neal continues to evade service under these circumstances, the Court consider entering a Show Cause order, requiring him to finally appear in this case.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Dated: March 9, 2023

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 9, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