# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

v.

SAM BANKMAN-FRIED, *et al.*,

      *Defendants.*

_____/

**JOINT SCHEDULING REPORT**

Plaintiffs, Edwin Garrison, et al. ("Plaintiffs"), and Defendants, [PLEASE INSERT EACH OF THE DEFENDANTS], ("Defendants") (Defendants together with Plaintiffs, the "Parties"), submit this Joint Scheduling Report pursuant to S.D. Fla. Local Rule 16.1(b), and Federal Rule of Civil Procedure 26(f)(3). The Parties conferred on March 9, 2023 and Report as follows:

    **I.**    **Plaintiffs' Statement**

The FTX disaster is the largest financial fraud in US history. The former FTX CEO, Bankman-Fried, is facing numerous criminal charges and the new CEO—who helped wind down Enron—concluded that this fraud was much worse than in Enron. Billions of dollars have been stolen from investors across the globe.

FTX was a centralized cryptocurrency platform which specialized in derivatives and leveraged products. It filed for bankruptcy protection in November 2022 and will be involved in federal bankruptcy proceedings for many years. There is no guarantee that any of the victims will

be able to see any recovery from those proceedings.

This is a proposed class action brought on behalf of a Global Class, a Nationwide Class, and State Subclasses, of all individuals offered or sold, deceptive FTX Yield Bearing Accounts ("YBAs"), which were admittedly marketed and promoted by the Defendants. Plaintiffs allege—as the SEC and numerous state securities regulators have already concluded in analogous contexts with platforms such as BlockFi,[1] Voyager,[2] and Celsius,[3] who all offered these same accounts—that these YBAs are all unregistered "securities" as defined by applicable securities law.

If there was any debate as to how the SEC would rule regarding these specific allegations, they answered that question last week. The SEC recently brought suit, and settled with former professional basketball player and sports analyst Paul Pierce (Boston Celtics) for specifically touting on Twitter for a two-week period in 2021 a "crypto asset security" that was being offered and sold. Although not specific to FTX, the SEC's findings are extremely instructive about what kind of activity violates the securities laws:

> Pierce, at least negligently, made materially false and misleading misstatements in his Twitter posts promoting the crypto asset security, including statements regarding the amount he had earned from holding the crypto asset security, and statements indicating that he was holding—and intended to increase—his investment in the crypto asset security while contemporaneously selling the securities. Pierce's conduct violated Section 17(a)(2) of the Securities Act, which prohibits obtaining money or property by means of an untrue statement of a material fact or any omission of material facts necessary to make statements made not misleading in the offer or sale of securities.
>
> In addition, Pierce <u>did not disclose</u> that he was being compensated by the entity offering

---

[1] https://www.sec.gov/news/press-release/2022-26 (accessed March 6, 2023).
[2] https://coingeek.com/6-us-regulators-crackdown-on-voyager-digital-over-interest-bearing-accounts/ (accessed March 6, 2023).
[3] https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact=8&ved=2ahUKEwjvjNvg27j7AhWfRTABHfwzDe4QFnoECAsQAQ&url=https%3A%2F%2Fwww.nj.gov%2Foag%2Fnewsreleases21%2FCelsius-Order-9.17.21.pdf&usg=AOvVaw0Zd94fuhFSsOoGKM-vQ3YI (accessed March 6, 2023).

2

and selling the security for giving the crypto asset security publicity. Pierce's failure to disclose this compensation violated Section 17(b) of the Securities Act, which makes it unlawful for any person to promote a security without fully disclosing the receipt and amount of such consideration from an issuer. See In re Pierce, SEC Admin. Proceeding File No. 3-21305 (Feb. 17, 2023) (summary of order instituting cease-and-desist proceedings at paras. 1–2).

