UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.*, on behalf of
Himself and all similarly situated,

    Plaintiffs,
v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE came before the Court upon the Motion to Serve Defendant Shaquille O'Neal Through Approved Alternative Means, ("Mot." or "Motion") (ECF No. 122), filed by Plaintiff Edwin Garrison, on behalf of himself and all others similarly situated ("Plaintiffs"). Defendant O'Neal has not yet appeared in this action, nor has he filed a response. The Motion is now ripe for review.

**I.     BACKGROUND**

Plaintiffs move to serve Defendant Shaquille O'Neal ("Defendant O'Neal") under Texas law, where they allege Defendant O'Neal is located. *See generally* Mot. Plaintiffs specifically request that this Court permit service on Defendant O'Neal "(1) via direct message from The Moskowitz Law Firm's Twitter account to one of O'Neal's verified Twitter account (@DJDiesel); (2) via direct message from The Moskowitz Law Firm's Instagram account to O'Neal's verified Instagram accounts (@Shaq and @DJDiesel); and (3) via email to Shaq's prior and current counsel in other matters," which they allege is permissible under Texas law. *Id*. at 8.

## II.     DISCUSSION

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, the Federal Rules permit service on an individual under the law in the state (1) where the district court is located, or (2) where service is made. Fed. R. Civ. P. 4(e)(1). Here, the district court is in Florida. Plaintiffs could, but did not, move to serve Defendant O'Neal under Florida law.

Instead, Plaintiffs move to serve Defendant O'Neal under Texas law. *See generally* Mot. For Texas law to apply, Texas must be where service is made. *See* Fed. R. Civ. P. 4(e)(1). While Plaintiffs allege that Defendant O'Neal is domiciled in Texas, they do not allege that Texas is "where service [will be] made." *See generally* Mot. In fact, the Court notes that Plaintiffs provide *no* explanation as to why Texas law should govern the service of Defendant O'Neal—Plaintiffs request to serve Defendant O'Neal electronically, and do not request any form of physical service in Texas. *Id*.

In support of this tenuous argument, Plaintiffs cite two cases, neither of which are binding in this district, where a court permitted service under the laws of another state. Mot. at 9–10. Yet as explained below, neither cited case is applicable where Plaintiffs seek to serve Defendant O'Neal *via the Internet*.

In the first case, *Izen v. Catalina*, the Fifth Circuit found that service of process was valid under Oklahoma law where, although the case was filed in a district court in Texas, service was made at the defendant's former place of work, which was in Oklahoma. 256 F.3d 324, 327 (5th Cir. 2001). There, the court found that Oklahoma law was properly applied under Rule 4(e)(1) because service was clearly made in Oklahoma. *Id*. *Izen* is distinguishable from the instant case,

however, because Plaintiffs here do not argue that physical service will be made in Texas. *See generally* Mot. Nor do Plaintiffs even attempt to argue that serving Defendant O'Neal via the Internet constitutes service in Texas. *Id.* Thus, *Izen* is inapposite to the instant case.

Next, Plaintiffs cite to *Doe v. Islamic Salvation Front (FIS)*, in which the district court permitted service on a defendant under Rule 4(e)(2). 993 F. Supp. 3, 7 (D.D.C. 1998). There, the court dismissed the defendant's argument that although he was personally served with the summons and complaint, service was improper because he was an "excludable alien." *Id*. Not only is *Doe* factually distinct, but in that case the court permitted service under Rule 4(e)*(2)*, not Rule 4(e)*(1)* (i.e., the subsection of the statute applicable in this action). In this sense, *Doe* is both legally and factually inapplicable to the decision at bar. In sum, Plaintiffs provide no legal authority—binding or persuasive—supporting the proposition that Texas law should govern service of process where service is made electronically. *See generally* Mot.

As an aside, the Court notes that, throughout this case's short tenure in litigation, Plaintiffs have repeatedly failed to comply with the Local Rules and this Court's Orders (despite several admonishments by this Court itself).[1] Now, at the instant juncture, Plaintiffs have filed a motion that is factually unsupported and legally insufficient. Particularly in such a complex and costly litigation for all parties involved, the Court will not continue to tolerate such violations or frivolous arguments.

---

[1] *See* ECF No. 47 (striking a letter filed by Plaintiffs in violation of the local rules); ECF No. 82 (denying Plaintiffs' Request for a Brief Status Conference for failing to include a conferral statement, as required by the local rules, and instructing Plaintiffs to comply with the Court's November 16, 2022 Paperless Order, which they had failed to do); ECF No. 90 (ordering Plaintiffs to show cause why Defendants Naomi Osaka and Shaquille O'Neal should not be dismissed because Plaintiffs failed to serve them).

### III.     CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion to Serve Defendant Shaquille O'Neal Through Approved Alternative Means (ECF No. 11) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _11th_ day of April, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record