**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**DEFENDANTS STEPHEN CURRY, LARRY DAVID, GOLDEN STATE WARRIORS, LLC, SHOHEI OHTANI, AND NAOMI OSAKA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. ARGUMENT ........................................................................................................................ 5

    1. Legal Standard ........................................................................................................ 5

    2. The Court Lacks General Jurisdiction Over Non-Resident Defendants. ................ 6

    3. The Court Lacks Specific Jurisdiction Over Non-Resident Defendants. ............... 7

        a. There Is No Specific Jurisdiction Under Florida's Long-Arm Statute. ........................................................................................................ 7

        b. Exercising Personal Jurisdiction Does Not Comport with Due Process. ..................................................................................................... 11

IV. CONCLUSION ................................................................................................................... 15

I

## I.      INTRODUCTION

Defendants Stephen Curry, Larry David, Golden State Warriors, LLC ("GSW"), Shohei Ohtani, and Naomi Osaka ("Non-Resident Defendants") should be dismissed from this action for lack of personal jurisdiction. Plaintiffs filed this putative class action alleging fraud in connection with the crypto asset exchange FTX, not only against FTX's former executives—who allegedly committed the fraud—but also against Non-Resident Defendants, who are (1) celebrities who allegedly endorsed FTX, and (2) GSW, which is being sued because FTX's logo allegedly appeared on GSW's basketball court. Plaintiffs allege that Non-Resident Defendants' conduct was somehow deceptive because, for reasons having nothing to do with Non-Resident Defendants, FTX later collapsed. These claims are frivolous and should be dismissed for the reasons set forth in the concurrently filed motion by all of the Movants. But the claims against Non-Resident Defendants must be dismissed regardless because there is no jurisdiction over them.[1]

*First*, there is no general jurisdiction over Non-Resident Defendants because Plaintiffs do not allege any of them reside in Florida. GSW is a California limited liability company headquartered in California. Larry David, Stephen Curry, and Naomi Osaka are domiciled in California. Shohei Ohtani is a citizen and resident of Japan. These facts make clear that there is no general jurisdiction over Non-Resident Defendants. ECF No. 16 ("FAC") ¶¶ 36, 37, 40-42.

*Second*, the Court also lacks specific jurisdiction over Non-Resident Defendants. For specific jurisdiction to exist, Plaintiffs' claims must arise out of acts committed by Non-Resident

---

[1] For judicial efficiency, the Court should first address the jurisdictional motion by Non-Resident Defendants "because if jurisdiction is lacking, the Court lacks authority to rule on the other claims." *See Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1134 (S.D. Fla. 2007).

1

Defendants in or directed at the forum. *See, e.g.*, *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021). But Plaintiffs allege no connection between Florida and the alleged wrongdoing by Non-Resident Defendants, nor could they. Plaintiffs allege they were harmed because FTX's logo allegedly was displayed at Chase Center *in California*; Larry David, Stephen Curry, and Naomi Osaka appeared in ads that are not alleged to have been filmed in, negotiated in, or targeted at Florida; and Shohei Ohtani is not alleged to have made *any statements* promoting FTX. Plaintiffs' own pleading thus establishes this Court lacks specific jurisdiction over Non-Resident Defendants, so they should be dismissed from this action.

## II.     BACKGROUND

Non-Resident Defendants respectfully refer the Court to the motion to dismiss concurrently filed by the Movants and focus here on Plaintiffs' jurisdictional allegations.

*Stephen Curry.* Mr. Curry is a professional basketball player for the Golden State Warriors who lives in California. ¶ 36. Plaintiffs mention Mr. Curry in only six paragraphs (¶¶ 193, 195, 218-221), not one of which mentions any connection to Florida. Plaintiffs allege that Mr. Curry (1) appeared in an ad for FTX in which he repeatedly *denies* being an expert in cryptocurrency, and (2) was quoted in an FTX press release. ¶¶ 219-221. Nowhere do Plaintiffs allege that Mr. Curry's conduct occurred within or was specifically directed toward Florida—because it was not. Curry Decl. ¶¶ 2-8. Mr. Curry did not negotiate or sign any contract in Florida nor did he film or travel to Florida in any capacity in connection with his contract. *Id.* ¶¶ 3-7; Ex. B.

