# Exhibit 2

## Declaration of Larry David

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**DECLARATION OF LARRY DAVID IN SUPPORT OF DEFENDANTS,
STEPHEN CURRY, LARRY DAVID, GOLDEN STATE WARRIORS, LLC,
SHOHEI OHTANI, AND NAOMI OSAKA'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

I, Larry David, declare under penalty of perjury as follows:

1. I am a defendant to the above-captioned action. I have personal knowledge of the facts set forth in this declaration, unless otherwise stated, and I could and would testify competently to them if called as a witness.

2. I am employed as a comedian, actor, writer, director, producer, and content creator. At all times relevant to this case, I have lived and maintained my permanent residence in Los Angeles, California. I continue to reside in California today.

3. In January of 2022, I entered into an agreement with West Realm Shires Services Inc. d/b/a FTX U.S. ("FTX US") to appear in a commercial (the "Advertisement"), which was to premier during telecast of the 2022 Super Bowl, on February 13, 2022 (the "Advertising Contract"). Attached as Exhibit A is a redacted true and correct copy of the Advertising Contract. I executed the Advertising Contract from my home in Los Angeles, California.

1

4. The Advertising Contract provided a Berkeley, California mailing address for sending FTX U.S. any notices, waivers, consents, and other communications required or permitted by the Advertising Contract. Ex. A ¶ 12.

5. The Advertising Contract provided that any disputes arising thereunder would be governed by laws of the state of California, and called for arbitration of any such disputes in Los Angeles, California by a Judicial Arbitration and Mediation Services, Inc. ("JAMS") arbitrator pursuant to JAMS's Streamlined Arbitration Rules and Procedures.[1] Ex. A ¶ 13.

6. The Advertising Contract provided locations for the provision of my services, all of which were within the state of California. For instance, the agreement provided that the pre-production fitting session would occur at my office in Santa Monica, California, and tentatively provided that all production days would occur in Los Angeles, California. Ex. A ¶ 4.B-C.

7. The Advertising Contract made no mention of the state of Florida.

8. At no point did I travel to Florida for any purpose related to my Advertising Contract, or pursuant to any relationship with FTX U.S. or any of its affiliates. I have not traveled to Florida in at least ten years.

9. To my knowledge, none of the agents or employees I employed to negotiate the terms and conditions of my Advertising Contract with FTX were located in the State of Florida.

---

[1] At the time I entered the Advertising Contract, I also executed a Restricted Stock Purchase Agreement with FTX Trading Ltd. The Restricted Stock Purchase Agreement provided that any disputes arising thereunder would be governed by laws of Antigua and Barbuda, and called for arbitration of any such disputes in Antigua and Barbuda or in my state of residence (*i.e.*, California) under the Rules of Arbitration of the International Chamber of Commerce.

10. I did not appear in Florida on behalf of FTX U.S. or any FTX-related entity, nor did I take any other action in the State of Florida related to the Advertising Contract or any other agreement with FTX U.S. or any FTX-related entity. Aside from the Advertisement created as part of the Advertising Contract, I did not otherwise promote or publicly discuss FTX U.S., any FTX-related entity, or any FTX products or services.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 14th day of April, 2023 in Santa Monica, CA.

_____
Larry David

# EXHIBIT A
# FILED UNDER SEAL