UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**DEFENDANT UDONIS HASLEM'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND INCOPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(5), FED. R. CIV. P., and the PAPERLESS ORDER [ECF 132] Defendant Udonis Haslem ("Mr. Haslem") moves to dismiss for insufficient service of process and failure to serve him timely. Plaintiffs' filings establish that the purported "service" was "effected" through the process server's tossing the summons packet onto the windshield of Mr. Haslem's wife's vehicle miles from their home, *see* ECF 88-2, pg. 6, which is insufficient under Florida law. Therefore, service should be quashed and the claims against him dismissed for this independent reason, in addition to the reasons set out in the *[Joint] Motion to Dismiss (*etc.*)* [ECF 154].

## INTRODUCTION AND FACTS

As to Mr. Haslem (and, in fact, many of the other defendants), Plaintiffs wholly disregarded their service duties. Plaintiffs' ninety-day deadline to serve Mr. Haslem expired February 13, 2023. *See* Rule 4(m), FED. R. CIV. P. A summons was issued for Mr. Haslem on December 5, 2022. *See* ECF 12. The "Details for Job 2023000250" ("Details") – *i.e.*, serving Mr. Haslem – filed by Plaintiffs establish that Plaintiffs' process server was not even engaged to serve Mr. Haslem until February 21, 2023, well after the February 13, 2023, service deadline. *See* ECF 88-2, pgs. 6-7 (Exhibit **A**) at 1. Further, Plaintiffs' representation to the Court that Mr. Haslem "evaded service," ECF 88 at 3 n.4, is objectively false. The first attempt at service was not until February 25, 2023, *see* Ex. A at 2, when the Miami Heat were on a road trip.[1] Plaintiffs did not purportedly serve Mr. Haslem – through his wife – until February 28, according to the Return of Service, which

---

[1] As stated in the Amended Complaint [ECF 16], Mr. Haslem is a "basketball player for the Miami Heat[.]" *Id*. at ¶ 34. Since the Heat were on a road trip when service was first attempted, *see* https://www.nba.com/heat/schedule, it is no surprise that he was not in Miami. Being at work in Charlotte, North Carolina, *see id.*, cannot constitute "evading service" in Miami.

states Mrs. Haslem was served "pursuant to F.S.48.031(2).(A)." *See* ECF 77 (Exhibit **B**) at 1. Plaintiffs' own filings show that statement is also false. The Details state that the process server "placed [the summons] on her windshield as [supposedly] sufficient service." *See id.* at 1. This "service" occurred at the intersection of Weston Road and Griffin Road in Southwest Ranches, *see id.*, which is nearly four miles away from the Haslem's residence, *see* Screenshot from Google Maps (Exhibit **C**).² The Details document also shows that Mrs. Haslem in no way agreed to be served away from the Haslem residence. *See id.* at 1 (the process server chased Mrs. Haslem in his vehicle and she "refused to communicate").

## **MEMORANDUM OF LAW**

As this action was filed in Florida and service was attempted in Florida, Florida law governs the validity of service. *See*, *e.g.*, *Order* [ECF 133] at 2. Plaintiffs claim to have effected substitute service under § 48.031(2)(a), *see* Return of Service at 1; however, Plaintiffs' filings establish that they did not. Therefore, the "service" should be quashed and the action dismissed as to Mr. Haslem for the additional reason of Plaintiffs' failure to serve him timely.

"Statutes which govern substituted service of process are to be strictly construed and also, they must be strictly complied with." *Aero Costa Rica, Inc. v. Dispatch Svcs., Inc.*, 710 So. 2d 218, 219 (Fla. 3d DCA 1998); *see also* PAPERLESS ORDER [ECF 101] at 1 (same). Among other requirements, substitute service of process upon a spouse away from the residence is valid if, ***and***

---

² Mr. Haslem requests that the Court take judicial notice of the locations and the distance between the Haslem home and the intersection, as these are facts "within the [C]ourt's territorial jurisdiction" that "cannot reasonably be questioned." Rule 201(b)(1) & (2), FED. R. EVID., Therefore, judicial notice is proper. *See*, *e.g.*, *Ferguson v. Destefano,* 2010 WL 11561136, at *5 (S.D. Fla. Oct. 6, 2010) (citing *Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979)).

*only if*, inter alia, "if the spouse requests such service." § 48.031(2)(a), Fla. Stat. Here, the Details establish Plaintiffs' process server's failures to comply with § 48.031(2)(a). Not only was the service well away from the Haslem residence, the Details establish Mrs. Haslem did ***not*** agree to accept service. After two claimed attempts with no success at even communicating, *see id.* at 2, the process server chased Mrs. Haslem in her vehicle, she "refused to communicate" with him, and he "placed [the summons] on her windshield as [supposedly] sufficient service," *see id.* at 1.[3]

As a matter of Florida law, that does not constitute sufficient service, the claimed service should be quashed, and this action dismissed as to Mr. Haslem for failure to serve him timely. *See Selvas v. Atlas One Fin. Grp., LLC*, 2011 WL 13223728, at *1 (S.D. Fla. Aug. 26, 2011) (Ungaro, J.) (quashing substitute service upon defendant's wife in a grocery store parking lot across from defendant's residence because the plaintiff's process server's affidavits "ma[d]e clear that [the wife] refused process" and dismissing action for failure to timely effect service).

Plaintiffs' deadline for service was February 13, 2023, which deadline has long since passed. Accordingly, Mr. Haslem respectfully requests that this Court enter an order quashing service and dismissing the action against him. *See* Fed. R. Civ. P. 4(m).

---

[3] There are significant concerns regarding process server's credibility. The third attempt at service allegedly occurred at 8:38 a.m. on February 28, 2023, eight minutes after the process server claims to have made "numerous attempts" to reach the occupant of the property (at 8:30 a.m.) and then "dr[ove] across the street to notate [the] attempt." *See id.* Then, the process server claims to have been able to follow Mrs. Haslem over three and a half miles away from her home to the intersection of Weston Road and Griffin Road, stop and identify himself, explain the reason for his attempt to serve, try to communicate with Mrs. Haslem, read the summons, and place the summons on her windshield – all somehow by 8:38 a.m., a mere eight minutes later. *See id.*

## CONCLUSION

WHEREFORE, Defendant Udonis Haslem respectfully requests that the Court quash the purported service, dismiss this matter against him for the additional reason of Plaintiffs' failure to effect proper service timely, and grant him such other relief as the Court deems just and proper.

Dated:  April 14, 2023                                  Respectfully submitted,

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
      Christopher S. Carver
      Florida Bar No. 993580
      christopher.carver@akerman.com
      Jason S. Oletsky, Esq.
      Florida Bar No. 9301
      jason.oletsky@akerman.com
      Katherine A Johnson
      Florida Bar No. 1040357
      katie.johnson@akerman.com

*Attorneys for Defendant Udonis Haslem*