UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-cv-23753-MOORE/LOUIS

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**<u>DEFENDANT SHOHEI OHTANI'S SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS</u>**

Plaintiffs have not alleged *any* conduct by Shohei Ohtani, let alone conduct that could conceivably subject him to this Court's jurisdiction or form the basis of a tort. There is no personal jurisdiction over Mr. Ohtani because he is not a Florida resident and none of the relevant allegations about him bear any connection to Florida. Nor have Plaintiffs come close to alleging a legally viable claim against him under Florida law. The Court should dismiss him from this case.

From his home in Tokyo, Japan, Mr. Ohtani, a Japanese citizen and resident,[1] entered into an agreement that allowed Bahamas-based FTX to license his name, image, and likeness to promote FTX to Japanese customers in the Japanese market. Ohtani Decl. ¶¶ 2, 8, 11; FAC ¶ 226 n.138. The FAC's only allegation concerning Mr. Ohtani confirms this: FTX issued a press release from the Bahamas indicating that Mr. Ohtani would serve as an international "global ambassador" for FTX. *Id.* Critically, Mr. Ohtani made no statement in the press release, *id.*, and the FAC does not allege Mr. Ohtani ever made any statement endorsing FTX at all. This makes sense, because Mr. Ohtani does not make public statements in English and never took any affirmative steps to promote FTX in or directed at Florida. Ohtani Decl. ¶¶ 12, 18.

Plaintiffs, a mix of Australian, British, Canadian, and American residents—the majority of whom do not reside in Florida—indiscriminately allege that they were fraudulently induced to invest in FTX by all 18 Defendants' "promotion, marketing, and sale of FTX's YBAs in Florida." FAC ¶ 50. But Plaintiffs do not allege that *Mr. Ohtani* committed a single act in or directed at Florida. Distinct from the other Movants, Mr. Ohtani's extremely limited relationship with FTX

---

[1] Plaintiffs allege that Mr. Ohtani is a "citizen and resident of the State of California." FAC ¶ 40. This is simply incorrect; he is a citizen and resident of Japan. *See* Declaration of Shohei Ohtani, ECF 139-3 ("Ohtani Decl.") ¶ 2. But regardless, it is undisputed that he does not reside in Florida.

was targeted towards Japan and the Japanese market—*not* Florida. Ohtani Decl. ¶ 11. Plaintiffs do not allege that Mr. Ohtani made *any* statements purportedly endorsing FTX, let alone the requirement that Plaintiffs (i) heard or saw such statements (ii) while in Florida and (iii) relied on such statements to purchase YBAs from FTX in Florida. *See* Movants' Mot. to Dismiss, ECF 154; Non-Resident Defendants' Mot. to Dismiss, ECF 139. Put simply, there is absolutely no connection between Mr. Ohtani's conduct and Florida.

The Court does not have general jurisdiction over Mr. Ohtani because he is not domiciled in Florida. Ohtani Decl. ¶ 2; FAC ¶ 40; *see Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). The Court lacks specific jurisdiction over him, too. Nothing in the FAC, or in reality, suggests Mr. Ohtani committed any act within or directed at Florida. *Walden v. Fiore*, 571 U.S. 277, 288-89 (2014). "In analyzing whether tortious conduct has occurred within Florida, courts have looked to whether the nonresident defendant committed a substantial aspect of the alleged tort in Florida." *Taylor v. Moskow*, 717 F. App'x 836, 840 (11th Cir. 2017) (citation omitted). The mere "existence of an injury within Florida, standing alone, is insufficient to support jurisdiction over an out-of-state tortfeasor." *Id.* at 841 (citation omitted).

No "substantial aspect" of Mr. Ohtani's alleged tort can reasonably be said to have occurred in Florida. Ohtani Decl. ¶ 13-18. Plaintiffs' 280-paragraph FAC makes only one allegation concerning Mr. Ohtani, which merely cites one statement made by FTX, an Antiguan and Barbudan corporation with its principal place of business in the Bahamas, FAC ¶ 121, in a press release issued from the Bahamas, *id.* ¶ 226 n.138, that announced Mr. Ohtani would serve as an international "global ambassador" for FTX. *id.* But this statement was made by FTX, not Mr. Ohtani, and makes clear his name, image, and likeness were licensed to promote FTX overseas.

Plaintiffs further fail to establish the "connexity" requirement, which requires that

2

Plaintiffs' "cause of action arise[] from that act." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1223-28 (11th Cir. 2023). Here, Plaintiffs do not allege that they purchased YBAs in Florida, let alone that they relied on Mr. Ohtani's image in a Bahamian press release (*issued by FTX*, not Mr. Ohtani) while doing so. The majority of Plaintiffs do not allege they even suffered an injury in Florida at all (which would still not be enough); and for many, not even within the United States. *See Zion Williamson v. Prime Sports Mktg., LLC,* 314 So. 3d 480 (Fla. 3d DCA 2020) (no jurisdiction where Plaintiffs were allegedly injured in Florida but where Plaintiffs had no interaction with Defendant or Defendant's conduct in Florida). For their parts, Plaintiffs Kavuri, Gallant, and Nicol could not even access the Florida/U.S. version of FTX because there are separate FTX products for the U.S. and foreign jurisdictions, FAC ¶ 174, and to the extent they suffered any injury, it would have occurred in their home countries. *See Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1325 (S.D. Fla. 2009) (no jurisdiction over non-resident plaintiffs' claims where the misrepresentation did not occur in Florida or take place through communications in Florida, and any alleged injury was in Argentina and Uruguay, "where they reside, not in Florida").

Moreover, exercising jurisdiction over Mr. Ohtani would violate the due process clause of the U.S. Constitution, a far "more demanding constitutional inquiry" than a finding of jurisdiction under Florida's long-arm statute. *Williamson*, 314 So. 3d. at 487 n.8. Plaintiffs fail to plead any connection between their claims and Mr. Ohtani's alleged contacts with Florida. Mr. Ohtani never met with anyone from FTX in Florida, nor did he ever speak to anyone from FTX by telephone or text message who was in Florida on the other end of the line. Ohtani Decl ¶¶ 13-17. And Florida has no greater interest in the adjudication of this case—i.e., asserting jurisdiction over a Japanese domiciliary—than a forum where Mr. Ohtani is subject to jurisdiction. *Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, 2017 WL 1294907, at *9 (S.D. Fla. Feb. 2, 2017).

DATED: April 14, 2023
Miami, Florida

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Edward Soto*
Edward Soto (Fla Bar. No. 0265144)
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100
Email: edward.soto@weil.com

*Attorney for Defendant Shohei Ohtani*

**CERTIFICATE OF SERVICE**

I hereby certify that on this April 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:   April 14, 2023          */s/ Edward Soto*
                                  Edward Soto