UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

### DEFENDANT WILLIAM TREVOR LAWRENCE'S
### INDIVIDUAL MOTION TO DISMISS

Defendant William Trevor Lawrence (**"Mr. Lawrence"**), pursuant to Rule 12(b)(6) and the Court's Order Granting in Part the Celebrity Defendants' (the **"Defendants"**) Motion to Set Briefing Page Limits and Briefing Schedule for their Motion to Dismiss [ECF No. 132], hereby files this Individual Motion to Dismiss and states as follows.

### INTRODUCTION

The crux of this lawsuit concerns the core allegation that Defendants sold or other otherwise personally participated in the purchase and sale of FTX's yield-bearing accounts (**"YBAs"**), which Plaintiffs allege are unregistered securities. In support of their claims, Plaintiffs purport to identify a series of representative statements and advertisements attributed to the Defendants. There is, however, not a single allegation that even suggests Mr. Lawrence did anything to sell or otherwise personally participate in the purchase and sale of a single YBA by FTX. As such, the Amended Complaint should be dismissed as to Mr. Lawrence.[1]

---

[1] Hereinafter, all emphasis is added unless noted otherwise.

**ARGUMENT**

Plaintiffs allege the Defendants themselves sold YBAs. But as currently pleaded, not one of the advertisements referenced in the Complaint directly promotes or even references the purchase and sale of a YBA. Not one.

But the allegations against Mr. Lawrence are particularly inadequate. To wit, the exhibits attached to the Complaint contradict the claim that Mr. Lawrence entered into an agreement with FTX. Even more, they fail to allege that Mr. Lawrence engaged in any kind of promotions at all, much less did he sell or other personally participate in the purchase and sale of YBAs.

Indeed, there is only a single paragraph in the Complaint that contains any allegations whatsoever regarding Mr. Lawrence. It contains only two sentences. Neither sets forth facts sufficient to survive dismissal.

In the first sentence of ¶ 225, Plaintiffs allege that Mr. Lawrence became a brand ambassador for FTX in April 2021. But the source authority Plaintiffs cite reveals that is not entirely accurate. To be sure, footnote 136 links to a tweet announcing a partnership of some kind between Mr. Lawrence and "Blockfolio" – not FTX. And it shows a picture of Mr. Lawrence holding up a jersey that says "Blockfolio" across the chest. But Plaintiffs make no attempt to explain the relationship between FTX and "Blockfolio" (even though there plainly is one).

Even more, the tweet does not refer to any actual promotions on the part of Mr. Lawrence. Rather, it suggests that Mr. Lawrence agreed to do promotions – in the future. There is, however, nothing to suggest that Mr. Lawrence did any promotional work for "Blockfolio" (or FTX for that matter) – much less anything that reasonably could be construed as Mr. Lawrence having sold or other otherwise personally participated in the purchase and sale of YBAs by FTX.

The second sentence of ¶ 225 quotes a news article as stating "Trevor is someone people can have a personal and human connection with for **[FTX]** and to the crypto space." That is, however, not accurate. Inserting **"FTX"** in the bracket is advocacy – not a quote.

To be clear, the article cited in footnote 137 promotes a deal between Mr. Lawrence and "Blockfolio" – not FTX. Indeed, the title of the article states Trevor Lawrence signed an endorsement deal with "Blockfolio." The first sentence references a deal between Mr. Lawrence and "Blockfolio." The article quotes Mr. Lawrence as stating he is excited to be teaming up with "Blockfolio." And the aforementioned quote reproduced in the Complaint is from Sina Nader – the COO of "Blockfolio." She is quoted as saying that "Trevor is someone people can have a personal and human connection with for **us** and to the crypto space." Plaintiffs suggest "us" is a reference to FTX. It is not. Clearly, "us" is a reference to "Blockfolio" – not FTX.

But above all else, the article fails to validate the allegation that Mr. Lawrence did any actual promotional work – for anyone. Indeed, the article does no more than announce a partnership to do promotional work in the future. But there is not a single allegation to suggest that Mr. Lawrence did any promotional work of any kind, much less anything that reasonably could be construed as Mr. Lawrence having sold or otherwise personally participated in the purchase and sale of YBAs by FTX.

## CONCLUSION

To survive dismissal, the Complaint should, at the very least, provide specific allegations of at least two core facts: (1) that each Defendant entered into an agreement with FTX; and (2) that each Defendant engaged in promotional activities whereby that Defendant sold or otherwise personally participated in the sale of YBAs – by FTX. But as regards Mr. Lawrence, the Amended Complaint does neither. In fact, the allegations pleaded disavow those facts. As such, all claims pleaded against Mr. Lawrence should be dismissed *with prejudice*

Dated: April 14, 2023

Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone:  (305) 374-1920
Facsimile:  (305) 374-1961

By:  /s/ David A. Rothstein
David A. Rothstein, Esq.
Fla. Bar No. 995762
DRothstein@dkrpa.com
Alexander M. Peraza, Esq.
Fla. Bar No. 107044
APeraza@dkrpa.com
Eshaba Jahir-Sharuz, Esq.
Fla. Bar No. 1038846
Eshaba@dkrpa.com

MCANGUS GOUDELOCK & COURIE LLC
2000 Market Street, Suite 780
Philadelphia, PA 19103
Telephone:  (484) 406-4334
Facsimile:  (215) 501-5374

Eric A. Fitzgerald (*pro hac vice*)
eric.fitzgerald@mgclaw.com
Hillary N. Ladov (*pro hac vice*)
hillary.ladov@mgclaw.com

Attorneys for Defendant
WILLIAM TREVOR LAWRENCE