**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**DEFENDANT GOLDEN STATE WARRIORS, LLC'S INDIVIDUAL BRIEF
IN SUPPORT OF (1) MOVANTS' MOTIONS TO DISMISS, AND
(2) DEFENDANT GOLDEN STATE WARRIORS, LLC'S
MOTION TO TRANSFER VENUE IN THE ALTERNATIVE**

As authorized by this Court's April 11, 2023 order, this brief raises two arguments specific to Defendant Golden State Warriors, LLC ("GSW"). First, in addition to the reasons set forth in the Movants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (in which GSW has joined), Plaintiffs' Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim against GSW is barred by FDUTPA's publisher exception. Fla. Stat. § 501.212. Second, in the event the Court denies both of the motions to dismiss filed by GSW—pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim—the Court should transfer the claims against GSW to the Northern District of California where nearly identical claims against GSW are pending.

***GSW Falls Within the Publisher Exception to FDUTPA.*** FDUTPA expressly does not apply to "publisher[s], broadcaster[s], printer[s], or other person[s] engaged in the dissemination of information or the reproduction of printed or pictorial matter, insofar as the information or matter has been disseminated or reproduced on behalf of others without actual knowledge that it violated this part." Fla. Stat. § 501.212. GSW fits squarely within this exception.

GSW's alleged deceptive act here is its "publishing" or "reproduction" of FTX's logo at its home basketball arena in San Francisco, California through "in-arena . . . and virtual floor signage." FAC ¶¶ 222-23. Yet GSW is not alleged (other than in an entirely conclusory and thus insufficient fashion) to have had "actual knowledge" of the alleged deceptive nature of FTX's conduct. Fla. Stat. § 501.212. Plaintiffs' allegations thus do not state a claim against GSW under FDUTPA and identical statutes in other jurisdictions for this independent reason.[1] *See, e.g.*,

---

[1] *See, e.g.*, 815 Ill. Comp. Stat. Ann. 510/4(2); N.H. Rev. Stat. Ann. § 358–A:3, IV; Ohio Rev. Code §§ 1345.01-1345.13.

*Ferron v. EchoStar Satellite, LLC*, 410 F. App'x 903, 903 (6th Cir. 2010) (publisher exception shielded business from liability because it was not involved in creation of ads, but merely hosted them for purposes of later dissemination); *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 775 (N.D. Ill. 2017) (internet radio service provider fell within broadcaster exception where it did not know facts that rendered its broadcasts deceptive); *Karpinski v. Union Leader Corp.*, 2019 WL 3203144, at *8 (D.N.H. July 16, 2019) (dismissing consumer protection claims against newspaper where there was no plausible allegation that paper had "knowledge" of any deception).

***If They Are Not Dismissed, Plaintiffs' Claims Against GSW Should Be Transferred.*** In the event the Court denies GSW's motions to dismiss for lack of personal jurisdiction and failure to state a claim, and solely in the alternative to the relief requested in those motions, the Court should sever the claims against GSW and transfer them to the Northern District of California where a substantially similar action is pending against GSW. *See Lam v. Bankman-Fried, et al*., No: 3:22-cv-07336 (N.D. Cal.). This Court has the power to transfer actions to a different U.S. district court under 28 U.S.C. § 1404. While courts typically transfer an entire action pursuant to Section 1404, a court may sever specific claims and transfer just those claims. *See, e.g.*, *Bruhl v. Price WaterhouseCoopers Int'l,* 2006 WL 8431803, at *1-2 (S.D. Fla. Nov. 1, 2006) (granting motion to sever claims and transfer under § 1404). Courts engage in a two-pronged inquiry to determine whether an action should be transferred to a different venue under Section 1404. *See, e.g.*, *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.,* 508 F. Supp. 2d. 1186, 1189 (S.D. Fla. 2007) (Moore, J.). The alternative venue must be one in which the action could originally have been brought, and then courts balance private and public factors to determine if transfer is justified, including convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, and the public interest. *See id*.

"The first step of the transfer analysis is met . . . because [GSW is a] resident[] in the Northern District of California; therefore, the action could have been brought there in the first instance." *Damian v. Meftah*, 2021 WL 8775762, at *5 (S.D. Fla. Dec. 28, 2021).

The private and public factors also weigh in favor of transfer. GSW is defending nearly identical claims in the *Lam* action pending in the Northern District of California. Just like this case, the plaintiff in *Lam* claims that the display of FTX's logo at Chase Center amounted to the unlawful promotion of unregistered securities (namely, FTX's YBAs). *Lam*, ECF No. 1 (attached as **Exhibit 1**), ¶¶ 16, 56-57. Courts routinely transfer cases under Section 1404(a) where, as here, duplicative litigation is pending in a different district. *See, e.g.*, *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1278 (S.D. Fla. 2011) (transferring action because "'[t]here is no overriding public interest that should require this Court to adjudicate satellite litigation here, especially when the resources required to adjudicate this case could be streamlined with the cases already pending'" in the transferee district). And the reason is straightforward: "'[l]itigation of related claims in the same tribunal is favored in order to avoid duplic[ative] litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results.'" *Imvenco PVBA Antwerp v. Maersk Line*, 1992 WL 442695, at *3 (S.D. Fla. Oct. 19, 1992) (citations omitted). This factor alone warrants transfer to the Northern District of California.

Additionally, all of the relevant GSW witnesses and evidence are in California, where GSW and Chase Center are located. FAC ¶¶ 37, 222-223. Convenience of the witnesses is the "single most important factor in the analysis whether a transfer should be granted." *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013) (citations omitted). The balance of factors tilts in favor of transfer.

## LOCAL 7.1 CERTIFICATION

In accordance with Local Rule 7.1, counsel for GSW conferred with Plaintiffs' counsel via email on April 13, 2023, explaining the grounds for the relief sought and requesting Plaintiffs' position. Plaintiffs' counsel responded that they oppose the motion.

DATED: April 14, 2023

COLSON, HICKS, EIDSON, P.A.

By: */s/ Roberto Martínez*
Roberto Martínez (FBN 305596)
Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com

GIBSON, DUNN & CRUTCHER LLP

Matthew S. Kahn (*pro hac vice* pending)
Michael J. Kahn (*pro hac vice* pending)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379
MKahn@gibsondunn.com
MJKahn@gibsondunn.com

Michael Dore (*pro hac vice forthcoming*)
Jamila MacEbong (*pro hac vice* pending)
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155
MDore@gibsondunn.com
JMacEbong@gibsondunn.com

Attorneys for Defendant
GOLDEN STATE WARRIORS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Roberto Martínez*
Roberto Martínez