**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON*, et al.*, on behalf of
themselves and all other similarly situated,

      Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

      Defendants.

_____/

**MOTION TO STAY DISCOVERY (INCLUDING INITIAL DISCLOSURES)
BY DEFENDANTS THOMAS BRADY, GISELE BÜNDCHEN, STEPHEN CURRY,
LAWRENCE DAVID, THE GOLDEN STATE WARRIORS, LLC,
UDONIS HASLEM, WILLIAM TREVOR LAWRENCE, SHOHEI OHTANI,
<u>KEVIN O'LEARY, DAVID ORTIZ, AND NAOMI OSAKA</u>**

      Defendants Thomas Brady, Gisele Bündchen, Stephen Curry, Lawrence David, the Golden

State Warriors, LLC ("GSW"), Udonis Haslem, William Trevor Lawrence, Shohei Ohtani, Kevin

O'Leary, David Ortiz, and Naomi Osaka (collectively, the "Non-FTX Defendants") move to stay

discovery—including initial disclosures under Rule 26—pending the Court's rulings on Movants'

Motion to Dismiss under Rule 12(b)(6), ECF 154 ("12(b)(6) Mot."), certain Defendants' Motion

to Dismiss for Lack of Personal Jurisdiction, under Rule 12(b)(2) (ECF 139 ("PJ Mot.")), and the

individual motions to dismiss (ECFs 156-59) (collectively, the "Motions to Dismiss").

<u>**INTRODUCTION**</u>

      This is exactly the type of case where a stay of discovery pending the Court's rulings on

case-dispositive motions to dismiss is warranted. In this putative class action, Plaintiffs bring

claims against the Non-FTX Defendants—a group of eleven current or former professional

athletes, a professional basketball team, a supermodel, a television personality, and a comedian—

based on their involvement in FTX advertisements and other marketing by FTX, the now-defunct cryptocurrency platform. Plaintiffs' allegations are extraordinary and unfounded. They contend that because the Non-FTX Defendants appeared in or were mentioned in advertisements, postings, or other statements by FTX—or, in the case of GSW, because FTX's logo was displayed at its arena—they are liable for Plaintiffs' alleged losses stemming from their claimed "purchases" of Yield Bearing Accounts ("YBAs") offered by FTX. Plaintiffs make these claims even though they have not alleged a single statement by any of the Non-FTX Defendants regarding YBAs, and for many, not a single statement regarding FTX at all. The blame for Plaintiffs' alleged losses falls on FTX, not on the Non-FTX Defendants, who Plaintiffs have needlessly dragged into this case in search of deep pockets following FTX's Chapter 11 proceedings.

On April 14, 2023, the Non-FTX Defendants filed the Motions to Dismiss. As set forth in the Motions, Plaintiffs fail to state any claim against the Non-FTX Defendants. Each of Plaintiffs' inadequate claims, including their lead securities claim, is subject to dismissal on multiple grounds. *See* ECF 154. In addition, the Court lacks personal jurisdiction over five of the Non-FTX Defendants.[1] Plaintiffs have failed to—and could not—plead any basis for the Court to exercise personal jurisdiction over these defendants, who are non-residents with no alleged (or actual) ties

---

[1]      Defendants Curry, David, GSW, Ohtani, and Osaka (collectively, the "Non-Florida Defendants") seek dismissal for lack of personal jurisdiction. PJ Mot. 1. By seeking a stay, no Defendant intends to waive or waives any of their personal jurisdiction arguments, each of which is reserved. *See, e.g., Modis, Inc. v. Amir*, No. 3:06-cv-483-J-25HTS, 2006 WL 8439290, at *3 (M.D. Fla. Nov. 17, 2006) (no waiver where defendant moved to dismiss for lack of personal jurisdiction in conjunction with seeking to stay action).

to or relevant conduct in Florida. *See* PJ Mot. 6-15. A quick "peek" at the Motions to Dismiss shows that Plaintiffs' claims are nonmeritorious and the Motions are likely to be granted.

As for the other defendants, one (Sam Trabucco) has also moved to dismiss on personal jurisdiction and other grounds, *see* Def. Sam Trabucco's Mot. Dismiss (ECF 155 ("Trabucco Mot.")) 6-12, one (Sam Bankman-Fried) has moved to stay the case against him, *see* Mot. Stay (ECF 152), and the remaining defendants have not yet appeared.[2] The U.S. Attorney's Office has moved to stay discovery related to these and other FTX Insiders in other matters and potentially will in this case as well.

