# Composite

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY,

     Plaintiff,

v.

VOYAGER DIGITAL LTD., *et al.*,

     Defendants.

_____/

## ORDER

     **THIS CAUSE** came before the Court on Defendants, Voyager Digital Ltd.'s ("Voyager Ltd.") and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 29], filed on February 17, 2022. The Court issued an Order [ECF No. 30] requiring expedited briefing. Plaintiff, Mark Cassidy, filed a Response [ECF No. 33], to which Defendants filed their Reply [ECF No. 34]. For the following reasons, the Motion is denied.

     ***Standard.*** A district court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted). "Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In determining whether to stay discovery, courts must take a "preliminary peek" at a dispositive motion to assess the likelihood that the motion will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quotation marks omitted; quoting *Feldman*, 176 F.R.D. at 652). Parties seeking to stay

discovery must make a "specific showing of prejudice or burdensomeness[.]" *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (quotation marks and citation omitted).

    *Discussion*.  Having taken a "preliminary peek" at Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 28] ("Motion to Compel & Dismiss"), the Court cannot grant the Motion to Stay.  Instead, the parties must conduct limited discovery to determine (1) whether the Court has personal jurisdiction over Voyager Ltd.; and (2) whether the arbitration agreement is enforceable.  The Court explains.

    <u>Motion to Dismiss for Lack of Personal Jurisdiction.</u>  Voyager Ltd. seeks to dismiss the Complaint [ECF No. 1] for lack of personal jurisdiction.  (*See* Mot. to Compel & Dismiss 23).[1] Voyager Ltd. maintains that Plaintiff has "failed to make a prima facie showing of personal jurisdiction" over it.  (Reply 7; *see* Mot. to Compel & Dismiss 23).  To establish personal jurisdiction over a nonresident defendant, a plaintiff "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted).  Courts must accept the facts alleged as true, to the extent they are undisputed.  *See id.* at 1214–15.  A genuine dispute of material jurisdictional fact warrants jurisdictional discovery.  *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018).

    Voyager Ltd. disputes that it purposefully "avail[ed itself] of the Florida consumer market through the promotion, marketing, sale, and service of [its] Voyager Platform in Florida." (Compl. ¶ 15 (alterations added); *see* Mot. to Compel & Dismiss 23).  Voyager Ltd. describes itself as a

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

mere "holding company" that does not conduct business in Florida. (Reply 7 (citations omitted); *see also* Mot. to Compel & Dismiss 24).

But Voyager Ltd.'s own statements contradict its position and bolster Plaintiff's allegations that it provides services in Florida. In Voyager Ltd.'s March 2021 earnings call, one of its representatives stated, "We're at 49 states today. We offer our services in 49 states. It's only New York that we're not — we don't offer this service." (Compl., Ex. G, March 3, 2021 Earnings Call [ECF No. 1-8] 17; *see id.* 2 ("[W]elcome to Voyager Digital Limited earnings call." (alteration added)). It is possible that the representative meant to reference Voyager Digital, LLC, when he used "we," but this ambiguity only accentuates the need for jurisdictional discovery.

Although the Court is only conducting a "preliminary peek at the merits," *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted), other courts have concluded that similar evidence of business activity within a jurisdiction is sufficient to satisfy a plaintiff's initial burden of alleging personal jurisdiction. *See, e.g.*, *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628, 632 (11th Cir. 1996) (affirming finding of personal jurisdiction over nonresident defendant where her "sporadic" business activities occurred in Florida); *Kinney v. Mindsize, LLC*, No. 20-62094-Civ, 2021 WL 3911859, at *4–5 (S.D. Fla. June 7, 2021) (concluding that unrebutted allegations of business activity in a state "establish at least a prima facie basis for exercising personal jurisdiction" (italics omitted)). Given the Complaint's allegations and Voyager Ltd.'s own statement that it operates in 49 states, including Florida, the possibility of dismissal "is not apparent enough after a 'preliminary peek' to warrant an across-the-board stay of discovery[.]" *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 187 (S.D. Fla. 2019) (alteration added).

