**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**DEFENDANT SHAQUILLE O'NEAL'S MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS AND INCORPORATED MEMORANDUM OF LAW**

After a failed motion to serve Mr. O'Neal by alternate means, Plaintiffs now suddenly claim to have served him in the state of Georgia.[1] They rely on two process servers—neither of whom has legal authority to serve process in Georgia—who "tossed . . . legal documents at the front of" Mr. O'Neal's moving car, and "le[ft] the legal documents on the road where they landed." Affs. 1, ECF No. 161. This purported "service" is inadequate under Rule 4 of the Federal Rules of Civil Procedure and Georgia law. It should be quashed, and the claims against Mr. O'Neal dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

**I.    BACKGROUND.**

Plaintiffs filed this action on November 15, 2022. *See* Compl., ECF No. 1. Their ninety-day window to serve Mr. O'Neal expired on February 13, 2023. *See* Fed. R. Civ. P. 4(m). Yet Plaintiffs did not even hire a process server to attempt service on Mr. O'Neal until February 21, 2023. Pls.' Composite Ex. B. at 4, ECF No. 88-2. According to their filings, Plaintiffs first sought to serve Mr. O'Neal on February 23, 2023—well after the deadline to complete service—at his former wife's Texas home. *See id.* at 4-5. When this effort too did not succeed, Plaintiffs next attempted service at an address they believe to be Mr. O'Neal's Texas residence, but he was not there. *Id.* Plaintiffs then emailed copies of the service papers to counsel who represented Mr. O'Neal in previous, unrelated matters. Pls.' Resp. 5-6 & Exs. G, H, ECF Nos. 99, 99-7, 99-8. Plaintiffs next asked the Court to permit service by "direct message" on Twitter or Instagram or by email to attorneys who did not then and do not now represent Mr. O'Neal in this case. Mot. 8, ECF No. 122. The Court rejected these requests as "factually unsupported," "legally insufficient," and "frivolous." Order 3, ECF No. 133.

Plaintiffs' latest attempted service fares no better. Plaintiffs' affidavits state that the two

---

[1] Plaintiffs allege Mr. O'Neal is a Texas resident. Am. Compl. ¶ 38, ECF No. 16.

1

process servers—neither of whom is registered in Georgia—saw Mr. O'Neal driving his car out of his residence. Affs. 1, 5. They crowded the road outside the double residential gate to his property, making it so he had to drive by both of them to leave his home, and then stepped outside their cars. *Id.* One of them claims to have called Mr. O'Neal's name, and both state they held up "legal documents." *Id.* at 1, 5. Neither process server, however, identified himself or explained to Mr. O'Neal that he was there to serve process. *Id.* Instead, as Mr. O'Neal—who never exited his car—drove past the strangers lurking outside his home, one of the process servers "tossed the legal documents at the front of" his car. *Id.* When the documents hit the car, which was moving "at a high rate of speed," the documents "f[e]ll onto the road," and the process servers "l[e]ft the legal documents on the road where they landed"—that is, on the public road. *Id.* at 1-3.

## II.   ARGUMENT.

Plaintiffs may serve Mr. O'Neal by "following state law for serving a summons" in the state "where service is made"—*i.e.*, Georgia—or by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e). Plaintiffs did neither.

*First*, Plaintiffs' attempted service was insufficient under Georgia law, which requires that "personal service must be made by an authorized person." *Merck v. St. Joseph's Hosp. of Atl., Inc.*, 555 S.E.2d 11, 13 (Ga. Ct. App. 2001) (alteration and quotation omitted). "Authorized persons" include only law enforcement officers, individuals who are "specially appointed" by court order to serve process, and "certified process server[s]" registered with state and county officials. O.C.G.A. §§ 9-11-4(c), -4.1. Plaintiffs' process servers are neither specially appointed nor certified in Georgia.[2] Any service upon Mr. O'Neal by these "unauthorized person[s]" would

---

[2] Plaintiffs' process servers do not appear on either the Georgia Sheriffs' Association's "registry of certified process servers," O.C.G.A. § 9-11-4.1(e); *see* Ga. Sheriffs' Ass'n, *All Certified Process*

2

thus be "a nullity." *Lewis v. Waller*, 637 S.E.2d 505, 511 (Ga. Ct. App. 2006) (quotation omitted).

*Second*, Plaintiffs have not "personally" served Mr. O'Neal as required by Rule 4(e)(2)(A) and Georgia law, *see* O.C.G.A. § 9-11-4(e)(7) (requiring service in manner similar to Rule(4)(e)(2)). Effective service by personal delivery "require[s] that the service documents be 'tendered' to the recipient." *Blueskygreenland Env'tl Sols., LLC v. Rentar Env'tl Sols., Inc.*, 2013 WL 12095152, at *1 (S.D. Fla. Apr. 3, 2013). Throwing papers at a moving car and leaving them unattended on a public highway "is not good tender as it provides no way of knowing whether the papers landed in physical proximity to" Mr. O'Neal. *Id.*; *cf. Branstetter v. Lorenzo*, 2022 WL 1037198, at *2 (D. Haw. Mar. 14, 2022) (attempted service by "leaving papers on a parked vehicle" did not "amount to substantial compliance with Rule 4(e)(2)"); *Omnitrition Int'l Inc. v. Omnilife USA, Inc.*, 1997 WL 560772, at *1 (N.D. Tex. Aug. 29, 1997) (service would be insufficient if "an unidentified person hurled papers at the exterior of the [defendant's] limousine as it drove by," distinguishing facts).

As this Court has observed, "Plaintiffs must strictly comply with the statutory requirements" for service on Mr. O'Neal. ECF No. 101. "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Plaintiffs have had months and multiple tries. Mr. O'Neal has not evaded service by failing to be at the residences where Plaintiffs belatedly attempted service or by driving past strangers who approached his car. The Court should quash service and dismiss the claims against him.

---

*Servers*, http://www.gsacpsregistry.org/ (last accessed May 8, 2023), or the list of court- appointed process servers for the Georgia Superior Court assigned to McDonough, Georgia, *see* Henry Cnty. Gov't, *Flint Jud. Cir. Special Process Server List 2022-2023*, https://www.co.henry.ga.us/Departments/Courts/Superior-Court/Approved-Process-Servers (last accessed May 8, 2023).

Respectfully submitted,

**Colson, Hicks, Eidson, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
zach@colson.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
Brittany M.J. Record (*pro hac vice*)
*brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
Marvin S. Putnam (*pro hac vice*)
*marvin.putnam@lw.com*
Jessica Stebbins Bina (*pro hac vice*)
*jessica.stebbinsbina@lw.com*
Elizabeth A. Greenman (*pro hac vice*)
*elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501
**LATHAM & WATKINS LLP**
Michele D. Johnson (*pro hac vice*)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Shaquille O'Neal*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: /s/ *Roberto Martínez*
Roberto Martínez