**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:22-cv-23753-KMM**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

              /

## <u>JOINT SCHEDULING REPORT</u>

 Plaintiffs, Edwin Garrison, et al*.* ("Plaintiffs"), and Defendants, Thomas Brady, Gisele Bündchen, Stephen Curry, Lawrence David, Golden State Warriors, LLC ("GSW"), Udonis Haslem, William Trevor Lawrence, Shohei Ohtani, Kevin O'Leary, David Ortiz, Naomi Osaka (collectively, the "Non-FTX Defendants"), and Sam Bankman-Fried (collectively, the "Appearing Defendants")[1] (Appearing Defendants together with Plaintiffs, the "Parties"), submit this Joint Scheduling Report pursuant to S.D. Fla. Local Rule 16.1(b), and Federal Rule of Civil Procedure 26(f)(3).

 The Parties conferred on April 28, 2023.  The Non-FTX Defendants have moved to stay all discovery pending resolution of their pending motions to dismiss (ECF 162). With respect to the issue of jurisdictional discovery, Plaintiffs' position is as proposed in their pending motion for

---

[1] Defendants Caroline Ellison, Gary Wang, Nishad Singh, and Dan Friedberg have not yet appeared. Defendant Shaquille O'Neal has recently retained counsel Colson LLP and Latham & Watkins, LLP, and will be making his initial appearance today.  Because he had not yet obtained representation, Mr. O'Neal did not participate in the Parties' Rule 26 conference.

leave to conduct jurisdictional discovery (ECF 163). With respect to the issue of merits discovery, Plaintiffs take no position and leave it to the Court's discretion what discovery, if any, should be permitted pending a decision on the motions to dismiss or any transfer ordered by the Judicial Panel on Multidistrict Litigation. If the Court decides that discovery should be stayed pending the motions to dismiss, then the Parties suggest that the case schedule should be set either after the resolution of those motions or upon MDL consolidation, if that occurs. In the event the Court denies a stay of discovery, or prefers to have a schedule set notwithstanding any such stay of discovery, the Parties' report below provides the respective proposed schedules by the Plaintiffs and the Non-FTX Defendants. The Parties report as follows:

## I.      Plaintiffs' Statement

The FTX disaster is the largest financial fraud in US history. The former FTX CEO, Bankman-Fried, is facing numerous criminal charges and the new CEO—who helped wind down Enron—concluded that the FTX fraud surpassed Enron. Billions of dollars have been stolen from investors across the globe.

FTX was a centralized cryptocurrency platform which specialized in derivatives and leveraged products. It filed for bankruptcy protection in November 2022 and will be involved in federal bankruptcy proceedings for many years. There is no guarantee that any of the victims will be able to see any recovery from those proceedings.

This is a proposed class action brought on behalf of a Global Class, a Nationwide Class, and State Subclasses, of all individuals offered or sold, deceptive FTX Yield Bearing Accounts ("YBAs") or FTX's native cryptocurrency token ("FTT"), which were admittedly marketed and

promoted by the Defendants.[2] Plaintiffs allege—as the SEC and numerous state securities regulators have similarly concluded in analogous contexts with platforms such as BlockFi,[3] Voyager,[4] and Celsius,[5] who all offered these same accounts and native cryptocurrency platform tokens—that these YBAs and FTT are all unregistered "securities" as defined by applicable securities law.

Defendants' participation and/or actions in FTX's offerings and sales of YBAs and FTT violated various provisions of state securities laws and deceptive trade practices statutes, including those of Florida, which law may be applied nationwide as Florida is the situs of FTX's domestic headquarters and Florida's FSIPA and FDUTPA statutes were enacted to regulate the conduct of entities based within its borders so that such companies would not utilize the State as a hub for their global wrongdoing. Plaintiffs seek certification of a Global Class, a Nationwide Class, and a Florida State Subclass under Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the FRCP, which includes seeking a declaration that the YBAs and FTT are unlawfully sold unregistered securities, which entitles Plaintiffs and class members to full rescissionary damages. Defendants' substantial

---

[2] In further support of Plaintiffs' pending Expedited Motion for Leave to Conduct Jurisdictional Discovery, and to Amend Their Complaint With Any Facts Arising From Such Discovery, [ECF No. 163], filed on April 26, 2023, amongst the anticipated revisions and additions to the anticipated Amended Consolidated Complaint that Plaintiffs intend to file at the close of jurisdictional discovery will be allegations clarifying that Plaintiffs seek to hold Defendants accountable for their promotion of the FTX Platform and their necessary involvement in promoting YBAs and FTT, which Plaintiffs allege are also securities that were required to be registered. *See, e.g.,* ECF No. 16 ¶¶ 170–172; *see also, e.g.,* ECF No. 16-1 (Preliminary Expert Report of Paul Sibenik of CipherBlade Blockchain Investigation Agency).

[3] https://www.sec.gov/news/press-release/2022-26 (accessed May 8, 2023).