Defendants' participation and/or actions in FTX's offerings and sales of YBAs violated various provisions of state securities laws and deceptive trade practices statutes, including those of Florida, which law may be applied nationwide as Florida is the situs of FTX's domestic headquarters and Florida's FSIPA and FDUTPA statutes were enacted to regulate the conduct of entities based within its borders so that such companies would not utilize the State as a hub for their global wrongdoing. Plaintiffs seek certification of a Global Class, a Nationwide Class, and a Florida State Subclass under Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the FRCP, which includes seeking a declaration that the YBAs are unlawfully sold unregistered securities, which entitles Plaintiffs and class members to full rescissionary damages. Defendants' substantial participation in the offer or sale of these unregistered EPAs, which were offered or sold from the State of Florida by FTX, renders Defendants jointly and severally liable to Plaintiffs and all Class Members for the full measure of damages resulting from their offer or sale. These specific claims have a strict liability standard with <u>no reliance requirements nor any *caveat emptor* defense</u>. This action may be the only avenue for any of the victims to recover any of their admitted damages.

Plaintiffs' Counsel have been investigating and litigating these and similar claims against failed exchanges FTX and Voyager for two years. After conducting significant research on the issues with the top cryptocurrency experts in the field, Plaintiffs' counsel brought the first

3

nationwide class action against failed cryptocurrency exchange, Voyager Digital,[4] where they litigated many of these same issues until Voyager declared bankruptcy in July 2022. In August, Plaintiffs' counsel brought the first nationwide class action against some of the largest Brand Ambassadors of Voyager for their respective roles in facilitating Voyager's offer and sale of unregistered securities.[5] That Voyager litigation is ongoing, and after substantial discovery, including reviewing tens of thousands of documents and taking over half a dozen significant depositions, Plaintiffs' counsel have already amassed enough evidence to seek class certification and summary judgment on many of the dispositive issues in the case.

In connection with Voyager's bankruptcy, Plaintiffs' counsel closely followed the bidding process that culminated in the purported agreement for FTX to purchase Voyager's customers' assets, where FTX couched themselves as the saviors of Voyager's customers. Because that agreement was founded on many false and fraudulent predicates, however, Plaintiffs' counsel was ready to immediately file this action, the first nationwide class action against FTX, two business days after it was revealed that FTX operated as a fraudulent Ponzi scheme and sought emergency bankruptcy relief for themselves, leaving both Voyager's and FTX's customers blindsided with many billions of dollars in losses. Plaintiffs' counsel have since led the nation's litigation of these issues, bringing a number of nationwide and global class actions, and state court individual actions, here in South Florida, where FTX maintained its domestic headquarters and base of operations, in order to recover these customers' losses from any and all responsible parties.

All of the actions Plaintiffs' counsel have brought to date have now been consolidated and/or transferred to this Honorable Court, where they can be presided over in an organized and

---

[4] *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres (the "*Cassidy* Action")
[5] *Robertson, et al. v. Mark Cuban, et al.,* Case No. 22-CV-22538-ALTMAN/Reid (the "*Voyager Brand Ambassadors* Action")

consistent fashion. Given that others around the country are now working to catch up, a rash of additional actions against many of these same defendants have been brought around the country. As a result, in order to continue to organize these actions and to ensure that they are litigated consistently, efficiently, and effectively, Plaintiffs' counsel filed a petition before the Judicial Panel on Multidistrict Litigation, *In re: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076 (J.P.M.L. 2023) (the "MDL Petition"), seeking to consolidate all pending and yet-to-be-filed related actions and to transfer them here to the Southern District of Florida for all pretrial purposes. The MDL Petition will be fully briefed by March 17, 2023. This action involves many of the very same common legal and factual issues raised by the related actions subject to the MDL Petition.