*Larry David.* Mr. David is a comedian, writer, actor, and TV producer who lives in Los Angeles, California. ¶¶ 42, 231; David Decl. ¶ 2. In February 2022, Mr. David appeared in a single FTX commercial during Super Bowl LVI. ¶ 231; David Decl. ¶¶ 3, 11, Ex. A. Unsurprisingly for a nationally broadcast commercial, the ad did not mention Florida or target Florida residents in

2

any way.[2] Mr. David did not negotiate his agreement with FTX in Florida, did not film the ad in Florida, and did not appear in Florida on behalf of FTX at any point. David Decl. ¶¶ 3, 6, 8-10, Ex. A. Indeed, Mr. David has not even travelled to Florida in the past 10 years. *Id.* ¶ 8.

*GSW.* GSW is a California limited liability company with its principal place of business in San Francisco, California. ¶ 37; Ex. A (listing San Francisco, CA address).[3] GSW owns the Golden State Warriors, a professional basketball team that plays in the NBA. ¶ 37. The team's home court venue is Chase Center, which is located in San Francisco, California. *Id.*; *see* RJN. Plaintiffs' only allegations about GSW are that it entered into a business relationship with FTX in 2022 consisting of: (1) the "unveiling of the FTX logo on the court at the Chase Center" in 2022, (2) "dropp[ing] NFTs on FTX.us beginning in early 2022," and (3) "in-arena signage at Chase Center, and virtual floor signage at Warriors games." ¶¶ 37, 222-223.

*Shohei Ohtani.* Mr. Ohtani is a citizen and resident of Japan[4] who is a professional baseball player for the Japanese national baseball team in Tokyo, Japan and the Los Angeles

---

[2] The ad Mr. David appeared in (and which the FAC incorporates by reference, ¶ 232), may be viewed here: https://www.youtube.com/watch?v=hWMnbJJpeZc; *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (courts must consider documents incorporated into the complaint by reference).

[3] Citations in the form of "¶ __" or "¶¶ __" refer to the paragraphs of the FAC. Unless otherwise noted, all emphasis is added, and all internal quotation marks and citations are omitted. "Ex." refers to exhibits attached to the concurrently filed request for judicial notice ("RJN").

[4] Plaintiffs incorrectly allege Mr. Ohtani is a "citizen and resident of the State of California." ¶ 40; *compare* Ohtani Decl. ¶ 2. But regardless, it is undisputed that he does not reside in Florida.

3

Angels in Anaheim, California. Ohtani Decl. ¶¶ 2, 3. From his home in Tokyo, Mr. Ohtani entered into an agreement that allowed Bahamas-based FTX to license his name, image, and likeness to promote FTX to Japanese customers in the Japanese market. Ohtani Decl. ¶¶ 8, 11; ¶ 226 n.138. The FAC's only allegation concerning Mr. Ohtani confirms this: FTX issued a press release from the Bahamas indicating that Mr. Ohtani would serve as an international "global ambassador" for FTX. *Id.* Critically, Mr. Ohtani made no statement in the press release, *id.*, and the FAC does not allege Mr. Ohtani ever made any statement endorsing FTX at all. This makes sense, because Mr. Ohtani does not make public statements in English and never took any affirmative steps to promote FTX in or directed at Florida. Ohtani Decl. ¶¶ 12, 18.