The Court has already recognized this is a "complex and costly litigation for all parties involved[.]" Order at 3, ECF 133. Because the Plaintiffs' claims are nonmeritorious, the Court would be well within its broad discretion to—and should—stay all discovery pending its rulings on the Motions to Dismiss. Absent a stay, the Non-FTX Defendants will be subjected to expensive, excessive, and burdensome discovery regarding claims that are likely to be dismissed. *After* the Non-FTX Defendants filed the Motions, Plaintiffs sent correspondence indicating that they seek to take *seventeen* separate depositions, including depositions of all eleven Non-FTX Defendants, within the next 45 days and to propound written discovery requests to all eleven Non-FTX

---

[2]      The only "celebrity" defendant who has not yet appeared is Shaquille O'Neal, who was allegedly recently "served" through the process server throwing papers at his moving vehicle. *See* ECF 161.  Four of the "FTX Insider Defendants" (Gary Wang, Caroline Ellison, Nishad Singh, and Dan Friedberg) also have not appeared.

Defendants.[3] Then, on April 21st, Plaintiffs sent proposed deposition notices and proposed broad requests for production to Defendants Curry, David, GSW, Ohtani, and Osaka—which Plaintiffs claim is "jurisdictional discovery"—even though they are not permitted to serve discovery because the parties have not yet held the initial Scheduling Conference. *See* Rule 26(d)(1).[4] Copies of these discovery requests, which establish the burden the Non-FTX Defendants face absent a stay, are attached as Composite Exhibit **A**.

The Eleventh Circuit has repeatedly held that the Court should exercise its broad discretion to stay discovery in this very circumstance: where Plaintiffs have brought a nonmeritorious action and seek to impose significant discovery burdens and costs on the Non-FTX Defendants prior to the likely dismissal of the case. As stated by the Eleventh Circuit:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997); *see also*, *e.g.*, *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308-09 (11th Cir. 2020) (citing *Chudasama*, 123 F.3d at 1367); *Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 847 (11th Cir. 2020) (same); *Redford v. Gwinnett Cty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (same).

All the factors that the Court must consider in exercising its broad discretion favor a stay

---

[3]     Because Local Rule 7.7(b) prohibits attorneys from furnishing the Court with copies of correspondence between or among counsel, Movants do not attach the email exchange, but will promptly do so at the Court's request.

[4]     Since Defendant O'Neal was only recently "served," *see* n.2 *supra*, the deadline to hold the Scheduling Conference and submit the joint scheduling report is May 8, 2023. *See* ECF 101.

of discovery. *First*, a "preliminary peek" at the Motions to Dismiss shows that they are meritorious and, if granted, would dispose of all claims against the Non-FTX Defendants. *See Lewis v. Mercedes-Benz USA, LLC*, No. 19-cv-81220, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (Ruiz, II, J.) (citation and quotation marks omitted).

*Second*, without a stay, the Non-FTX Defendants would be subject to the considerable burden and expense of discovery in a case with *seven* named plaintiffs and *eighteen* defendants, and where there are parallel bankruptcy and criminal proceedings—all to litigate nonmeritorious claims that should be dismissed. Plaintiffs' proposed discovery—both "initial" merits and so-called "jurisdictional" discovery—demonstrates the substantial and needless burden that would be imposed upon the Non-FTX Defendants if discovery is not stayed. Plaintiffs' fishing expedition, if allowed, includes "initial" merits discovery consisting of depositions of all eleven Non-FTX Defendants within 45 days, extensive written discovery, and depositions and discovery requests from FTX's accountants, advertisers, and non-party FTX employees (for a total of seventeen depositions). Plaintiffs also have provided proposed notices for so-called "jurisdictional" depositions of Defendants Curry, David, GSW, Ohtani, and Osaka for the coming weeks, and also provided these Non-FTX Defendants with proposed exceedingly broad requests for production.

The Non-FTX witnesses would have to prepare and sit for these proposed depositions—which would be attended by counsel for all other Non-FTX Defendants—and address substantial discovery requests that will unquestionably involve objections and discovery litigation. In addition, as Plaintiffs' response to the Order to Show Cause issued in the *Norris* action shows, Plaintiffs intend to seek a delay in briefing the Motions to Dismiss for this proposed "jurisdictional" discovery to occur. *See Norris* ECF 47 at 1. All this means that the Non-FTX Defendants could collectively spend (at least) hundreds of thousands of dollars participating in depositions and responding to discovery centered on nonmeritorious claims.