While Plaintiff has satisfied his prima facie showing at this juncture, Voyager Ltd. has produced a declaration that conflicts with Plaintiff's allegations and evidence. (*See* Mot. to Compel & Dismiss, Ex. A., Casey Decl. [ECF No. 28-1] 3 ("Voyager Ltd[.] is a foreign holding

3

company parent of Voyager [Digital] LLC with no operations or employees. Voyager Ltd[.] does not operate or market the Voyager Platform." (alterations added))). Even though factual conflicts merit jurisdictional discovery, *see Aviation One of Fla.*, 722 F. App'x at 878, Voyager Ltd. opposes discovery because "Plaintiff has not moved the Court for jurisdictional discovery or for an extension of time to respond to the Motion to Compel" (Reply 6).[2]

Courts may occasionally deny informal requests for jurisdictional discovery, *see Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019), but they also "have the power to order the discovery of facts necessary to determine their jurisdiction over the merits[,]" *Aviation One of Fla.*, 722 F. App'x at 878 (alteration added; citation omitted). The Court opts to exercise its authority to order jurisdictional discovery to resolve the disputed facts surrounding personal jurisdiction rather than waste time awaiting further briefing.

Nevertheless, if Plaintiffs' jurisdictional discovery requests are too far-reaching, and conferral is unsuccessful at resolving any disagreement, Defendants may address that matter with Magistrate Judge Torres.

Motion to Compel Arbitration. Defendants also argue that (1) permitting discovery prejudices Defendants because it risks a conclusion that they waived their right to arbitrate (*see* Mot. 4); (2) the Federal Arbitration Act ("FAA") requires the Court stay discovery until arbitration is conducted (*see id.* 4–5); and (3) failure to grant a stay will waste the parties' resources (*see id.* 5–6). These arguments do not persuade.

First, Defendants can rest assured knowing that their participation in court-ordered discovery will not waive their right to arbitrate. It may be true that "substantially participat[ing]

---

[2] Voyager Ltd. also argues that the Court should deny Plaintiff's "informal requests for" jurisdictional discovery because Plaintiff omitted any jurisdictional inquiries in his first wave of requests. (Reply 6). Nonsense. Plaintiff served discovery *before* Voyager Ltd. moved to dismiss for lack of personal jurisdiction. (*See* Resp. 6). Plaintiff's failure to predict Voyager Ltd.'s position does not require that he forgo jurisdictional discovery.

in litigation" could reach "a point inconsistent with an intent to arbitrate." *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (alteration added; citation and quotation marks omitted). But no waiver occurs when a party invokes its right to arbitrate, and the court orders it to engage in discovery. *See, e.g.*, *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1351–52 (11th Cir. 2017) ("To conclude that [defendant] acted inconsistently with its right to arbitrate, we would have to conclude that [defendant] should have disobeyed the District Court's order. We decline to adopt such a position." (alterations added)).

Second, Defendants are correct that the FAA requires courts to stay "any issue referable to arbitration under an agreement[,]" but courts must first be "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3 (alterations added). It is not immediately apparent, even after a "preliminary peek at the merits" of the Motion to Compel, that the arbitration agreement is enforceable. *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted).

To begin, assessing the merits proves difficult because it is unclear whether Florida or New Jersey law applies. (*See* Mot. to Compel & Dismiss 18–21; Resp. 13). Regardless, courts in both jurisdictions have chosen not to immediately enforce arbitration agreements that bear at least some resemblance to the arbitration agreement at issue here. *See Doe v. Natt*, 299 So. 3d 599, 600–02 (Fla. 2d DCA 2020); *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1182 (N.J. 2016).

Moreover, compelling arbitration could depend on which version, if any, of the arbitration provisions Plaintiff assented to. For example, even if a January 2021 arbitration provision is unenforceable (*see* Resp. 14), then Plaintiff could still be subject to an amended, later, valid arbitration agreement. Until the parties have an opportunity to evaluate different iterations of the arbitration agreement and fully brief their enforceability, the Court cannot definitively state that

Defendants' chance of success is "apparent enough" to merit a discovery stay. *Cabrera*, 331 F.R.D. at 187.