[4] https://coingeek.com/6-us-regulators-crackdown-on-voyager-digital-over-interest-bearing-accounts/ (accessed May 8, 2023).

[5] https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact=8&ved=2ahUKEwjvjNvg27j7AhWfRTABHfwzDe4QFnoECAsQAQ&url=https%3A%2F%2Fwww.nj.gov%2Foag%2Fnewsreleases21%2FCelsius-Order-9.17.21.pdf&usg=AOvVaw0Zd94fuhFSsOoGKM-vQ3YI (accessed May 8, 2023).

participation in the offer or sale of these unregistered YBAs and FTT, which were offered or sold from the State of Florida by FTX, renders Defendants jointly and severally liable to Plaintiffs and all Class Members for the full measure of damages resulting from their offer or sale. These specific claims have a strict liability standard with no *caveat emptor* defense.

What's more, is this action may be the only avenue for any of the victims to recover any of their damages.

Plaintiffs' Counsel have been investigating and litigating these and similar claims against failed exchanges FTX and Voyager for two years. After conducting significant research on the issues with the top cryptocurrency experts in the field, Plaintiffs' counsel brought the first nationwide class action against failed cryptocurrency exchange, Voyager Digital,[6] where they litigated many of these same issues until Voyager declared bankruptcy in July 2022. In August 2022, Plaintiffs' counsel brought the first nationwide class action against some of the largest Brand Ambassadors of Voyager for their respective roles in facilitating Voyager's offer and sale of unregistered securities.[7] That Voyager litigation is ongoing, and after substantial discovery, including reviewing tens of thousands of documents and taking over half a dozen significant depositions, Plaintiffs' counsel have already amassed enough evidence to seek class certification and summary judgment on many of the dispositive issues in the case.

In connection with Voyager's bankruptcy, Plaintiffs' counsel closely followed the bidding process that culminated in the purported agreement for FTX to purchase Voyager's customers' assets, where FTX couched themselves as the saviors of Voyager's customers. Because that

---

[6] *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres (the "*Cassidy* Action")

[7] *Robertson, et al. v. Mark Cuban, et al.,* Case No. 22-CV-22538-ALTMAN/Reid (the "*Voyager Brand Ambassadors* Action")

agreement was founded on many false and fraudulent predicates, however, Plaintiffs' counsel was ready to immediately file this action, the first nationwide class action against FTX, two business days after it was revealed that FTX operated as a fraudulent Ponzi scheme and sought emergency bankruptcy relief for themselves, leaving both Voyager's and FTX's customers blindsided with many billions of dollars in losses. Plaintiffs' counsel have since led the nation's litigation of these issues, bringing a number of nationwide and global class actions, and state court individual actions, here in South Florida, where FTX maintained its domestic headquarters and base of operations, in order to recover these customers' losses from any and all responsible parties.

All of the actions Plaintiffs' counsel have brought to date have now been consolidated and/or transferred to this Court, where they can be presided over in an organized and consistent fashion. Given that others around the country are now working to catch up, a rash of additional actions against many of these same defendants have been brought around the country. As a result, in order to continue to organize these actions and to ensure that they are litigated consistently, efficiently, and effectively, Plaintiffs' counsel filed a petition before the Judicial Panel on Multidistrict Litigation, *In re: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076 (J.P.M.L. 2023) (the "MDL Petition"), seeking to consolidate all pending and yet-to-be-filed related actions and to transfer them to the Southern District of Florida for pretrial purposes. The MDL Petition was fully briefed and has been set for oral argument on the JPML's calendar in Philadelphia on May 25, 2023. This action involves many of the very same common legal and factual issues raised by the related actions subject to the MDL Petition.

One such common legal issue, the question of whether the sale of every YBA or FTT token is (or is not) the sale of "unregistered securities," has practically been answered in the affirmative through various regulatory statements, guidance, and actions issued by the Securities and

Exchange Commission and other regulatory entities.

For example, on November 1, 2017, in the "SEC Statement Urging Caution Around Celebrity Backed ICOs,"[8] the SEC referred to their Report of Investigation concerning The DAO,[9] warning that virtual tokens or coins sold in ICOs may be securities, and those who offer and sell securities in the United States must comply with the federal securities laws. Any celebrity or other individual who promotes a virtual token or coin that is a security must disclose the nature, scope, and amount of compensation received in exchange for the promotion. A failure to disclose this information is a violation of the anti-touting provisions of the federal securities laws. **Persons making these endorsements may also be liable** for potential violations of the anti-fraud provisions of the federal securities laws, **for participating in an unregistered offer and sale of securities**, and for acting as unregistered brokers. The SEC will continue to focus on these types of promotions to protect investors and to ensure compliance with the securities laws.