One such common legal issue, the question of whether the sale of every YBA is (or is not) the sale of "unregistered securities," has practically been answered in the affirmative through various regulatory statements, guidance, and actions issued by the Securities and Exchange Commission and other regulatory entities. For example, on November 1, 2017, in the "SEC Statement Urging Caution Around Celebrity Backed ICOs,"[6]

In the SEC's Report of Investigation concerning The DAO,[7] the Commission warned that virtual tokens or coins sold in ICOs may be securities, and those who offer and sell securities in the United States must comply with the federal securities laws. Any celebrity or other individual who promotes a virtual token or coin that is a security must disclose the nature, scope, and amount of compensation received in exchange for the promotion. A failure to disclose this information is a violation of the anti-touting provisions of the federal securities laws. **Persons making these**

---

[6] https://www.sec.gov/news/public-statement/statement-potentially-unlawful-promotion-icos (accessed March 6, 2023) (emphasis added).
[7] https://www.sec.gov/litigation/investreport/34-81207.pdf (accessed March 6, 2023)

**endorsements may also be liable** for potential violations of the anti-fraud provisions of the federal securities laws, **for participating in an unregistered offer and sale of securities**, and for acting as unregistered brokers. The SEC will continue to focus on these types of promotions to protect investors and to ensure compliance with the securities laws.

Now that nearly all Defendants are properly before this Court, discovery will proceed expeditiously and efficiently. Plaintiffs will then move for certification of an issue class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (c)(4), with respect to the very specific, narrow and simple issue of whether (or not) the YBAs constitute unregistered securities. Plaintiffs are seeking to have this simple issue determined by the Court as soon as practicable. Plaintiffs will thereafter seek a determination on this issue, either through summary judgment or an expedited trial to the extent the Court deems the determination to be an issue of fact.

## II. Defendants' Statement

[INSERT DEFENDANTS' STATEMENT(S)].

Defendant Sam Bankman-Fried is a defendant in a criminal matter set for trial in October, 2023 n U*nited States v. Bankman-Fried*, 22-cr-00673 (LAK) (S.D.N.Y.). The issues in the present action are inextricably intertwined with the subject of the criminal matter. In order to protect his Constitutional rights pursuant to the Fifth Amendment, Mr. Bankman-Fried respectfully submits that the claims against him should be severed from the present action, and that all aspects of the present action, including discovery, should be stayed as against him pending the outcome of the criminal matter.

### III. Conference Report – Information Required by L.R. 16.1(B)(2)

    **A.**    **Likelihood of Settlement**

Plaintiffs believe that that any discussion of settlement would be premature at this stage. Defendants believe that [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above. Nonetheless, the Parties agree to comply with any requirements under the Local Rules with respect to good faith settlement discussions.

    **B.**    **Likelihood of Appearance in the Action of Additional Parties**

Plaintiffs believe that, as discovery progresses, additional parties may be added. [INSERT DEFENDANTS' STATEMENT(S)] Defendant Sam Bankman-Fried incorporates his statement in response to item II above

    **C.**    **Proposed Limits on Time**

*See* the proposed case schedule at Section V, below.

    **D.**    **Proposals for the Formulation and Simplification of Issues**

Plaintiffs submit that the Parties will work in good faith to simplify the issues at an appropriate time. Defendants submit that, [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

### E. Necessity or Desirability of Amendments to the Pleadings

Although the Parties do not anticipate a need to amend the pleadings at this time, Plaintiffs have proposed a deadline for amendments in their proposed schedule for after the Court's decision on class certification, in the event Plaintiffs need to convert this action to a mass action.

Defendants believe that, [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

### F. Possibility of Obtaining Admissions and Stipulations

Plaintiffs will cooperate in good faith to obtain admissions and stipulations in the discovery process that will limit the issues in dispute and reduce the time needed to conduct a trial. Defendants [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

### G. Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence

Plaintiffs have no suggestions at this time but will cooperate in good faith to eliminate unnecessary proof and cumulative evidence.

Defendants submit that [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

### H. The Advisability of Referring of Matters to a Magistrate Judge

Plaintiffs consent to refer discovery motions to a Magistrate Judge. Defendants submit that [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

The Parties do not consent to trial by a Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge.

### I. Preliminary Estimate of Time Required for Trial

Plaintiffs estimate that a trial in this matter would require 5–7 days. Plaintiffs demand a jury trial.

Defendants estimate a trial in this matter would likely require [INSERT Defendant Sam Bankman-Fried incorporates his statement in response to item II above DEFENDANTS' STATEMENT(S)].