*Naomi Osaka*. Ms. Osaka is a "professional tennis player" and "a citizen and resident of Beverly Hills, California." ¶ 41. Plaintiffs allege that Ms. Osaka tweeted a "glitzy" FTX ad to followers of her Twitter account. ¶ 228. Plaintiffs do not allege the ad mentions Florida or targets any Florida resident. According to Plaintiffs, Ms. Osaka "wore the FTX logo on the kit she wore at tournaments," with one of those tournaments taking place in Miami in 2022. ¶ 227. Plaintiffs do not allege their claims in any way arise out of or relate to the letters "FTX" appearing on Ms. Osaka's kit at that one 2022 tournament. *See id.*

Aside from alleging that all of the Non-Resident Defendants reside outside of and are not citizens of Florida (¶¶ 36, 37, 40-42), Plaintiffs do not plead *any* specific facts about any of them that could possibly establish jurisdiction. They merely assert the following insufficient boilerplate allegation about *all* defendants (including Florida-resident defendants) without differentiation:

> This Court has personal jurisdiction against Defendants because they conduct substantial and not isolated business in Florida, and/or have otherwise intentionally availed themselves of the Florida consumer market through the promotion, marketing, and sale of FTX's YBAs in Florida, which constitutes committing a tortious act within the state of Florida. Defendants have also marketed and participated and/or assisted in the sale of FTX's unregistered securities to consumers

4

in Florida. Further, Defendants have engaged in a conspiracy in which some of the co-conspirators—including some who are Defendants in this action—committed overt acts in furtherance of the conspiracy in the State of Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendants permissible under traditional notions of fair play and substantial justice. ¶ 50.

### III.    ARGUMENT

Not one of the Non-Resident Defendants is a citizen of Florida nor have Plaintiffs alleged any facts to show that any one of them engaged in relevant conduct within or specifically directed toward Florida. Plaintiffs bear the burden of alleging facts sufficient to make a *prima facie* showing that Non-Resident Defendants are subject to personal jurisdiction in Florida. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "[V]ague and conclusory allegations … are insufficient to establish a *prima facie* case of personal jurisdiction." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Plaintiffs have not carried—and cannot carry—their burden.

#### 1.    Legal Standard

In ruling on motions to dismiss for lack of personal jurisdiction, courts evaluate "(1) whether personal jurisdiction exists over the nonresident defendant[s] under Florida's long-arm statute, and (2) if so, whether the exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018) (alteration in original). "Both parts [of the test] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276, 1280 (S.D. Fla. 2022).

Personal jurisdiction under the Florida long-arm statute and the Due Process Clause can be either general or specific. *See* Fla. Stat. § 48.193(1)-(2); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). General jurisdiction permits the exercise of jurisdiction regardless of whether a plaintiff's claims arise from the defendant's contacts with the forum. *See* Fla. Stat. § 48.193(2); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

5

408, 415–16 (1984). Specific jurisdiction exists only if the claims fall within one of the enumerated categories of the Florida long-arm statute (*see* Fla. Stat. § 48.193(1)) and directly arise out of or relate to the defendant's contacts with Florida (*see Bristol-Myers Squibb*, 582 U.S. at 262). "[T]he Florida long-arm statute 'must be strictly construed' and 'any doubts about applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists.'" *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1140 (S.D. Fla. 2019). And even if the long-arm statute is satisfied, the court must also determine whether the defendant has sufficient "minimum contacts" with Florida, such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

### 2. The Court Lacks General Jurisdiction Over Non-Resident Defendants.

Non-Resident Defendants are not subject to this Court's general jurisdiction. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For a business entity like GSW, general jurisdiction exists in the forum where the business is "at home," which typically is solely where it is incorporated or where its "principal place of business" is located. *Id.*

***GSW.*** This Court does not have general jurisdiction over GSW because GSW is only "at home" in California. *See Daimler*, 571 U.S. at 137. GSW is an LLC "operating and existing under the laws of the State of California," ¶ 37, and is located in San Francisco, Ex. A. GSW therefore is only "at home" in California and is not subject to general jurisdiction in Florida.[5]

---

[5] That the Warriors occasionally play in Florida does not change this conclusion. *See Manton v. Cal. Sports, Inc.*, 493 F. Supp. 496, 497-498 (N.D. Ga. 1980) (no personal jurisdiction over Los

***The Individual Non-Resident Defendants.*** The Court likewise does not have general jurisdiction over California residents Mr. Curry, Mr. David, or Ms. Osaka, ¶¶ 36, 41, 42, or Japanese resident Mr. Ohtani, Ohtani Decl. ¶ 2, *supra* n.4, because they are not domiciled in Florida. *See Bristol-Myers Squibb,* 582 U.S. at 262.