*Third*, there will be no prejudice to Plaintiffs. A stay of discovery would not deny Plaintiffs the right to take discovery: if the Court denies the Motions to Dismiss and finds that Plaintiffs have stated plausible claims—which the Non-FTX Defendants submit is unlikely—Plaintiffs will have the opportunity to take the discovery that they seek. Moreover, the duration of the proposed stay is modest—the Motions to Dismiss have already been filed and should be fully briefed and ripe for adjudication in short order. A minimal delay in discovery follows the precedent laid down by the Eleventh Circuit in *Chudasama* and its progeny and is not at all prejudicial to Plaintiffs.

In short, the Court should not allow Plaintiffs to proceed with expensive, wide-ranging, and burdensome discovery unless and until the Court finds Plaintiffs have stated any claim for relief and that the Court has jurisdiction over each Non-FTX Defendant which has moved to dismiss on that basis. The Court's discretion to stay discovery exists for this exact reason: to prevent unnecessary and costly discovery with respect to nonmeritorious claims.

## MEMORANDUM OF LAW

### A.  The Court Has Broad Authority To Stay Discovery

District courts possess "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). This includes "'broad discretion to stay discovery pending decision on a dispositive motion.'" *Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.,* No. 16-cv-81719, 2017 WL 7794599, at *1 (S.D. Fla. Feb. 24, 2017) (Middlebrooks, J.) (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)). To that end, the Eleventh Circuit held in *Chudasama* that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d at 1367 (footnote omitted). This principle equally applies where there is a pending motion to dismiss for lack of

personal jurisdiction. *See Lewis*, 2020 WL 4923640, at *2-3.

A stay of discovery pending a ruling on a case-dispositive motion is appropriate because the mere filing of a complaint should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Indeed, "discovery *follows* the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Cty.*, 521 F. App'x 725, 728 (11th Cir. 2013) (citations and quotation marks omitted); *see also Isaiah*, 960 F.3d at 1309 ("[T]he District Court . . . did not abuse its discretion in staying discovery pending resolution of [defendant's] 12(b)(6) motion to dismiss challenging the legal sufficiency of [plaintiff's] claims."); *Diulus*, 823 F. App'x at 847 ("[B]ecause their complaint failed to state a claim, [plaintiffs] were not entitled to discovery[.]"); *Redford*, 350 F. App'x at 346 (affirming discovery stay where motion to dismiss "raised serious questions regarding the viability of [plaintiff's] complaint").

In *Chudasama*, the Eleventh Circuit elaborated on why a stay of discovery in the circumstances before the Court here is proper:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.
>
> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty the district court finally to

> determine the validity of the claim. Thus, when faced with a motion
> to dismiss a claim for relief that significantly enlarges the scope of
> discovery, the district court should rule on the motion before
> entering discovery orders, if possible. The court's duty in this regard
> becomes all the more imperative when the contested claim is
> especially dubious.

*Chudasama*, 123 F.3d at 1368 (footnotes omitted).

A court should enter a discovery stay under *Chudasama* where the movant shows "good cause and reasonableness." *Taylor v. Serv. Corp. Int'l*, No. 20-cv-60709, 2020 WL 6118779, at *1 (S.D. Fla. Oct. 16, 2020) (Ruiz, II, J.) (citations and quotation marks omitted). "Courts have found good cause to stay discovery exists when the resolution of a preliminary motion may dispose of the entire action." *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-22691, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (Williams, J.) (citation omitted). In making this determination, the Court must take a "preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Taylor*, 2020 WL 6118779, at *3 (citation and quotation marks omitted); *see also Rodriguez v. Imperial Brands PLC*, No. 20-cv-23287, 2022 WL 2231504, at *3 (S.D. Fla. May 25, 2022) (Otazo-Reyes, M.J.) (same).

In addition, courts "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Rodriguez*, 2022 WL 2231504, at *3 (citation and quotation marks omitted) (alteration in original). This balancing test also involves assessing "the likely costs and burdens of proceeding with discovery" on claims that may be dismissed. *Dayem ex rel. Dayem v. Chavez*, No. 13-cv-62405, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (Cooke, J.) (citation and quotation marks omitted).