Third, Defendants maintain that permitting discovery will waste the parties' and Court's resources. (*See* Mot. 5). Not only does this argument rely on a premature assumption that Plaintiff has "an invalid claim" (*id.* 6 (quotation marks omitted; quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)), but Defendants point only to cherry-picked exhibits purportedly demonstrating that discovery would be a waste (*see* Mot. 6 (citing Mot. to Compel & Dismiss, Exs. A–F [ECF No. 28-1])). The Court cannot take Defendants' word without giving Plaintiff a chance to investigate the evidence. Plaintiff will therefore have an opportunity to take discovery and assess the validity of the arbitration clause. *See Envision Ins. Co. v. GrayRobinson, P.A.*, No. 8:13-cv-114, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013) (denying a motion to stay discovery pending a motion to compel arbitration where the arbitration clause's validity was at issue).

Accordingly, it is

**ORDERED AND AJUDGED** as follows:

1. Defendants, Voyager Digital Ltd. and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint **[ECF No. 29]** is **DENIED** without prejudice.

2. Plaintiff shall propound written jurisdictional and arbitration-related discovery requests by **March 7, 2022**.[3]

3. Defendants shall serve objections to written jurisdictional arbitration-related discovery requests — following proper conferral with Plaintiff — by **March 17, 2022**. Should any

---

[3] Defendants may similarly engage in discovery if they wish; the Court will not address deadlines for such discovery as this is not an issue in the parties' briefing.

CASE NO. 21-24441-CIV-ALTONAGA/Torres

objections be served, Plaintiff shall contact Magistrate Judge Edwin G. Torres's chambers by March 21, 2022 to arrange a date for a discovery hearing.

4.     Defendants shall respond to written jurisdictional discovery requests by **March 24, 2022**.

5.     The parties shall complete jurisdictional discovery, including depositions, by **April 14, 2022**.

6.     Plaintiff has until **April 14, 2022** to file his first amended complaint or file a notice stating that he intends to proceed with the Complaint [ECF No. 1].

7.     Defendants have until **April 16, 2022** to file a notice indicating they will not be challenging personal jurisdiction or seeking to compel arbitration, or until **April 24, 2022** to renew their motion to compel arbitration and dismiss for lack of personal jurisdiction. The response and reply memoranda are due within the times permitted by the Rules. No extensions of time will be given.

8.     The deadlines set forth in the Court's Scheduling Order **[ECF No. 20]** are **SET ASIDE**. Once the matters of personal jurisdiction and arbitration are resolved, the parties will be instructed by separate order to submit an amended joint scheduling report.

9.     All pending motions are **DENIED** as premature.

     **DONE AND ORDERED** in Miami, Florida, this 3rd day of March, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al Order on Motion to Certify Class |
| **Date:** | Friday, November 18, 2022 4:33:14 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 11/18/2022 at 4:31 PM EST and filed on 11/18/2022
**Case Name:**          Robertson et al v. Cuban et al
**Case Number:**      1:22-cv-22538-RKA
**Filer:**
**WARNING: CASE CLOSED on 08/31/2022**
**Document Number:** 45(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying without prejudice [40] the Plaintiffs' Motion for Class Certification. The Plaintiffs may refile their motion after we rule on the pending Motion to Dismiss [ECF No. 41]. We also DENY as moot [43] the Defendants' Motion for Extension of Time since we've denied the Plaintiffs' Motion for Class Certification.**

**Finally, we deny [42] the Defendants' Motion to Stay and for a Protective Order. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Cuhaci v. Kouri Grp., LP*, 2021 WL 1945819, at \*2 (S.D. Fla. May 14, 2021) (cleaned up). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at \*2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery "bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Similarly, the Court's scheduling orders may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4).**

**Here, the Defendants have failed to establish that staying discovery is**

**warranted. The Defendants' sole justification for requesting a stay is that their pending motion to dismiss might eliminate the need for discovery. But that could be said about nearly all motions to dismiss -- and so, the Defendants have done nothing to establish a "specific showing of prejudice or burdensomeness." They have not, for example, pointed to extraordinary costs or to a long-awaited ruling on a dispositive motion or to a particularly dubious complaint. In fact, taking "a preliminary peek" at the merits of the motion to dismiss, the motion is not "clearly" meritorious. *Feldman*, 176 F.R.D. at 652-53. For these reasons, the Defendants have not established that a stay would be reasonable or that there is good cause for the request in this case.**