Now that all Defendants are properly before this Court and the Parties held their Initial Scheduling Conference on April 28, 2023, discovery may now proceed expeditiously and efficiently (unless the Court should decide to stay discovery pending rulings on motions to dismiss or a ruling by the JPML regarding consolidation).[10] Plaintiffs will then move for certification of an issue class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (c)(4), with respect to the very specific, narrow and simple issue of whether (or not) the YBAs and/or FTT constitute

---

[8] https://www.sec.gov/news/public-statement/statement-potentially-unlawful-promotion-icos (accessed May 8, 2023) (emphasis added).

[9] https://www.sec.gov/litigation/investreport/34-81207.pdf (accessed May 8, 2023)

[10] Plaintiffs, as explained in their limited response to Defendant Bankman-Fried's Motion to Stay or Alternatively to Dismiss, [ECF No. 176], do not oppose staying this action only as to Defendant Bankman-Fried until the conclusion of the trial against him in the criminal action pending in the Southern District of New York (Case No. 22-cr-00673). Plaintiffs submit that the stay against Defendant Bankman-Fried should not continue through his criminal appeals process. However, the Court need not reach that issue now.

6

unregistered securities. Plaintiffs are seeking to have this simple issue determined by the Court as soon as practicable. Plaintiffs will thereafter seek a determination on this issue, either through summary judgment or an expedited trial to the extent the Court deems the determination to be an issue of fact.

## II.     Defendants' Statements

### A.     Sam Bankman-Fried's Statement

Defendant Sam Bankman-Fried is a defendant in a criminal matter set for trial in October, 2023 n *United States v. Bankman-Fried*, 22-cr-00673 (LAK) (S.D.N.Y.).  The issues in the present action are inextricably intertwined with the subject of the criminal matter.  In order to protect his Constitutional rights pursuant to the Fifth Amendment, Mr. Bankman-Fried respectfully submits that the claims against him should be severed from the present action, and that all aspects of the present action, including discovery, should be stayed as against him pending the outcome of the criminal matter.

### B.     The Non-FTX Defendants' Statement

The Non-FTX Defendants object to Plaintiffs' Statement, which includes multiple allegations not found in the operative Amended Complaint [ECF 16] and conclusory statements of law unsupported by the allegations made. For example, Plaintiffs' allegations rest, in large part, on a factual inaccuracy, which Plaintiffs know (or should know) cannot properly be asserted: FTX's headquarters was never moved to Miami, which means that Plaintiffs' claims lack the requisite nexus to Florida.

Plaintiffs seek to hold the Non-FTX Defendants—seven current or former professional athletes, a professional basketball team, a supermodel, a television personality, and a comedian— jointly and severally liable for billions of dollars in claimed losses resulting from Plaintiffs' and

the putative classes' alleged deposits of funds into Yield Bearing Accounts ("YBAs") offered by FTX. Plaintiffs allege the Non-FTX Defendants are somehow responsible for these losses—and indeed are "sellers" of YBAs—because of their involvement in FTX advertisements or sponsorships relating to the FTX exchange. However, Plaintiffs do not allege any Non-FTX Defendant *ever* even mentioned YBAs—let alone encouraged any Plaintiff to deposit funds into them—nor do they allege that any Non-FTX Defendant played any role in the subsequent alleged losses of funds from those accounts—which Plaintiff's pleading makes clear was the result of FTX's misappropriation and mismanagement.

Plaintiffs were not injured by any of the Non-FTX Defendants. As their pleading shows, *FTX*—not any Non-FTX Defendant—allegedly enticed Plaintiffs into opening YBAs. And *FTX* allegedly operated the scheme that deprived Plaintiffs of the funds deposited into those YBAs. Plaintiffs do not—and cannot—allege a causal connection between the *FTX*-offered YBAs that allegedly caused their injuries and any statement made by any Non-FTX Defendant—some of whom are not even alleged to have made any statements about FTX as a trading platform, let alone about one of the specific products FTX offered. This total lack of connection between the non-FTX Defendants and the product that allegedly caused Plaintiffs' injuries is fatal to all of Plaintiffs' claims (including their assertion that the non-FTX Defendants "sold" YBAs), requiring dismissal of this action with prejudice.

Plaintiffs' claims further fail because Plaintiffs fail to plead facts supporting the elements of their counts for violations of the Florida Securities Act, FDUTPA (which is not even applicable in the securities context), civil conspiracy, or a declaratory judgment. Not only that, stretching these causes of action to impose liability for otherwise valid commercial speech would raise significant First Amendment concerns.

Finally, as Plaintiffs' pleading establishes, this suit cannot proceed without FTX, the central actor in Plaintiffs' story and the entity in possession of the majority of the evidence. However, as Plaintiffs' pleading also establishes, the FTX entities have sought bankruptcy protection, which creates innumerable impediments to Plaintiffs ever successfully prosecuting any claims they may have—and they have none properly against any of the Non-FTX Defendants.