### J. Pretrial Conference and Trial Dates

*See* Section V, below.

### K. Any Discovery Issues

Plaintiffs will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues without the involvement of the Court. This may include the submission of an agreed confidentiality order.

Defendants submit that [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

## IV. Additional Information Required by L.R. 16(B)(3)

### A. Assignment of the Case to a Particular Track

Plaintiffs' position is that this case merits a standard case management track at this stage, as defined by Local Rule 16.1, and as set forth in their schedule proposed in section V, below. The claims in this lawsuit center on whether FTX's applicable offerings constitute securities that were required to be registered under applicable securities laws, a determination that lends itself to issue class certification pursuant to Federal Rule of Civil Procedure 23(c)(4). Thereafter, this matter can proceed to an expedited trial on those issues which would efficiently and expediently determine whether Defendants may be found liable under these claims.

Defendants believe that, [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam

Bankman-Fried incorporates his statement in response to item II above

    **B.    Detailed Discovery Schedule**

Plaintiffs' scheduling proposal for discovery is set forth below, at Section V.

[INSERT DEFENDANTS' STATEMENT(S)] Defendant Sam Bankman-Fried incorporates his statement in response to item II above

    **C.    Any Agreements or Issues Regarding Discovery**

There are currently no agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or other tangible things. The Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege and confidentiality issues without the involvement of the Court.

    **V.    The Parties' Proposed Schedule**

Plaintiffs propose the following schedule:

| Date | Deadline or Event |
|---|---|
| **March 24, 2023** | Deadline to furnish Initial Disclosures pursuant to FRCP 26 |
| **April 14, 2023** | Deadline for Defendants to respond to the Amended Complaint |
| **April 14, 2023** | Deadline to select mediator, and schedule time, date and place |
| **June 2, 2023** | Deadline for Plaintiffs to file Motion for Class Certification |
| **Within 40 days following the filing of Plaintiffs' motion** | Deadline for Defendants to file response to Plaintiffs' Motion for Class Certification |
| **Within 20 days following the filing of Defendants' response** | Deadline for Plaintiffs to file Reply in support of Plaintiff's Motion for Class Certification |
| **To be set by the Court.** | Hearing on Plaintiff's Motion for Class Certification |
| **Within 21 days following the Court's ruling on Plaintiff's motion for class certification** | Deadline to file motions to amend pleadings or join parties |

| | |
|---|---|
| **September 29, 2023** | Deadline to complete fact discovery |
| **October 13, 2023** | Deadline for Parties to disclose experts, expert witness summaries and reports |
| **November 3, 2023** | Deadline to complete mediation |
| **Within 28 days of each Party's expert disclosures** | Deadline to exchange rebuttal expert witness summaries and reports |
| **Within 21 days of each Party's rebuttal expert disclosures** | Deadline to complete expert discovery |
| **January 5, 2024** | Deadline to file all dispositive pre-trial motions |
| **February 2, 2024** | Deadline to respond to all dispositive pre-trial motions |
| **February 16, 2024** | Deadline to reply in support of all dispositive pre-trial motions |
| **March 1, 2024** | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials) |
| **March 15, 2024** | Deadline for Parties to submit their deposition designations |
| **March 29, 2024** | Deadline to file *Daubert* motions, motions to strike experts |
| **April 8, 2024 (approximate)** | Two-week trial period commences |

[INSERT DEFENDANTS' STATEMENT(S)/PROPOSED SCHEDULE(S)] Defendant Sam Bankman-Fried incorporates his statement in response to item II above

VI. Federal Rule of Civil Procedure 26(F)(3) Discovery Plan

A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

Plaintiffs propose that the Parties serve Initial Disclosures on March 24, 2023, and

11

supplement their Disclosures, if necessary, in accordance with F.R.C.P. 26(a).