Plaintiffs' boilerplate allegations do not support any other result. The entirely conclusory allegation that this "Court has personal jurisdiction against Defendants because they conduct substantial and not isolated business in Florida," ¶ 50, lacks any factual support and cannot establish a *prima facie* case of general jurisdiction over Non-Resident Defendants. *See Snow*, 450 F.3d at 1318; *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015).

### 3. The Court Lacks Specific Jurisdiction Over Non-Resident Defendants.

Specific jurisdiction also does not exist as to Non-Resident Defendants. As detailed below, Plaintiffs fail to plead facts showing either that Non-Resident Defendants are subject to jurisdiction under Florida's long-arm statute or that jurisdiction would comply with the due process clause of the U.S. Constitution, *both* of which they must do for specific jurisdiction to exist.

#### a. There Is No Specific Jurisdiction Under Florida's Long-Arm Statute.

"Florida's long-arm statute subjects to the jurisdiction of Florida [] courts anyone who personally or through an agent engages in any of nine enumerated acts, as long as the cause of action arises from that act." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1223 (11th Cir. 2023). Plaintiffs appear to allege Non-Resident Defendants are subject to the Court's long-arm jurisdiction because they "committ[ed] a tortious act within the state of Florida." ¶ 50; *see* Fla.

---

Angeles Lakers in Georgia); *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1018 (N.D. Cal. 2015) (baseball franchise not "at home" in California even though it "regular[ly] travel[ed]" and had "employees who were based" there).

Stat. § 48.193(1)(a)(2). This unsupported, conclusory allegation fails to establish jurisdiction over Non-Resident Defendants because Plaintiffs neither allege a tortious act nor connexity to Florida.

*No tortious act*. Plaintiffs allege that all Defendants, as an undifferentiated group including FTX insiders like Sam Bankman-Fried, engaged in "the promotion, marketing, and sale of FTX's YBAs in Florida, which constitutes committing a tortious act within the state of Florida." ¶ 50. This does not plead specific jurisdiction over Non-Resident Defendants for two reasons. *First*, this allegation "indiscriminately lumps" all Defendants together, and thus fails to satisfy Plaintiffs' obligation to plead jurisdictional facts as to *each* defendant. *Flava Works, Inc. v. Roje on Holiday Inc.*, 2012 WL 1535684, at *5 (S.D. Fla. May 1, 2012) (a plaintiff "must establish personal jurisdiction over each individual Defendant based on that Defendant's activities in and contacts with Florida"); *see also Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, 2017 WL 11680202, at *5 (S.D. Fla. Apr. 26, 2017) (Moore, J.) (dismissing complaint where plaintiff "does not distinguish between [] Defendants in addressing personal jurisdiction").

*Second*, and more fundamentally, this allegation fails because it is entirely conclusory. Plaintiffs plead *no facts* showing that Non-Resident Defendants engaged in "the promotion, marketing, and sale of FTX's YBAs in Florida." ¶ 50. GSW is only alleged to have displayed FTX's logo in California. ¶¶ 222-223. Mr. Curry, Mr. David, and Ms. Osaka appeared in ads for FTX, none of which said anything about YBAs or were targeted at Florida. ¶¶ 219, 228-232.[6] And

---

[6] Ms. Osaka also allegedly wore an FTX logo at one tournament in Miami. ¶ 227. This is not sufficient to establish specific jurisdiction over her in Florida. *See Goldstein v. Johnson & Johnson*, 2019 WL 289290, at *3 (S.D. Fla. Jan. 21, 2019) (Moore, J.) (rejecting plaintiff's "contention that the use of a company's brand name or logo within a particular state by itself constitutes sufficient

8

the only allegation concerning Mr. Ohtani is tied to a press release (issued from the Bahamas by FTX, ¶ 226 n.138) that announced he would serve as an international "global ambassador"—which necessarily *excludes* promotion of FTX in Florida because FTX's international platform is not available to U.S. residents. ¶¶ 174, 226 n.138. Critically, the FAC does not allege Mr. Ohtani made any such statement.