Applying these principles, the Eleventh Circuit has repeatedly reaffirmed *Chudasama*'s central holding that a stay of discovery is proper where a case may be dismissed or materially

narrowed at the threshold stage. *See Isaiah*, 960 F.3d at 1309 ("[T]he failure to consider and rule on . . . potentially dispositive pretrial motions [before discovery] can be an abuse of discretion."); *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (affirming partial stay because the district court "specifically identified our warnings in *Chudasama*, and heeded them"); *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x. 926, 932 (11th Cir. 2017) ("Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of th[e Court's] responsibility."); *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) ("[I]n general, motions to dismiss for failure to state a claim should be resolved before discovery begins.") (citation and quotation marks omitted); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting the importance of resolving facial challenges before discovery begins, "especially when the challenged claim will significantly expand the scope of allowable discovery"). In accordance with these rulings, this Court (as discussed below) and other Judges in this District have often stayed discovery when presented with legitimate facial challenges to a complaint that could dispose of the entire case or greatly narrow the issues.[5]

Further, discovery stays are "particularly appropriate in large putative class action cases such as this," where discovery will be sought from multiple defendants, *Taylor*, 2020 WL 6118779, at *3, and "has the potential to consume vast resources," *In re Mednax Servs. Inc.*

---

[5]     *See, e.g.*, *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-cv, 24988, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (Moreno, J.) (noting that "[i]n a series of rulings, the undersigned has consistently followed *Chudasama*'s guide"); *Zinn v. SCI Funeral Servs. of Fla., Inc.*, No. 12-cv-80788, 2013 WL 12080175, at *2 (S.D. Fla. Mar. 4, 2013) (Ryskamp, J.) (citing *Chudasama* in granting discovery stay); *Staup v. Wachovia Bank, N.A.*, No. 08-cv-60359, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (Cohn, J.) (staying all discovery, including Rule 26 disclosures).

*Customer Data Sec. Breach Litig.*, 21-md-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (Ruiz, II, J.) (citation and quotation marks omitted); *see also, e.g.*, *Lewis*, 2020 WL 4923640, at *4; *In re Managed Care Litig.*, 00-md-1334, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) (Moreno, J.).

### B. The Court Should Stay Discovery Pending a Ruling on the Motions to Dismiss

As shown below, good cause to stay discovery exists because (i) there is a strong likelihood that the Court will dismiss Plaintiffs' claims for failure to state a claim and on jurisdictional grounds, (ii) the Non-FTX Defendants face intrusive, needless, and expensive discovery with respect to claims that should be dismissed with prejudice at the threshold pleading stage, and (iii) Plaintiffs will not be prejudiced by a short stay of discovery.

### 1. The Motions to Dismiss are Clearly Meritorious and Case Dispositive

In taking a "preliminary peek" at the Motions to Dismiss, the Court need not "offer any substantive opinion on the merits of said Motion[s]." *In re Mednax Servs., Inc.*, 2021 WL 10428229, at *3 n.2. Rather, if, after a preliminary peek, the Court finds that the Non-FTX Defendants have raised "significant questions" about the viability of Plaintiffs' claims and have identified "notable pleading deficiencies," the Court is well within its authority to—and, indeed, should—stay discovery pending resolution of the threshold challenges. *Id.* at *2. Here, even a cursory review of the Motions to Dismiss shows that that they would dispose of this action as to the Non-FTX Defendants.

### The Motion to Dismiss Under Rule 12(b)(6)

As set out in full detail in the Rule 12(b)(6) Motion to Dismiss, each of Plaintiffs' claims is likely to be dismissed on several independent grounds. Plaintiffs' theory of this case is fundamentally untenable and unprecedented—the Non-FTX Defendants cannot be held liable for securities violations (and other alleged claims) related to the YBAs offered by FTX simply because

the Non-FTX Defendants are alleged to have been involved in advertisements and marketing by FTX, none of which is even alleged to have mentioned (or did mention) a YBA.

Plaintiffs' lead cause of action is a claim under the Florida Securities and Investor Protection Act, Fla. Stat. § 517.07, where Plaintiffs allege that the Non-FTX Defendants were "agents" of FTX who personally participated in the sale of YBAs. *See* 12(b)(6) Mot. 6. This claim fails for several reasons. *First*, the Non-FTX Defendants are not persons who can be held liable under Section 517.07 because none of the Non-FTX Defendants was in privity with Plaintiffs (who are alleged buyers of YBAs) and because the Non-FTX Defendants do not qualify as officers, directors, or agents of FTX merely by virtue of their involvement in FTX advertisements or marketing. *See id.* at 6-7. *Second*, none of the Non-FTX Defendants is alleged to have personally participated or aided in the sale of YBAs to Plaintiffs—nor could any such allegation be made. The Non-FTX Defendants only allegedly appeared in FTX advertisements or had a business agreement with FTX regarding FTX's marketing efforts—but crucially, none of the Non-FTX Defendants ever mentioned YBAs. *See id.* at 7-8.