**And, to the extent the Defendants' Motion seeks a protective order, we'll DENY that, too, because the Defendants haven't told us what they seek protection from or what that protective order might look like. Signed by Judge Roy K. Altman on 11/18/2022. (js07)**

**1:22-cv-22538-RKA Notice has been electronically mailed to:**

Adam M. Moskowitz    adam@moskowitz-law.com, dione@moskowitz-law.com, rejane@moskowitz-law.com, service@moskowitz-law.com

Alexandra Lyn Tifford    atifford@fowler-white.com, aherazo@ecf.courtdrive.com, aherazo@fowler-white.com, atifford@ecf.courtdrive.com, CAfilings@fowler-white.com, mramirez@ecf.courtdrive.com

Barbara Cabrera Lewis    barbara@moskowitz-law.com, service@moskowitz-law.com

Christopher Edson Knight    cknight@fowler-white.com, CAfilings@fowler-white.com, golivares@fowler-white.com

David Boies    dboies@bsfllp.com

Esther Elisa Galicia    egalicia@fowler-white.com, CAFilings@fowler-white.com, sabreu@fowler-white.com

Jessica N. Meyers    jmeyers@brownrudnick.com

Joseph M. Kaye    joseph@moskowitz-law.com, dione@moskowitz-law.com, rejane@moskowitz-law.com, service@moskowitz-law.com

Rachel O. Wolkinson    rwolkinson@brownrudnick.com

Sigmund Wissner-Gross    swissner-gross@brownrudnick.com

Stephen A. Best    sbest@brownrudnick.com

Stephen N. Zack    szack@bsfllp.com, Cwashenko@BSFLLP.com

**1:22-cv-22538-RKA Notice has not been delivered electronically to those listed below and**

**will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*,

     Plaintiffs,

v.

MARK CUBAN, *et al.*,

     Defendants.

_____/

## **ORDER FOLLOWING HEARING**

This cause comes before the Court following a discovery hearing conducted on January 6, 2023. [ECF No. 76]. At the hearing the parties discussed the following issues: (1) Defendants' request to bifurcate deposition discovery; (2) Defendants' responses to Plaintiff's initial discovery requests; (3) the date for Defendant Mark Cuban's deposition; (4) whether Mr. Cuban's deposition will be limited to jurisdictional issues; (5) the date Defendant Dallas Mavericks ("Mavericks") must produce employees Ryan Mackey and Kyle Tapply to be deposed; (6) scheduling the in-person depositions of three Florida-based Plaintiffs, Pierce Robertson, Rachel Gold, and Sanford Gold, as well as non-party Eric Rares (Rachel Gold's husband); and (7) Plaintiffs' responses to Defendants' First Omnibus Request for Production.

Having heard from the parties, in accordance with the ruling from the bench, and for the reasons stated on the record, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' request to bifurcate discovery allowing Plaintiffs to initially depose witnesses regarding solely jurisdictional issues is denied'

2. Mark Cuban's deposition, scheduled to take place in Dallas, Texas, on February 2, 2023, will be taken in full and will *not* be limited to jurisdictional issues;

1

3. The three Florida-based Plaintiffs shall appear for *in-person* depositions as follows:

   a. Pierce Robertson may be deposed in Chicago, Illinois during the week of January 9, 2023;

   b. Rachel Gold shall be deposed in her Coral Springs, Florida home on January 23, 2023;

   c. Sanford Gold shall be deposed in Miami, Florida, on either January 23 or 24, 2023;

   d. Non-party Eric Rares shall be deposed in Miami, Florida on either January 23 or 24, 2023;

4. Plaintiffs shall produce outstanding discovery requested in Defendants' First Omnibus Request for Production. Specifically, Plaintiffs must produce outstanding discovery relating to Plaintiffs' Voyager accounts and trading and financial information related to those Voyager accounts by the close of business January 13, 2023. With respect to the request for "documents relating to any investment accounts with any brokerage firm, person or entity," at this juncture, Plaintiffs have not established the relevancy of those documents; and

5. Defendants shall produce Mavericks employees Ryan Mackey and Kyle Tapply to be deposed prior to February 23, 2023. Defendants shall prioritize and produce all discovery to Plaintiffs as to these two individuals by the end of January 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of January 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Court Judge Roy K. Altman**; and

       **All Counsel of Record**