### III.   Conference Report – Information Required by L.R. 16.1(B)(2)

#### A.   Likelihood of Settlement

The Parties are amenable at this stage to selecting a mediator and scheduling a time, date, and place to conduct mediation in this matter.  The Non-FTX Defendants believe that mediation should take place only after resolution of their pending (or any renewed) motions to dismiss. Defendant Sam Bankman-Fried incorporates his statement in response to item II above. The Parties agree to comply with any requirements under the Local Rules with respect to good faith settlement discussions.

#### B.   Likelihood of Appearance in the Action of Additional Parties

Plaintiffs believe that, as discovery progresses, additional parties may be  added. At this time, the Non-FTX Defendants are unaware of any additional parties who would properly be added to this action. Defendant Sam Bankman-Fried incorporates his statement in response to item II above.

#### C.   Proposed Limits on Time

*See* the proposed case schedules at Section V, below.

#### D.   Proposals for the Formulation and Simplification of Issues

The Parties submit that they will work in good faith to simplify the issues at an appropriate time. Defendant Sam Bankman-Fried incorporates his statement in response to item II above.

**E.      Necessity or Desirability of Amendments to the Pleadings**

**Plaintiffs' Position.**   Many of the Defendants have raised jurisdictional challenges to Plaintiffs' claims. A number of them even filed sworn declarations to dispute personal jurisdiction and they seek dismissal on that basis. As a result of the factual disputes about personal jurisdiction, on April 26, 2023, Plaintiffs filed their Expedited Motion for Leave to Conduct Jurisdictional Discovery, and to Amend Their Complaint With Any Facts Arising From Such Discovery, [ECF No. 163], seeking leave to conduct such discovery expeditiously (within 45 days of the Court's order granting the Motion).

Plaintiffs respectfully request that the Court grant leave for Plaintiffs to conduct that jurisdictional discovery, and then for a brief 20 day period following the close of that jurisdictional discovery to afford Plaintiffs the opportunity to file an Amended Consolidated Complaint that refines and/or supplements their jurisdictional allegations (including joining or dismissing Defendants, where applicable, as determined from the facts obtained through that jurisdictional discovery), and further allows Plaintiffs their first opportunity to provide significant substantive amendments to the allegations and claims in their consolidated pleading, as Plaintiffs amended their complaint by order of this Court to effect the consolidation of the *Podalsky* and *Garrison* actions on December 16, 2023, and have not yet sought leave to amend their complaint because they were completing service of process on Defendants and did not have the benefit of Defendants' Motions to Dismiss, which were first filed April 14, 2023.

Effecting this substantive amendment to the Consolidated Class Action Complaint after first conducting brief jurisdictional discovery would be an efficient process, and "Courts routinely allow such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros v.*

*Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (collecting cases).[11]

In addition, Plaintiffs are endeavoring to obtain Defendants' agreement to stipulate to the filing of an amended complaint, but if Defendants do not agree, Plaintiffs intend to file a formal motion seeking leave amend the complaint due to factual investigations that have occurred since the case was filed, pursuant to Rule 15(a)(2) before the May 15, 2023 deadline. Granting leave to amend the complaint would be proper and warranted, even without first conducting personal jurisdiction discovery, on Plaintiffs' impending motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure because, in addition to the amendment not being futile where Plaintiffs seek to address purported pleading deficiencies raised in Defendants' motions to dismiss, the request would be timely and results in no prejudice to the Defendants, as there is no scheduling order or discovery deadline currently in place, the expiration of which would otherwise require Plaintiffs to show "good cause" to amend under Rule 16(b).

---

[11] Granting Plaintiffs' request would comport with the "policy of the federal rules []to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," particularly where the proposed amendment would not violate any scheduling order in place and there is no "substantial reason" to deny the amendment, which "could include 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment[,]'" none of which would apply since Plaintiffs would be providing their first substantive amendment to the complaint after, at a minimum, taking narrow discovery to address the jurisdictional arguments raised by some of the Defendants. *Castros*, 2018 WL 1137099, at *1 (citations omitted). *See also Crossroads Financial, LLC v. Alma-Mater Collection, Inc.*, No. 15-81095-CIV-MARRA, 2019 WL 13196474 (S.D. Fla. Dec. 18, 2019) (Marra, J.) (reversing on reconsideration the court's prior order denying belated motion for leave to file second amended counterclaim, filed over 3 years after the deadline to amend in the scheduling order, explaining that "it would be in the interest of judicial economy to grant the Motion for Leave to File Second Amended Counterclaim, rather than ruling on the Motion to Dismiss Amended Counterclaim, and if granted, allow leave to amend (DE 129). This is especially appropriate where, as here, [counter-plaintiff] has conceded the Amended Counterclaim has multiple 'technical pleading issues' that have subsequently been addressed in the proposed Second Amended Counterclaim").