[INSERT DEFENDANTS' STATEMENT(S)] Defendant Sam Bankman-Fried incorporates his statement in response to item II above

    B.    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiffs' discovery will be centered on Defendants' practices, agreements, and representations concerning FTX's Yield-Bearing Accounts ("YBAs") and FTX's native cryptocurrency token, FTT, as marketed and promoted by the Defendants. Plaintiffs submit that discovery should not be phased or otherwise limited to any particular issues.

[INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

    C.    **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

Plaintiffs will work in good faith to resolve issues concerning discovery and the production of electronically stored information. Defendants submit that [INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above The Parties will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from the Court if needed.

    D.    **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

Plaintiffs agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502, and any protective order entered in this action regarding any claims of privilege or protection for

materials asserted as prepared in anticipation of litigation or trial.

[INSERT DEFENDANTS' STATEMENT(S)]. Defendant Sam Bankman-Fried incorporates his statement in response to item II above

E. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this time, the Parties do not propose any additional limitations on discovery besides what has already been addressed herein.

F. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

At this time, the Parties do not propose any changes to the limitations imposed under the Federal Rules of Civil Procedure.

Dated: March 10, 2023

| By: /s/ DRAFT<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>adam@moskowitz-law.com<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>joseph@moskowitz-law.com<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, FL 33134<br>Telephone: (305) 740-1423<br><br>By: /s/ DRAFT<br>David Boies<br>(Admitted Pro Hac Vice)<br>Alexander Boies<br>(Admitted Pro Hac Vice)<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com | By: /s/ DRAFT<br>[INSERT DEFENDANTS' COUNSEL]<br><br>*Counsel for Defendants* |
|---|---|

| | |
|---|---|
| *By: /s/ DRAFT* <br> Stephen Neal Zack <br> Florida Bar No. 145215 <br> **BOIES SCHILLER FLEXNER LLP** <br> 100 SE 2nd St., Suite 2800 <br> Miami, FL 33131 <br> Office: 305-539-8400 <br> szack@bsfllp.com <br> <br> *Co-Counsel for Plaintiffs and the Class* | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on March 10, 2023, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys and/or parties of record, as well as via U.S. Mail and/or equivalent courier service to any parties who have been served but who have not yet entered appearances in this action.

By: *s/ DRAFT*
ADAM M. MOSKOWITZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

v.

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

### [PROPOSED] SCHEDULING ORDER

Having considered the Joint Conference Report of the parties [ECF No. __], the Court hereby **ORDERS** the following:

### I.    PRETRIAL DEADLINES

| Date | Deadline or Event |
|---|---|
| March 24, 2023 | Deadline to furnish Initial Disclosures pursuant to FRCP 26 |
| April 14, 2023 | Deadline for Defendants to respond to the Amended Complaint |
| April 14, 2023 | Deadline to select mediator, and schedule time, date and place |
| June 2, 2023 | Deadline for Plaintiffs to file Motion for Class Certification |
| Within 40 days following the filing of Plaintiffs' motion | Deadline for Defendants to file response to Plaintiffs' Motion for Class Certification |
| Within 20 days following the filing of Defendants' response | Deadline for Plaintiffs to file Reply in support of Plaintiff's Motion for Class Certification |
| To be set by the Court. | Hearing on Plaintiff's Motion for Class Certification |
| Within 21 days following the Court's ruling on | Deadline to file motions to amend pleadings or join parties |

| | |
|---|---|
| **Plaintiff's motion for class certification** | |
| **September 29, 2023** | Deadline to complete fact discovery |
| **October 13, 2023** | Deadline for Parties to disclose experts, expert witness summaries and reports |
| **November 3, 2023** | Deadline to complete mediation |
| **Within 28 days of each Party's expert disclosures** | Deadline to exchange rebuttal expert witness summaries and reports |
| **Within 21 days of each Party's rebuttal expert disclosures** | Deadline to complete expert discovery |
| **January 5, 2024** | Deadline to file all dispositive pre-trial motions |
| **February 2, 2024** | Deadline to respond to all dispositive pre-trial motions |

**DONE AND ORDERED** in Miami, Florida this ___ day of _____, 2023.

_____
**HONORABLE K. MICHAEL MOORE**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of record