None of this pleads that these defendants said or did anything regarding YBAs (as opposed to FTX generally), let alone that they engaged in any act in Florida that could establish jurisdiction. There are no allegations that Non-Resident Defendants "directed their [alleged] advertising and marketing … toward the Florida Plaintiffs" in this action, as required. *See Takata,* 396 F. Supp. 3d at 1141; *see also GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1315 (S.D. Fla. 2017) (foreign soccer league had not directed any conduct towards Florida where league had licensed away its broadcast rights, and thus, could not control where games were broadcast). Accordingly, Non-Resident Defendants should be dismissed from this action because Plaintiffs' "vague and conclusory allegations … are insufficient to establish a *prima facie* case of personal jurisdiction." *Takata*, 396 F. Supp. 3d at 1142.

Plaintiffs' conclusory allegations that Non-Resident Defendants were part of an actionable conspiracy likewise fail to establish jurisdiction. ¶ 50. To plead jurisdiction under this theory, Plaintiffs were required to "allege viable facts from which the inference could reasonably be drawn that [Non-Resident Defendants were] part of a conspiracy either engineered in Florida or pursuant

---

contacts with that state for personal jurisdiction purposes"); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (a defendant cannot be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.").

9

to which a tortious act in furtherance was committed in Florida." *Mazer*, 556 F.3d at 1283. As set forth in the Movants' Motion, Plaintiffs have failed to do so. For instance, Plaintiffs do not even allege that Non-Resident Defendants entered into an agreement with FTX (or anybody else) to do something unlawful in Florida. Regardless, no conspiracy could have been "engineered in Florida" because FTX did not even *plan* to move to Miami until late September 2022—*after* entering the alleged business agreements with Non-Resident Defendants. ¶¶ 121 & n.36, 221 & n.132 (2021), 222 ("early 2022"), 226 & n.138 (2021), 227 & n.140 (spring 2022), 231 (Feb. 2022); David Decl. ¶ 3, Ex. A; Curry Decl. ¶ 3. Because Plaintiffs "failed to plead with specificity any facts supporting the existence of a conspiracy," there is no specific jurisdiction over Non-Resident Defendants. *Washington v. Fla. Dep't of Child. & Families*, 595 F. Supp. 2d 1291, 1295 (M.D. Fla. 2009) (no jurisdiction based on "vague and conclusory allegations regarding a conspiracy").

*No connexity.* Plaintiffs also fail to establish the "connexity" requirement, which requires that their "cause of action arise[] from [the tortious] act." *SkyHop Techs.*, 58 F.4th at 1223; *see id.* at 1227-28 ("Establishing one of the Florida long-arm statute's enumerated acts alone is not enough …. The long-arm statute also imposes a connexity requirement"). Plaintiffs do not allege that they purchased YBAs in Florida, or that they even viewed or relied on Non-Resident Defendants' alleged FTX promotions in doing so. It is not enough for Plaintiffs to allege that Non-Resident Defendants engaged in "nationwide, undifferentiated, []marketing campaign[s]" without explaining *how* Plaintiffs' alleged harm arose out of that conduct. *See*, *e.g., Don King Prods., Inc. v. Mosley*, 2016 WL 3950930, at *4 (S.D. Fla. Jan. 27, 2016); *Paws Aboard, LLC v. DiDonato*, 2012 WL 1252763, *3-4 (M.D. Fla. April 13, 2012) (statements on website insufficient to confer jurisdiction where plaintiff failed to allege that the statements were read by anyone in Florida). Nor is the fact that FTX planned to move to Florida *after* the alleged promotions by Non-Resident

10

Defendants, *supra* 10, relevant; where *FTX* is located has nothing to do with whether Plaintiffs' claims against *Non-Resident Defendants* arise out of alleged torts committed by them in Florida.