Plaintiffs' other claims are also fundamentally defective. The FDUTPA claim is barred as a threshold matter because claims related to securities transactions, as alleged here, cannot be brought under FDUTPA. *See id.* at 9-10. Additionally, the alleged deceptive conduct was not pled with particularity in satisfaction of Rule 9(b). *See id.* at 11. This, by itself, is a basis for the requested stay, because a stay of discovery is appropriate "especially where, as here, Defendants are alleging that Plaintiffs failed to plead fraud with particularity as required by" Rule 9(b). *Tradex Global Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, No. 09-cv-21622, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (Moreno, J.). In addition, the claim is based on statements that are non-actionable puffery, 12(b)(6) Mot. 11, the Non-FTX Defendants did not participate in the alleged misconduct underlying the claim, *id*. at 12-13, and the Non-FTX

Defendants were not the proximate cause of Plaintiffs' alleged losses, *id.* at 13-14. Finally, the claims for civil conspiracy and declaratory judgment likewise fail, including because the underlying securities and FDUTPA claims upon which they are based fail. *Id.* at 14-16.

In sum, there is good cause for a threshold stay of discovery because the Court is faced with a lawsuit that is likely to be dismissed.

### *The Motion to Dismiss for Lack of Personal Jurisdictio*n

Five out of eleven Non-FTX Defendants, as well as Defendant Trabucco, moved to dismiss for lack of personal jurisdiction. *See* PJ Mot.; Trabucco Mot. 6-12. This fundamental jurisdictional challenge serves as an alternative and independent basis to stay discovery.

As this Court has recognized, "'when faced with legitimate jurisdictional challenges . . . discovery should not commence until such challenges are resolved.'" *Oueiss v. al Saud*, No. 20-cv-25022 (S.D. Fla. Apr. 5, 2021) (Moore, J.) (copy attached as Exhibit **B**) at 5 (quoting *Lewis*, 2020 WL 4923540, at *3); *see also Gillier v. Servicios Agecom, LLC*, No. 17-cv-23155, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) (Scola, J.) (staying discovery given "strong likelihood" that motions to dismiss based on lack of personal jurisdiction would be granted, in which case "proceeding in this forum . . . would be improper"). This is true even where a threshold jurisdictional challenge is brought by some (but not all) defendants because "[a] stay of discovery may logically be applied to all parties in an action, even those who do not raise jurisdictional challenges." *Oueiss*, No. 20-cv-25022 at 5 (citing *Iqbal*, 556 U.S. at 685-86).

In *Oueiss*, the plaintiff, an international journalist, sued eighteen domestic and foreign defendants for, *inter alia*, hacking and defamation. *See id.* at 2. All defendants brought a motion to stay discovery pending resolution of various motions to dismiss. *Id.* at 3. Certain foreign defendants argued that their personal jurisdiction issues necessarily had to be resolved before the Court could require them to engage in discovery. *Id.* at 3-4. While the U.S. defendants did not raise

personal jurisdiction challenges, they still joined the motion to stay based on the jurisdictional challenges, arguing that "discovery should not proceed in piecemeal fashion." *Id.* at 4. This Court found that discovery could not commence against the foreign defendants who raised personal jurisdiction challenges. *Id.* at 5. As a result, the Court stayed discovery entirely, even as to the non-movants, because it would be inefficient to proceed otherwise. *See id.* at 5-6.

Here, where almost half of the Defendants who have appeared have brought meritorious challenges to the exercise of personal jurisdiction—in part, based on the complete absence of any adequate allegations, *see*, *e.g.*, PJ Mot. 7-11—the Court should stay all discovery, as it did in *Oueiss*. There is no dispute that the Court does not have general jurisdiction over the Non-Florida Defendants, who are non-resident individuals and a California professional sports team. *See id.* at 6-7. And there is no specific jurisdiction because Plaintiffs do not allege that any of these defendants marketed or sold YBAs (or even generically promoted FTX) in Florida, which means that Plaintiffs do not satisfy the "connexity" requirement; plus, Plaintiffs' allegations fall severely short of satisfying the "minimum contacts" test. *See id.* at 8-15.