For example, amongst the anticipated revisions and additions to the anticipated Amended Consolidated Complaint that Plaintiffs intend to file will be allegations clarifying that Plaintiffs seek to hold Defendants accountable for their promotion of the FTX Platform and their necessary involvement in promoting YBAs and FTT, which Plaintiffs allege are also securities that were required to be registered. *See, e.g.,* ECF No. 16 ¶¶ 170–172; *see also, e.g.,* ECF No. 16-1 (Preliminary Expert Report of Paul Sibenik of CipherBlade Blockchain Investigation Agency).

Aside from above, Plaintiffs have proposed a final deadline for amendments in their proposed schedule for after the Court's decision on class certification, in the event Plaintiffs need to convert this action to a mass action.

**Non-FTX Defendants' Position.**  With respect to discovery, the Non-FTX Defendants' position is outlined in their pending motion to stay discovery, ECF 162.  With respect to the "jurisdictional discovery" sought by Plaintiffs, the relevant Non-FTX Defendants intend to oppose Plaintiffs' pending motion, ECF 163, on the grounds that there are no disputed issues of fact that would warrant such discovery; to the contrary, Plaintiffs have not pleaded facts sufficient to establish personal jurisdiction over the Non-Florida Defendants.

With respect to amendment, the Non-FTX Defendants state that Plaintiffs have already amended their pleading once as of right in this action, when they *more than doubled* the size of their complaint from 41 pages (ECF 1) to 97 pages plus added a 17-page expert report.  *See* ECF 16.  In any case, more than 21 days have passed since the Non-FTX Defendants filed their motions to dismiss. Fed. R. Civ. P. 15 ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule

12(b), (e), or (f), whichever is earlier.").[12] Accordingly, any further amendment requires consent of all defendants, including the Non-FTX Defendants, or leave of Court. While Plaintiffs have not provided a proposed amendment for the Non-FTX Defendants to review, the Non-FTX Defendants do not believe that any amendment could cure the deficiencies identified in their pending motions to dismiss. *See* ECFs 139, 154 & 156-59. Of course, should Plaintiffs provide a proposed amendment for review, the Non-FTX Defendants will consider any proposed amendment in good faith. However, given the incurable deficiencies in Plaintiffs' existing Amended Complaint, which are not "technical pleading deficiencies" but incurable legal flaws, the Non-FTX Defendants believe that no amendment should be allowed, if at all, until the Court rules on those motions.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

### F.      Possibility of Obtaining Admissions and Stipulations

The Parties will cooperate in good faith to obtain admissions and stipulations in the discovery process that will limit the issues in dispute and reduce the time needed to conduct a trial.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

### G.      Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence

The Parties have no suggestions at this time but will cooperate in good faith to eliminate unnecessary proof and cumulative evidence. **Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

### H.      The Advisability of Referring of Matters to a Magistrate Judge

The Court has referred discovery issues to the Magistrate Judge. *See* ECF 6.

The Parties do not consent to trial by a Magistrate Judge, nor to the disposition of

---

[12] Plaintiffs also amended their pleading in action styled *Podalsky v. Bankman-Fried*, No. 22-cv-23983-KMM (S.D. Fla.). *See Podalsky* ECF 4.

dispositive pre-trial motions by a Magistrate Judge.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

### I.       Preliminary Estimate of Time Required for Trial

Plaintiffs estimate that a trial in this matter would require 5–7 days. Plaintiffs demand a jury trial.

The Non-FTX Defendants estimate a trial in this matter would likely require 10 to 14 days, especially given the number of defendants named in the Amended Complaint [ECF 16].

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

### J.       Pretrial Conference and Trial Dates

*See* Section V, below.

### K.       Any Discovery Issues

The Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues without the involvement of the Court.  This may include the submission of an agreed confidentiality order.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

**Non-FTX Defendants' Position.**  The Non-FTX Defendants anticipate that discovery may be substantially delayed in material ways as a result of the forthcoming criminal trial of Defendant Sam Bankman-Fried, which is presently set for October 2, 2023.  The United States has taken the position that several cases pending against Mr. Bankman-Fried should be stayed due to the potential implications of civil discovery involving not only Mr. Bankman-Fried, but also FTX and any cooperating witnesses, including Defendants Ellison, Wang, Singh, and

Friedberg, for Mr. Bankman-Fried's criminal trial. *See* Order at 1, *SEC v. Bankman-Fried*, No. 22-cv-10501 (S.D.N.Y. Feb. 13, 2023), ECF No. 16 (granting United States' motion to stay proceedings "until the conclusion of the parallel criminal case"); Order at 1, *CFTC v. Bankman-Fried*, No. 22-cv-10503 (S.D.N.Y. Feb. 13, 2023), ECF No. 38. In addition, discovery from FTX itself is likely to pose difficulties due to FTX's pending bankruptcy, which is in its early stages. As described further below, the Non-FTX Defendants anticipate that if this case proceeds beyond the pleading stage, they will need substantial discovery from the FTX Defendants and from FTX. Accordingly, the Non-FTX Defendants propose that the standard tracks be modified, and extended slightly, account for the delays.