Thus, there is "no basis to exercise specific jurisdiction … under the Florida long-arm statute," and "the Court need not determine whether exercising specific jurisdiction … would comport with due process." *Takata*, 396 F. Supp. 3d at 1142–43.

### b. Exercising Personal Jurisdiction Does Not Comport with Due Process.

The Motion should be granted for the independent reason that "exercising jurisdiction over [Non-Resident Defendants] would violate the due process clause." *Goldstein*, 2019 WL 289290, at *2. Courts apply a three-part test when evaluating whether the exercise of personal jurisdiction over a defendant comports with due process: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiffs have the burden to establish the first two factors, referred to as the "minimum contacts" test, after which the burden shifts to the defendant to establish the third. *Id.* at 1358. Plaintiffs fail to meet their burden.

The first prong of the due process test "focus[es] on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* at 1355–56. Importantly, a "plaintiff cannot be the only link between the defendant and the forum"; "it is the *defendant's conduct* that must form the necessary connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 277, 285 (2014). Plaintiffs fail to satisfy this prong for the same reason that they fail to satisfy Florida's long-arm statute: there is no connection between their claims and Non-Resident Defendants' alleged conduct in or contacts with Florida. *Supra* 7-11. Indeed, Plaintiffs' alleged harm is the loss of assets due to

11

FTX's collapse. ¶ 6. But Plaintiffs have not alleged that the Non-Resident Defendants had any "involvement with the operation of or control over the [FTX platform]" or "process[ed], service[d], or [created the purportedly flawed services]" FTX provided. *Atmos Nation LLC v. Alibaba Grp. Hld. Ltd.*, 2016 WL 1028332, at *4-5 (S.D. Fla. Mar. 15, 2016) (Moore, J.) (holding Court lacked jurisdiction). The claims against Non-Resident Defendants thus should be dismissed for lack of personal jurisdiction for this reason alone. *See Montes v. Capitol Recs., Inc.*, 2003 WL 23163127, at *3 (S.D. Fla. Oct. 31, 2003) (no minimum contacts where defendant had no agents or offices in Florida, placed their marketing in the stream of commerce without intentional direction at the Florida market, and the claim did not arise out of defendant's sales of products in Florida).

On the second prong, Plaintiffs fail to plead that Non-Resident Defendants purposefully availed themselves of Florida. To show "purposeful availment," a plaintiff must show a "defendant's contacts with the forum … (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357. A defendant's contacts with the forum must have been its "own choice and not random, isolated, or fortuitous," and "must show that the defendant *deliberately* 'reached out beyond' its home." *Ford Motor Co.*, 141 S. Ct. at 1025.

Beyond its conclusory group pleading allegation, ¶ 50, the FAC is silent about Non-Resident Defendants' "purposeful availment" of Florida. Plaintiffs do not plead that Non-Resident Defendants directed their activities at Florida or had any non-"random, isolated, or fortuitous" contact with Florida such that they should have anticipated being brought into this Court. *Ford Motor Co.*, 141 S. Ct. at 1025; *see Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1347 (S.D. Fla.) (company not subject to jurisdiction where executive attended meetings in

12

Florida because "Florida was [not] the focal point of the alleged illegal activity"). Rather, Plaintiffs' theory appears to be that *maybe* a Florida resident *could have* viewed or heard the images of, or statements made by, Non-Resident Defendants if *somebody* broadcast them into Florida. Clearly, that speculative theory is insufficient. But even assuming Plaintiffs had alleged such a broadcast, that would not be enough because it is well-established that promotions made "to anyone and everyone who had [] access [to the ad] and cared to see [it]" are insufficient to establish minimum contacts. *FVD-USA, LLC v. Fabiani*, 2007 WL 9684283, at *6 (S.D. Fla. July 27, 2007); *see Don King Prods., Inc.*, 2016 WL 3950930, at *6 (granting motion to dismiss where "the only potential contact [defendant] ha[d] with Florida [was] that it engaged in a national online advertising campaign."); *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *7 (S.D. Fla. June 29, 2011) ("[S]ubject[ing] [defendant] to jurisdiction in a particular forum just for offering national and un-targeted advertising" would "set a troubling precedent."); *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1329 (S.D. Fla. 2001) (sports team's use of logo on website insufficient to confer personal jurisdiction). This same rationale applies here. Non-Resident Defendants must be dismissed from this case because Plaintiffs fail to plead, and cannot plead, purposeful availment.