Plaintiffs should not be permitted to avoid a stay—or delay the adjudication of the Motions to Dismiss—through purported "jurisdictional discovery." Review of Composite Exhibit A shows that the highly burdensome and expansive requests are not "jurisdictional discovery," but, instead, go to the merits of Plaintiffs' claims. *See id.* Beyond that, however, Plaintiffs' "jurisdictional discovery" requests are premature. No Rule 26(f) conference has occurred and a plaintiff seeking jurisdictional discovery "must move the Court to grant the jurisdictional discovery it seeks." *Zamora Radio, LLC v. Last.fm LTD.*, No. 09-cv-20940, 2011 WL 2580401, at *12 (S.D. Fla. June 28, 2011) (Torres, M.J.) (*citing United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-1281 (11th Cir. 2009)).

Finally, no such "jurisdictional discovery" could be appropriate because Plaintiffs fail to

plead a *prima facie* case of personal jurisdiction. *See, e.g.*, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue."); *Diulus*, 823 F. App'x at 847 ("because their complaint failed to state a claim, [plaintiffs] were not entitled to discovery"). As this Court has ruled, a plaintiff "is foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he 'should have had—but did not—before coming through the courthouse doors.'" *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir.2007)). That principle fully applies here.

## 2. Without a Stay, the Court and the Non-FTX Defendants Will Be Unduly Burdened By Needless and Expensive Discovery

Without the requested stay, the Non-FTX Defendants will be subject to the unnecessary, expensive, and significant burden of engaging in discovery in this "complex and costly litigation," Order at 3, ECF 133, which the Court should dismiss with prejudice at the threshold stage. This factor—the "likely costs and burdens of proceeding with discovery" on nonmeritorious claims— weighs heavily in favor of a stay. And, of course, the Court would have to expend the time and effort involved in addressing a substantial number of discovery challenges, given the excessive breadth of Plaintiffs' supposedly-limited "jurisdictional discovery." *See* Comp. Ex. A.

In *Chudasama*, the Eleventh Circuit highlighted that discovery "imposes several costs on the litigant from whom discovery is sought," which is a strong basis to stay discovery. 123 F.3d at 1367. As the court explained:

> [Discovery] burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories

and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Id*. at 1367-68 (footnote omitted).

As noted above, the burdens of discovery are especially apparent in this litigation. Composite Exhibit A shows the expansive nature of just the "jurisdictional discovery" Plaintiffs seek, which belies any assertion by Plaintiffs that they seek only "narrow" discovery "at this stage" of the proceedings. On top of the "jurisdictional discovery," Plaintiffs intend to seek "initial" merits discovery that would involve (i) merits depositions of all eleven Non-FTX Defendants, (ii) requests for production for all documents related to the Non-FTX Defendants' endorsement, sponsorship, or other agreements with FTX, (iii) interrogatories regarding persons involved in the Non-FTX Defendants' decision to enter into agreements with FTX; (iv) non-party discovery and depositions of two purported "FTX Insiders"—Constance Wang and Lou Frangella; (v) non-party discovery and depositions of FTX's accountants—Aranino and Prager Metis; and (vi) non-party discovery and depositions of advertising companies—Wassernman and dentsuMB.

Thus, before the Court has determined that they state *any* claim, Plaintiffs seek to take multiple party and non-party depositions—all of which each of the Non-FTX Defendants' counsel would have to attend—and to propound extensive written discovery going to the merits, all of which would be subject to potential objections and extensive discovery proceedings before the Court and/or Magistrate Judge. The costs of Plaintiffs' proposed discovery (as well as inevitable discovery battles over the excessive proposed discovery) will unnecessarily burden the Court and

the litigants, which further warrants a stay. *See, e.g.*, *Taylor*, 2020 WL 6118779, at *3 (stay "particularly appropriate in large putative class action cases . . . wherein Plaintiff seeks a significant swath of [discovery] from multiple entities"); *Soldevilla v. On the Barrelhead, Inc.*, No. 19-cv-14462, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020) (Marra, J.) ("By staying discovery until the motion to dismiss is resolved, the parties will avoid the burden of potentially unnecessary, expensive and fruitless discovery.").