## IV.   Additional Information Required by L.R. 16(B)(3)

### A.   Assignment of the Case to a Particular Track

Plaintiffs' position is that this case merits a standard case management track at this stage, as defined by Local Rule 16.1, and as set forth in their schedule proposed in section V, below. The claims in this lawsuit center on whether FTX's applicable offerings constitute securities that were required to be registered under applicable securities laws, a determination that lends itself to issue class certification pursuant to Federal Rule of Civil Procedure 23(c)(4). Thereafter, this matter can proceed to an expedited trial on those issues which would efficiently and expediently determine whether Defendants may be found liable under these claims.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

The Non-FTX Defendants believe that this case could only properly be assigned to a Complex Track, as defined in Local Rule 16.1(a)(2)(C), which would have to be extended in view of the various ongoing criminal and bankruptcy proceedings arising from the FTX collapse

and Plaintiffs' voluntary agreement to stay proceedings against Defendant Sam Bankman-Fried through his pending criminal proceedings, which are anticipated to go to trial in October 2023 at the earliest.

### B.   Detailed Discovery Schedule

Plaintiffs' and the Non-FTX Defendants' scheduling proposals for discovery are set forth below, at Section V. **Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

### C.   Any Agreements or Issues Regarding Discovery

There are currently no agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or other tangible things. The Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege and confidentiality issues without the involvement of the Court.

### V.   The Parties' Proposed Schedule

Plaintiffs propose the following schedule:

| Date | Deadline or Event |
|---|---|
| **May 8, 2023** | Deadline to furnish Initial Disclosures pursuant to FRCP 26 |
| **May 15, 2023 (or 20 days following the close of jurisdictional discovery (pending Court Order))** | Deadline for Plaintiffs to respond to the Motions to Dismiss or file an Amended Consolidated Complaint |
| **June 14, 2023 (or 30 days following filing of Amended Consolidated Complaint)** | Deadline for Defendants to file replies in support of the Motions to Dismiss (or to renew or refile Motions to Dismiss Amended Consolidated Complaint) |
| **(30 days following filing of Renewed Motions to Dismiss)** | Deadline for Plaintiffs to response to the Renewed Motions to Dismiss |
| **(30 days following filing of Responses to Renewed Motions to Dismiss)** | Deadline for Defendants to file replies in support of the Renewed Motions to Dismiss |

| To be set by the Court. | Hearing on Defendants Motions to Dismiss (or Renewed Motions to Dismiss) |
| --- | --- |
| **June 15, 2023** | Deadline to select mediator, and schedule time, date and place |
| **September 1, 2023** | Deadline for Plaintiffs to file Motion for Class Certification |
| **Within 40 days following the filing of Plaintiffs' Motion for Class Certification** | Deadline for Defendants to file Response to Plaintiffs' Motion for Class Certification |
| **Within 20 days following the filing of Defendants' Response to Plaintiffs' Motion for Class Certification** | Deadline for Plaintiffs to file Reply in support of Plaintiff's Motion for Class Certification |
| **To be set by the Court.** | Hearing on Plaintiff's Motion for Class Certification |
| **Within 21 days following the Court's ruling on Plaintiff's motion for class certification** | Deadline to file motions to amend pleadings or join parties |
| **September 29, 2023** | Deadline to complete fact discovery |
| **October 13, 2023** | Deadline for Parties to disclose experts, expert witness summaries and reports |
| **November 10, 2023** | Deadline to complete mediation |
| **Within 28 days of each Party's expert disclosures** | Deadline to exchange rebuttal expert witness summaries and reports |
| **Within 21 days of each Party's rebuttal expert disclosures** | Deadline to complete expert discovery |
| **January 5, 2024** | Deadline to file all dispositive pre-trial motions |
| **February 2, 2024** | Deadline to respond to all dispositive pre-trial motions |
| **February 16, 2024** | Deadline to reply in support of all dispositive pre-trial motions |
| **March 15, 2024** | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials) |
| **March 29, 2024** | Deadline for Parties to submit their deposition designations |
| **April 12, 2024** | Deadline to file *Daubert* motions, motions to strike experts |

| | |
|---|---|
| **May 6, 2024 (approximate)** | Two-week trial period commences |