Finally, even assuming Plaintiffs could meet their burden on the first two prongs (they have not and cannot), the Court should not exercise personal jurisdiction over Non-Resident Defendants because doing so would offend traditional notions of fair play and substantial justice. In conducting this analysis, courts consider: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Louis Vuitton*, 736 F.3d at 1358. These factors weigh heavily against the exercise of personal jurisdiction here.

13

*First*, Non-Resident Defendants are burdened by defending these claims in Florida because they are not "at home" here. For example, in *Response Reward Sys., L.C. v. Meijer, Inc.*, the court declined to exercise jurisdiction over a Michigan-based corporation because the burden of litigating in Florida "would be substantial" where the corporation had "no offices, employees, or documents located in" Florida and it "would have to bear the cost of transporting its documents and witnesses" to Florida. 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002); *see also Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, 2017 WL 1294907, at *9 (S.D. Fla. Feb. 2, 2017) ("Defendant will be burdened by litigating in this forum because all of its business operations are located in Massachusetts."); *Green v. USF & G Corp.*, 772 F. Supp. 1258, 1259, 1263 (S.D. Fla. 1991) (no jurisdiction over Maryland residents who "would be greatly burdened if they were made to travel to Florida to defend against th[e] action" where they had "no ties to the state of Florida," including no "office, agents, or assets in Florida"). The same is true for Non-Resident Defendants, so this factor weighs against exercising jurisdiction. *See supra* 2-4.

*Second*, Plaintiffs have failed to plead, and cannot plead, that Florida has a greater interest in the adjudication of this case than the forums where Non-Resident Defendants are subject to jurisdiction. Again, Plaintiffs do not allege any conduct occurred in Florida. The jurisdictions where Non-Resident Defendants reside and where the alleged conduct occurred clearly have a greater interest than Florida. This is particularly true given that a majority of the named Plaintiffs do not reside in Florida, nor do a majority of the Defendants.[7] For example, in *Wiegering*, the court

---

[7] There is no jurisdiction over the claims of foreign-based Plaintiffs Kavuri, Gallant, and Nicol because they only could have been injured in their home countries. ¶ 174; *see Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1325 (S.D. Fla. 2009).

14

held that Florida did not have a greater interest than Massachusetts in adjudicating a dispute against a Massachusetts-based company, especially where its contacts with Florida were "random, fortuitous and attenuated." 2017 WL 1294907, at *9; *see Miami Breakers*, 140 F. Supp. 2d at 1331 (although defendant sports team played in Florida, Florida did not have a greater interest than states where the team was headquartered, incorporated, and hosted matches). This case is no different. Indeed, Florida's interest at most is a "generalized interest in enforcing [the] law," but that is insufficient. *See Frida Kahlo Corp. v. Pinedo*, 2021 WL 4147876, at *6 (S.D. Fla. Sept. 13, 2021). This factor also favors Non-Resident Defendants.