Further, the Court should also consider the significant and unnecessary burdens already placed upon the Non-FTX Defendants to defend these lawsuits.[6] *See, e.g.*, *Chevaldina v. Katz*, No. 17-cv-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) (Torres, M.J.) (staying discovery and noting that defendants "have already incurred tens of thousands of dollars in attorneys' fees for an action that is not properly before this Court"). This significant burden has been particularly exacerbated by Plaintiffs' counsels' efforts to forum shop. *Norris v. Brady*, No. 23-cv-20439, also pending before this Court (and just stayed pending resolution of this action, *see Norris* ECF 48), is a duplicative action originally brought in Florida state court *after* Plaintiffs' counsel first filed this putative class action in this Court, apparently to shop for a different judge to issue threshold rulings on Plaintiffs' nonmeritorious claims. As a direct result, three Non-FTX Defendants (Brady, O'Leary, and Ortiz) were forced to incur significant costs addressing *Norris* while it was in state court, removing *Norris* to this Court, and opposing Plaintiffs' motion to remand, as well as dealing with the procedural complexities of two duplicative actions. *See Norris* ECF 46 at 2-6.

In sum, the costs and burden that would be placed upon the Court and the Non-FTX

---

[6]     These proceedings have a complex procedural history, which is described in detail in Defendants' Brady, O'Leary, and Ortiz's response to the order to show cause issued in *Norris*. *See Norris* ECF 46 at 2-6. The Non-FTX Defendants do not repeat that history here.

Defendants in proceeding with discovery on Plaintiffs' nonmeritorious claims is indisputably onerous, and substantially outweighs any (non-existent) prejudice to Plaintiffs.

### 3.   Plaintiffs Will Not Be Prejudiced by a Temporary Stay

Balanced against the strong legal basis of the Motions to Dismiss and the significant burdens and costs of discovery that would be imposed on the Non-FTX Defendants and the Court, a brief stay of discovery will not cause material—or, in reality, any—prejudice to Plaintiffs.

*First*, a stay of discovery will not prejudice Plaintiffs because discovery is not needed at this stage, where the Court is making threshold evaluations of whether Plaintiffs have stated a claim and whether the Court has jurisdiction over the Non-Florida Defendants. These are "purely legal question[s]" and, thus, "neither the parties nor the court have any need for discovery before the court rules on the" Motions to Dismiss. *Chudasama*, 123 F.3d at 1367; *see also*, *e.g.*, *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-cv-81490, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 28, 2016) (Middlebrooks, J.) ("Given that [defendant's] Motion to Dismiss raises substantial questions as to the legal sufficiency of the Complaint, a stay of discovery is appropriate.").

*Second*, the prejudice to Plaintiffs is non-existent because they will have the opportunity to take discovery if the Court finds that they have brought a viable lawsuit, as several Judges in this District have recognized. *See, e.g., Marchand v. Wal-Mart Stores, Inc.*, No. 19-cv-80955, 2019 WL 13279818, at *2 (S.D. Fla. Oct. 10, 2019) (Scola, J.) (granting stay because it would "not cause any prejudice to the Plaintiff who will be afforded sufficient opportunity to conduct discovery if any of her claims advance"); *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-cv-80134, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (Ryskamp, J.) (stay of discovery would cause no prejudice; "[s]hould this Court deny the Motion to Dismiss, any discovery to which Plaintiff may ultimately be entitled will be available following the stay").  And the duration of the proposed stay would be modest given that the Motions to Dismiss will be fully briefed and ripe

for decision in a matter of weeks. *See* Paperless Order, ECF 132.

But, as the baseline principle of *Chudasama* recognizes, if Plaintiffs have *not* stated a claim—and the Non-FTX Defendants submit the Motions to Dismiss show Plaintiffs have not done so—then Plaintiffs have no entitlement to discovery at all.

## CONCLUSION

This is the exact type of case where a Court should exercise its discretion to enter a stay of discovery. A quick "peek" at the Motions to Dismiss demonstrates that this case will likely be dismissed at the threshold stage; the burdens of discovery upon the Court and the Non-FTX Defendants would be significant and unnecessary absent a stay; and the prejudice to Plaintiffs is non-existent. Therefore, the Court should stay discovery—including Rule 26 initial disclosures—pending its rulings on the Motions to Dismiss.

WHEREFORE, Defendants Thomas Brady, Gisele Bündchen, Stephen Curry, Lawrence David, the Golden State Warriors, LLC, Udonis Haslem, William Trevor Lawrence, Shohei Ohtani, Kevin O'Leary, David Ortiz, and Naomi Osaka request that the Court stay all discovery and (including initial disclosure obligations) pending its rulings on the Motions to Dismiss, and grant the Non-FTX Defendants such other and further relief as the Court deems just and proper.