As stated in the Non-FTX Defendants' Motion to Stay Discovery, [ECF 162], the non-FTX Defendants believe that all discovery, including initial disclosures, should be stayed pending resolution of the dispositive motions in this case.  In the event the Court denies that Motion, Non-FTX Defendants propose the following schedule, which is based on the assumption that the Scheduling Order will be entered by or before June 1, 2023.  This schedule assumes additional time to account for the delay related to Mr. Bankman-Fried's criminal trial and the need for discovery from FTX, which is currently subject to a bankruptcy stay:

| Date | Deadline or Event |
|---|---|
| **To be set by Court after resolution of Non-FTX Defendants' Motions to Dismiss** | Initial disclosures |
| **August 31, 2023** | Last date to move for leave to amend pleadings |
| **October 31, 2023** | Deadline to select mediator, and schedule time, date and place |
| **October 31, 2023** | Estimated end of Defendant Sam Bankman-Fried's stay of action |
| **February 4, 2024** | Deadline for Plaintiffs to file Motion for Class Certification |
| **February 25, 2024** | Deadline for Defendants to file Response to Plaintiffs' Motion for Class Certification |
| **March 6, 2024** | Deadline for Plaintiffs to file Reply in support of Plaintiffs' Motion for Class Certification |
| **To be set by the Court.** | Hearing on Plaintiff's Motion for Class Certification |
| **April 4, 2024** | Deadline to complete fact discovery |

| | |
|---|---|
| **April 24, 2024** | Deadline for Parties to disclose experts, expert witness summaries and reports |
| **May 22, 2024** | Deadline to exchange rebuttal expert witness summaries and reports |
| **May 24, 2024** | Notice of scheduling mediation due |
| **June 28, 2024** | Deadline to complete expert discovery |
| **July 13, 2024** | Deadline to complete mediation |
| **July 23, 2024** | Deadline to file all dispositive pre-trial motions (summary judgment and *Daubert*) |
| **August 13, 2024** | Deadline to respond to all dispositive pre-trial motions |
| **August 23, 2024** | Deadline to reply in support of all dispositive pre-trial motions |
| **September 6, 2024** | Deadline to file deposition designations and motions in limine |
| **September 20, 2024** | Deadline to file oppositions to motions in limine |
| **September 27, 2024** | Deadline to file replies to motions in limine |
| **October 8, 2024** | Final pretrial conference |
| **October 16, 2024** | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials) |
| **October 21, 2024** | Two-week trial period commences |

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

**VI.     Federal Rule of Civil Procedure 26(F)(3) Discovery Plan**

**A.** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Plaintiffs propose that the Parties serve Initial Disclosures on May 8, 2023, and supplement their Disclosures, if necessary, in accordance with F.R.C.P. 26(a).

The Non-FTX Defendants have moved to stay Initial Disclosures until after the Court rules on the pending motions to dismiss [ECF 162].

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

**B.** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiffs' Position.** Plaintiffs' discovery will be centered on Defendants' practices, agreements, and representations concerning FTX's Yield-Bearing Accounts ("YBAs") and FTX's native cryptocurrency token, FTT, as marketed and promoted by the Defendants. Plaintiffs submit that discovery should not be phased or otherwise limited to any particular issues.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

**Non-FTX Defendants' Position.** The Non-FTX Defendants' discovery will be centered on Plaintiffs' alleged purchases of FTX products, their alleged losses, their reasons for purchasing FTX products, Plaintiffs' class allegations, FTX's operational practices; the current status and location of Plaintiffs' deposits; the factual circumstances surrounding Plaintiffs' purchases of YBAs; the functionality of YBAs; and contracts, agreements, and policies relating to YBA. As stated in the Motion to Dismiss [ECF 154], Non-FTX Defendants anticipate substantial discovery issues will exist due to FTX's status as a non-party to this litigation and the existing bankruptcy stay as well as the criminal proceedings against several FTX insiders.

20

**C.**     **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The Parties will work in good faith to resolve issues concerning discovery and the production of electronically stored information. The Parties will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from the Court if needed.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

**D.**     **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The Parties agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502, and any protective order entered in this action regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

**E.**     **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this time, Plaintiffs do not propose any additional limitations on discovery besides what has already been addressed herein.

**Defendant Sam Bankman-Fried** incorporates his statement in response to item II above.

The Non-FTX Defendants have moved to stay all discovery (and Initial Disclosures) until after the Court has adjudicated their motions to dismiss. *See* ECF 162. The Non-FTX Defendants' believe that discovery should not commence unless and until Plaintiffs' pleading has survived a motion to dismiss.

F.      **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

At this time, the Parties do not propose any changes to the limitations imposed under

the Federal Rules of Civil Procedure.