*Third*, the remaining two factors are not relevant in this case, so should play little, if any, role in the Court's analysis. "[T]he plaintiff's interest in obtaining convenient and effective relief" would not be impacted if the Court were to grant this Motion because Plaintiffs could refile their claims in a court that has jurisdiction over Non-Resident Defendants. *See Miami Breakers*, 140 F. Supp. 2d at 1331. Indeed, in *Frida Kahlo*, the court held this factor supported defendants even though plaintiffs would have to litigate in *Mexico or Panama*. 2021 WL 4147876, at *6. And the final factor—the judicial system's interest in resolving the dispute—is neutral for the same reason: Plaintiffs could refile their suit in a different court. Accordingly, the factors weigh in support of granting this Motion.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Non-Resident Defendants' Motion without leave to amend because further amendment would be futile. *See Patel v. Georgia Dep't BHDD*, 485 Fed. Appx. 982, 982 (11th Cir. 2012). "Courts routinely find amendment to be futile where the court would not be able to exercise personal jurisdiction over the defendant." *Humana Inc. v. St. Jude Med., LLC*, 2020 WL 13369049, at *2 (S.D. Fla. July 14, 2020). Plaintiffs have already amended their complaint once and should not be given another bite at the apple.

15

2

| | |
|---|---|
| DATED: April 14, 2023 | Respectfully submitted, |
| McDERMOTT WILL & EMERY LLP | COLSON, HICKS, EIDSON, P.A. |
| By: */s/ Nathan Bull*<br>    Nathan Bull (FBN 1029523)<br>    333 SE 2nd Ave Suite 4500<br>    Miami, FL 33131<br>    (212) 547-5768<br>    nbull@mwe.com<br><br>    Jason D. Strabo (*pro hac vice* pending)<br>    Ellie Hourizadeh (to file *pro hac vice*)<br>    2049 Century Park East, Suite 3200<br>    Los Angeles, CA 90067<br>    (310) 788-4125<br>    jstrabo@mwe.com<br>    ehourizadeh@mwe.com<br><br>    Sarah P. Hogarth (*pro hac vice* pending)<br>    500 North Capitol Street NW<br>    Washington, DC 20001<br>    (202) 756-8354<br>    shogarth@mwe.com<br><br>Attorneys for Defendant<br>STEPHEN CURRY | By: */s/ Roberto Martínez*<br>    Roberto Martínez (FBN 305596)<br>    Stephanie A. Casey (FBN 97483)<br>    Zachary Lipshultz (FBN 123594)<br>    255 Alhambra Circle, Penthouse<br>    Coral Gables, Florida 33134<br>    Phone: 305.476.7400<br>    bob@colson.com<br>    scasey@colson.com<br>    zach@colson.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>Matthew S. Kahn (*pro hac vice* pending)<br>Michael J. Kahn (*pro hac vice* pending)<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Phone: 415.393.8379<br>MKahn@gibsondunn.com<br>MJKahn@gibsondunn.com<br><br>Michael Dore (*pro hac vice* forthcoming)<br>Jamila MacEbong (*pro hac vice* pending)<br>333 South Grand Avenue<br>Suite 4600<br>Los Angeles, CA 90071-3197<br>Phone: 213.229.7155<br>MDore@gibsondunn.com<br>JMacEbong@gibsondunn.com<br><br>Attorneys for Defendants<br>GOLDEN STATE WARRIORS, LLC and<br>NAOMI OSAKA |
| WEIL, GOTSHAL & MANGES LLP | |
| By: */s/ Edward Soto*<br>    Edward Soto (FBN 0265144)<br>    1395 Brickell Avenue, Suite 1200<br>    Miami, FL 33131-3368<br>    (305) 577-3100<br>    Edward.soto@weil.com<br><br>Attorney for Defendant<br>SHOHEI OHTANI | |

COLSON, HICKS, EIDSON, P.A.

By: */s/ Roberto Martínez*
Roberto Martínez (FBN 305596)
Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com

LATHAM & WATKINS LLP

Andrew Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Brittany M.J. Record (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201
andrew.clubok@lw.com
susan.engel@lw.com
brittany.record@lw.com

Marvin S. Putnam (*pro hac vice*)
Jessica Stebbins Bina (*pro hac vice*)
Elizabeth A. Greenman (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501
marvin.putnam@lw.com
jessica.stebbinsbina@lw.com
elizabeth.greenman@lw.com

Michele D. Johnson (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290
michele.johnson@lw.com

Attorneys for Defendant
LAWRENCE GENE DAVID

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Roberto Martínez*
Roberto Martínez

4