## Local Rule 7.1(a)(3) Certification

On April 24, 2023, beginning at 3:00 p.m. EDT, counsel for Defendants Curry, David, GSW, Haslem, Ohtani, Osaka, and Ortiz attended an approximately hour-long Zoom with Plaintiffs' counsel to discuss (i) issues related to Plaintiffs' requests for jurisdictional and other discovery from the Non-FTX Defendants and (ii) the Non-FTX Defendants' request to stay all discovery pending rulings on the Motions to Dismiss. Counsel for the parties resumed the discussions via Zoom on April 26, 2023, also at 3:00 p.m. EDT. Plaintiffs stated that they oppose a stay of discovery.

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martinez*
　Roberto Martínez
　Florida Bar No. 305596
　　*bob@colson.com*
　Stephanie A. Casey
　Florida Bar No. 97483
　　*scasey@colson.com*
　Zachary Lipshultz
　Florida Bar No. 123594
　　*zach@colson.com*

**LATHAM & WATKINS LLP**
　Andrew B. Clubok (*pro hac vice*)
　　*andrew.clubok@lw.com*
　Susan E. Engel (*pro hac vice*)
　　*susan.engel@lw.com*
　Brittany M.J. Record (*pro hac vice*)
　　*brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
　Marvin S. Putnam (*pro hac vice*)
　　*marvin.putnam@lw.com*
　Jessica Stebbins Bina (*pro hac vice*)
　　*jessica.stebbinsbina@lw.com*
　Elizabeth A. Greenman (*pro hac vice*)
　　*elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
　Michele D. Johnson (*pro hac vice*)
　　*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele*
*Bündchen, and Lawrence David*

**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379


By: */s/ Matthew S. Kahn*
Matthew S. Kahn (*pro hac vice*)
   *MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
   *MJKahn@gibsondunn.com*

Michael Dore (*pro hac vice forthcoming*)
   *MDore@gibsondunn.com*
Jamila MacEbong (*pro hac vice*)
   *JMacEbong@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State
Warriors, LLC and Naomi Osaka*


**DIMOND KAPLAN & ROTHSTEIN, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone:        (305) 374-1920
Facsimile:        (305) 374-1961

By: */s/ David A. Rothstein*
David A. Rothstein, Esq.
Fla. Bar No. 995762
   *DRothstein@dkrpa.com*
Alexander M. Peraza, Esq.
Fla. Bar No. 107044
   *APeraza@dkrpa.com*
Eshaba Jahir-Sharuz, Esq.
Fla. Bar No. 1038846
   *Eshaba@dkrpa.com*

**MCANGUS GOUDELOCK & COURIE LLC**
2000 Market Street, Suite 780
Philadelphia, PA 19103
(484) 406-4334

By: */s/ Eric A. Fitzgerals*
Eric A. Fitzgerald (*pro hac vice*)
  *eric.fitzgerald@mgclaw.com*
Hillary N. Ladov (*pro hac vice*)
  *hillary.ladov@mgclaw.com*

*Attorneys for Defendant William Trevor Lawrence*

**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100

By: */s/ Edward Soto*
  Edward Soto (Fla Bar. No. 0265144)
    *edward.soto@weil.com*

*Attorney for Defendant Shohei Ohtani*


**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
  Nathan Bull (Fla. Bar No. 1029523)
    *nbull@mwe.com*

**McDERMOTT WILL & EMERY LLP**
  Jason D. Strabo (*pro hac vice* pending)
    *jstrabo@mwe.com*
  Ellie Hourizadeh (to file *pro hac vice*)
    *ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
  Sarah P. Hogarth (*pro hac vice* pending)
    *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
   Christopher S. Carver, Esq.
   Florida Bar No. 993580
     *christopher.carver@akerman.com*
   Jason S. Oletsky, Esq.
   Florida Bar No. 9301
     *jason.oletsky@akerman.com*
   Katherine A Johnson, Esq.
   Florida Bar No. 1040357
     *katie.johnson@akerman.com*

*Attorneys for Defendant David Ortiz and Udonis Haslem*

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
Jeffrey Neiman
Fla Bar. No. 544469
   *jneiman@mnrlawfirm.com*
Jeffrey Marcus
Fla. Bar No. 310890
   *jmarcus@mnrlawfirm.com*
Michael Pineiro
Fla. Bar No. 041897
   *mpineiro@mnrlawfirm.com*
Brandon Floch
Fla. Bar No. 125218
   *bfloch@mnrlawfirm.com*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
   *abrettler@berkbrettler.com*

*Attorneys for Defendant Kevin O'Leary*

- 22 -