Dated: May 8, 2023

| | |
|---|---|
| By: */s/ Adam M. Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>adam@moskowitz-law.com<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>joseph@moskowitz-law.com<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Telephone: (305) 740-1423<br><br>By: */s/ David Boies*<br>David Boies<br>(*Pro Hac Vice*)<br>Alex Boies<br>(*Pro Hac Vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br><br>By: */s/Stephen Neal Zack*<br>Stephen Neal Zack<br>Florida Bar No. 145215<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br>szack@bsfllp.com<br><br>By: */s/Jose Ferrer*<br>Jose Ferrer<br>Florida Bar No. 173746<br>Michelle Genet Bernstein<br>Florida Bar No. 1030736 | **COLSON, HICKS, EIDSON, P.A.**<br>255 Alhambra Circle, Penthouse<br>Coral Gables, Florida 33134<br>(305) 476-7400<br><br>By: */s/ Roberto Martinez*<br>Roberto Martínez<br>Florida Bar No. 305596<br> bob@colson.com<br>Stephanie A. Casey<br>Florida Bar No. 97483<br> scasey@colson.com<br>Zachary Lipshultz<br>Florida Bar No. 123594<br> zach@colson.com<br><br>*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, Golden State Warriors, LLC, and Naomi Osaka*<br><br>**LATHAM & WATKINS LLP**<br>Andrew B. Clubok (*pro hac vice*)<br> andrew.clubok@lw.com<br>Susan E. Engel (*pro hac vice*)<br> susan.engel@lw.com<br>Brittany M.J. Record (*pro hac vice*)<br> brittany.record@lw.com<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004-1304<br>Tel: +1.202.637.2200<br>Fax: +1.202.637.2201<br><br>**LATHAM & WATKINS LLP**<br>Marvin S. Putnam (*pro hac vice*)<br> marvin.putnam@lw.com<br>Jessica Stebbins Bina (*pro hac vice*)<br> jessica.stebbinsbina@lw.com |

**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

Elizabeth A. Greenman (*pro hac vice*)
  elizabeth.greenman@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
Michele D. Johnson (*pro hac vice*)
  michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady,*
*Gisele Bündchen, and Lawrence David*

**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379

By: */s/ Matthew S. Kahn*
Matthew S. Kahn (*pro hac vice*)
  MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
  MJKahn@gibsondunn.com

Michael Dore (*pro hac vice forthcoming*)
  MDore@gibsondunn.com
Jamila MacEbong (*pro hac vice*)
  JMacEbong@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State*
*Warriors, LLC and Naomi Osaka*

**Dimond Kaplan & Rothstein, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133

Telephone:    (305) 374-1920
Facsimile:    (305) 374-1961

By: */s/ David A. Rothstein*
David A. Rothstein, Esq.
Fla. Bar No. 995762
   *DRothstein@dkrpa.com*
Alexander M. Peraza, Esq.
Fla. Bar No. 107044
   *APeraza@dkrpa.com*
Eshaba Jahir-Sharuz, Esq.
Fla. Bar No. 1038846
   *Eshaba@dkrpa.com*
**MCANGUS GOUDELOCK & COURIE LLC**
2000 Market Street, Suite 780
Philadelphia, PA 19103
(484) 406-4334

By: */s/ Eric A. Fitzgerals*
Eric A. Fitzgerald (*pro hac vice*)
   *eric.fitzgerald@mgclaw.com*
Hillary N. Ladov (*pro hac vice*)
   *hillary.ladov@mgclaw.com*

*Attorneys for Defendant William Trevor Lawrence*

**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100

By: */s/ Edward Soto*
Edward Soto (Fla Bar. No. 0265144)
   *edward.soto@weil.com*

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

24

By: */s/ Nathan Bull*
Nathan Bull (Fla. Bar No. 1029523)
  *nbull@mwe.com*

**McDERMOTT WILL & EMERY LLP**
Jason D. Strabo (*pro hac vice*)
  *jstrabo@mwe.com*
Ellie Hourizadeh (*pro hac vice*)
  *ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
Sarah P. Hogarth (*pro hac vice*)
  *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*
**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
Christopher S. Carver, Esq.
Florida Bar No. 993580
  *christopher.carver@akerman.com*
Jason S. Oletsky, Esq.
Florida Bar No. 9301
  *jason.oletsky@akerman.com*
Katherine A Johnson, Esq.
Florida Bar No. 1040357
  *katie.johnson@akerman.com*

*Attorneys for Defendant David Ortiz and Udonis Haslem*

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
Jeffrey Neiman
Fla Bar. No. 544469
*jneiman@mnrlawfirm.com*
Jeffrey Marcus
Fla. Bar No. 310890
*jmarcus@mnrlawfirm.com*
Michael Pineiro
Fla. Bar No. 041897
*mpineiro@mnrlawfirm.com*
Brandon Floch
Fla. Bar No. 125218
*bfloch@mnrlawfirm.com*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
 *abrettler@berkbrettler.com*

*Attorneys for Defendant Kevin O'Leary*

*/s/ Adam M. Schachter*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
**GELBER SCHACHTER &**
**GREENBERG, P.A.**
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

26

|  | JEREMY D. MISHKIN (pro hac vice)<br>jmishkin@mmwr.com<br>RICHARD M. SIMINS (pro hac vice)<br>rsimins@mmwr.com<br>**MONTGOMERY MCCRACKEN**<br>1735 Market Street, 21st Floor<br>Philadelphia, PA 19103-7505<br>Telephone 215-772-1500<br><br>*Counsel for Defendant Sam Bankman-Fried* |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on May 8, 2023, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys and/or parties of record, as well as via U.S. Mail and/or equivalent courier service to any parties who have been served but who have not yet entered appearances in this action.

By: *s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