**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

      Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

      Defendants.

_____/

**OPPOSITION OF DEFENDANTS STEPHEN CURRY, LAWRENCE GENE DAVID,
GOLDEN STATE WARRIORS, LLC, SHOHEI OHTANI, AND NAOMI OSAKA TO
PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT "JURISDICTIONAL"
DISCOVERY, AND TO AMEND THEIR COMPLAINT WITH ANY FACTS ARISING
FROM SUCH DISCOVERY**

# TABLE OF CONTENTS

Introduction ................................................................................................................1

Background ................................................................................................................2

Legal Standard ..........................................................................................................7

Argument ..................................................................................................................8

I.    The Court should deny Plaintiffs' motion for jurisdictional discovery ...................8

    A.   Plaintiffs fail to allege a *prima facie* case of personal jurisdiction and therefore are not entitled to jurisdictional discovery ...................................9

    B.   Plaintiffs are not entitled to jurisdictional discovery because they have not demonstrated a genuine dispute as to any material fact. .............................12

        1.   Plaintiffs fail to demonstrate a genuine dispute as to any material jurisdictional fact. ...........................................................................12

        2.   There cannot possibly be jurisdictional discovery from GSW or Osaka ............16

    C.   Plaintiffs have not shown how the requested discovery could possibly bolster their non-existent jurisdictional allegations. ....................................18

II.   Plaintiffs should not be permitted leave to amend their Amended Complaint .......19

Conclusion ..............................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*ACLU v. City of Sarasota*,
    859 F.3d 1337 (11th Cir. 2017) ............................................................................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................8

*Bernadele v. Bonorino*,
    608 F. Supp. 2d 1313 (S.D. Fla. 2009) .................................................................13

*Brown v. Carnival Corp.*,
    202 F. Supp. 3d 1332 (S.D. Fla. 2016) ............................................................8, 12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)................................................................................................11

*Butler v. Sukhoi Co.*,
    579 F.3d 1307 (11th Cir. 2009) ........................................................................8, 11

*Castillo v. Allegro Resort Mktg.*,
    603 F. App'x 913 (11th Cir. 2015) ..........................................................................7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..................................................................................................9

*Diulus v. Am. Exp. Travel Related Servs. Co.*,
    823 F. App'x 843 (11th Cir. 2020) ........................................................................11

*Don King Prods., Inc. v. Mosley*,
    2016 WL 3950930 (S.D. Fla. Jan. 27, 2016) ........................................................19

*Dynasty Mgmt., LLC v. Alsina*,
    2016 WL 11480851 (S.D. Fla. July 26, 2016).......................................................20

*In re Engle Cases*,
    767 F.3d 1082 (11th Cir. 2014) .............................................................................20

*Espinoza v. Target Corp.*,
    843 F. App'x 168 (11th Cir. 2021) ........................................................................14

*Ferenchak v. Zormati*,
    572 F. Supp. 3d 1284 (S.D. Fla. 2021) .................................................................11

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*,
    141 S. Ct. 1017 (2021)............................................................................................10

**Cases—continued**

*Glasscox v. City of Argo*,
    903 F.3d 1207 (11th Cir. 2018) ........................................................................14

*Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*,
    654 F. Supp. 2d 1328 (M.D. Fla. 2009) ..........................................................17

*Lewis v. Mercedes-Benz USA, LLC*,
    2020 WL 4923640 (S.D. Fla. Mar. 25, 2020) ....................................................1

*Lowery v. Ala. Power Co.*,
    483 F.3d 1184 (11th Cir. 2007) ....................................................................1, 8

Order, *Robertson v. Cuban*,
    No. 22-cv-22538 (S.D. Fla. Nov. 18, 2022), ECF No. 45 ..................................15

*Paws Aboard, LLC v. DiDonato*,
    2012 WL 1252763 (M.D. Fla. April 13, 2012)..................................................19

*Peruyero v. Airbus S.A.S.*,
    83 F. Supp. 3d 1283 (S.D. Fla. 2014) ........................................................13, 17

Pls.' Resp. to Order to Show Cause, *Norris v. Brady*,
    No. 23-cv-20439 (S.D. Fla. Apr. 21, 2023), ECF No. 47 ..................................16

*Snow v. DirecTV, Inc.*,
    450 F.3d 1314 (11th Cir. 2006) ..............................................................3, 7, 11

*Sterling Currency Grp. LLC v. Maurer*,
    2013 WL 4011063 (N.D. Ga. Aug. 5, 2013) ....................................................20

*In re Takata Airbag Prod. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ............................................... *passim*

*Thompson v. Carnival Corp.*,
    174 F. Supp. 3d 1327 (S.D. Fla. 2016) (Moore, C.J.)....................................1, 14

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ........................................................................7

*Wolf v. Celebrity Cruises, Inc.*,
    683 F. App'x 786 (11th Cir. 2017) ..................................................................18

*Yepez v. Regent Seven Seas Cruises*,
    2011 WL 3439943 (S.D. Fla. Aug. 5, 2011).......................................... *passim*

*Zamora Radio, LLC v. Last.fm LTD.*,
    2011 WL 2580401 (S.D. Fla. June 29, 2011) ..................................................19

**Cases—continued**

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
  2020 WL 6907056 (S.D. Fla. Nov. 24, 2020).........................................................8, 11, 13, 14

**Other Authorities**

Carly Wanna & Felipe Marques, *FTX US Eyed High-End Office Space in Miami
  Before Bankruptcy*, Bloomberg (Dec. 14, 2022),
  https://www.bloomberg.com/news/articles/2022-12-14/ftx-us-planned-miami-
  headquarters-move-before-bankruptcy#xj4y7vzkg ...........................................................10

*Discovery Procedures for Magistrate Judge Jacqueline Becerra* Rule III.G ...............................7

Fed. R. Civ. P. 12(b)(2)...........................................................................................1, 3, 5, 14

Fed. R. Civ. P. 12(b)(6).................................................................................................3

Fed. R. Civ. P. 15(a)(1)...............................................................................................20

Fed. R. Civ. P. 26(c) ....................................................................................................7

Fed. R. Civ. P. 26(d)(2)(B) ............................................................................................7

Fed. R. Civ. P. 26(f)...............................................................................................5, 6, 7

Fed. R. Civ. P. 30(b)(1).................................................................................................7

Fed. R. Civ. P. 32(a)(5)(A) ............................................................................................7

Fed. R. Civ. P. 34 ........................................................................................................7

S.D. Fla. CM/ECF Administrative Procedures § 3I(1)...................................................19

S.D. Fla. L.R. 15.1 ......................................................................................................19

S.D. Fla. L.R. 26.1(h)....................................................................................................7

## INTRODUCTION

Defendants Stephen Curry, Lawrence Gene David, Golden State Warriors, LLC ("GSW"), Shohei Ohtani, and Naomi Osaka (the "Non-Resident Defendants")—individuals who live outside Florida who allegedly endorsed FTX and an out-of-state professional basketball team that allegedly permitted FTX to advertise at its arena—moved to dismiss Plaintiffs' claims not only because they are meritless (ECF No. 154) but also because Plaintiffs did not (and cannot) allege a single fact suggesting that this Court has personal jurisdiction over any Non-Resident Defendant (ECF No. 139). Plaintiffs concede there is no general jurisdiction over any Non-Resident Defendant, all of whom Plaintiffs affirmatively (and correctly) allege are not Florida residents. Plaintiffs also fail to allege specific personal jurisdiction over any Non-Resident Defendant because the Amended Complaint ("AC") contains only conclusory jurisdictional assertions without any factual allegations drawing any connection between Florida and any Non-Resident Defendant's alleged wrongdoing, let alone that Plaintiffs' claims arise out of that connection.

Aware of the AC's jurisdictional defects, Plaintiffs now move the Court (ECF No. 163) to authorize precisely what the Eleventh Circuit and this Court have repeatedly made clear is impermissible: Plaintiffs cannot "pursu[e] jurisdictional discovery in an attempt to marshal facts that [they] 'should have had—but did not—before coming through the courthouse doors.'" *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, C.J.) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)). Courts in this District are clear that "when faced with legitimate jurisdictional challenges like those present in [a Rule 12(b)(2)] Motion to Dismiss, discovery should not commence until such challenges are resolved." *Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at *3 (S.D. Fla. Mar. 25, 2020).

Plaintiffs' request to conduct far-reaching "jurisdictional" discovery without having alleged the most basic of facts that would establish personal jurisdiction over the Non-Resident

Defendants should be denied for three reasons. *First*, Plaintiffs do not allege facts in the AC that set forth a *prima facie* case of personal jurisdiction as to any of the Non-Resident Defendants, as they must to take jurisdictional discovery. *Second*, Plaintiffs do not identify any genuinely disputed fact that is material to whether the Court has personal jurisdiction over the Non-Resident Defendants. *Third*, Plaintiffs have failed to demonstrate how the requested jurisdictional discovery is tailored to, and would resolve, any allegedly disputed material fact.

Unable to satisfy any of the prerequisites for jurisdictional discovery, Plaintiffs ask this Court to authorize what is effectively wide-ranging merits discovery from the Non-Resident Defendants based on mere speculation that there "may" be the requisite connection between the Non-Resident Defendants' out-of-state conduct and Florida. Groundless speculation, however, does not suffice, and Plaintiffs' request for jurisdictional discovery should be rejected, as should Plaintiffs' request for leave to amend the complaint (again) to allege unidentified facts they should have developed before filing suit and haling the Non-Resident Defendants before this Court.

## BACKGROUND

Plaintiffs filed this putative class action alleging fraud in connection with the cryptocurrency asset exchange FTX, not only against FTX's former executives—who allegedly committed the fraud—but also against the Non-Resident Defendants, who are (1) athletes and entertainers who allegedly endorsed FTX, and (2) GSW, which is being sued because FTX's logo allegedly appeared on its home court in San Francisco, California. Plaintiffs allege that the Non-Resident Defendants' conduct was somehow deceptive because, for reasons having nothing to do with the Non-Resident Defendants, FTX later collapsed.

On December 16, 2022, Plaintiffs amended their complaint (the AC) to add *fifty-six pages* of allegations and a *19-page* "Preliminary Expert Report." ECF No. 16, 16-1. Despite these voluminous additions, Plaintiffs did not alter their sparse jurisdictional allegations with respect to

any of the Non-Resident Defendants. Although Plaintiffs now assert that this amendment was not substantive but instead a consolidation of the *Garrison* and *Podalsky* cases, the original *Garrison* complaint and the Amended Class Action Complaint in *Podalsky* (*Podalsky* AC) were virtually identical, aside from a few pages of allegations concerning the FTX collapse and the FTX-Insider Defendants, and neither included an expert report. *Compare* 1:22-cv-23983-BB, ECF No. 4 (*Podalsky* AC), *with* ECF No. 1 (Complaint).

Plaintiffs affirmatively allege (and thereby admit) in the AC that none of the Non-Resident Defendants is a citizen of Florida. AC ¶¶ 36-37, 40-42. Plaintiffs fail to allege any other facts to demonstrate that any Non-Resident Defendant engaged in relevant conduct within or specifically directed toward Florida. ECF No. 139 at 2-5 (collecting allegations). Because the AC fails to "establish a *prima facie* case of personal jurisdiction" (*Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)), the Non-Resident Defendants advised Plaintiffs' counsel and the Court that the Non-Resident Defendants intended to move to dismiss for, *inter alia*, lack of personal jurisdiction. ECF No. 125. In the same motion, the Non-Resident Defendants proposed a briefing schedule for their motions, which provided that all such briefing would be completed by June 14, 2023. ECF No. 125 at 4-5. Plaintiffs did not contest the proposed briefing schedule at that time and certainly did not request the sixty-five-day freeze they now seek from this Court. ECF No. 128. On April 11, 2023, the Court granted the Non-Resident Defendants' motion as to their proposed briefing schedule. *See* ECF No. 132.

Three days later, the Non-Resident Defendants timely filed a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction (the PJ Motion).[1] ECF No. 139. The PJ Motion did not

---

[1] The Non-Resident Defendants, together with the other Non-FTX Defendants, also filed a motion to dismiss under Rule 12(b)(6). *See* ECF No. 154.

contest any of Plaintiffs' well-pleaded factual allegations, which concern the domicile of the Non-Resident Defendants outside of Florida. *E.g.*, AC ¶¶ 36-38, 40-42. Instead, the Non-Resident Defendants challenged the conclusory allegations—comprising a single paragraph—that the Non-Resident Defendants have connections with Florida through their relationships with FTX:

> This Court has personal jurisdiction against Defendants because they conduct substantial and not isolated business in Florida, and/or have otherwise intentionally availed themselves of the Florida consumer market through the promotion, marketing, and sale of FTX's YBAs in Florida, which constitutes committing a tortious act within the state of Florida. Defendants have also marketed and participated and/or assisted in the sale of FTX's unregistered securities to consumers in Florida. Further, Defendants have engaged in a conspiracy in which some of the co-conspirators—including some who are Defendants in this action—committed overt acts in furtherance of the conspiracy in the State of Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendants permissible under traditional notions of fair play and substantial justice.

*Id.* ¶ 50.

Plaintiffs make these claims even though they have not alleged a single statement by any Non-Resident Defendant about YBAs, and for some, not a single statement about FTX at all. As the PJ Motion further details, these skeletal allegations are wholly insufficient to provide a basis for general or specific personal jurisdiction over any Non-Resident Defendant. *See* ECF No. 139.

In support of the PJ Motion, Non-Resident Defendants Mr. Curry, Mr. David, and Mr. Ohtani submitted declarations confirming that they are not Florida residents. The declarations also established that the AC's conclusory allegations regarding their purported connections with Florida vis-à-vis FTX are entirely baseless. *See* ECF Nos. 139 at 1-15; 139-1 (Curry Decl.); 139-2 (David Decl.); 139-3 (Ohtani Decl.).[2] Each declaration further confirmed that Mr. Curry, Mr. David, and Mr. Ohtani did not take any action in connection with FTX that could be construed as purposefully availing themselves of the benefits of doing business in Florida, but none introduced

---

[2] GSW and Ms. Osaka, who also joined the PJ Motion, did not file declarations.

a dispute over any material fact alleged in the AC. *Id.*

On April 21, 2023—before any Rule 26(f) conference had taken place—Plaintiffs' counsel emailed counsel for all Non-FTX Defendants a slew of broad "proposed" discovery requests and deposition topics covering virtually every aspect of the case, alleging that this "jurisdictional" discovery was warranted as a matter of right simply because the Non-Resident Defendants moved to dismiss under Rule 12(b)(2). The Non-FTX Defendants' counsel objected to the proposed discovery—which was only aimed at the Non-Resident Defendants—on multiple grounds, including that the discovery was improperly served and premature. The Non-Resident Defendants also objected to Plaintiffs' contention that they were entitled to jurisdictional discovery as a matter of course because the PJ Motion did not contest any of the AC's pleaded facts (indeed, the point of the Non-Resident Defendants' PJ Motion is that there *were no* well-pleaded facts to contest), and in any event, the discovery requests were untethered to the purported issue of this Court's jurisdiction over the Non-Resident Defendants. Still, Plaintiffs continued to push for this improper and overbroad discovery, and even threatened to move for relief before Magistrate Judge Becerra, despite the fact that no discovery requests had been served, and no discovery dispute was pending.

To prevent further attempts by Plaintiffs to skirt the discovery rules and to permit the Court to decide the Non-FTX Defendants' pending motions to dismiss without unnecessary and wasteful discovery, on April 26, 2023, the Non-FTX Defendants moved to stay all discovery, including initial disclosures (the "Motion to Stay"). ECF No. 162. Just hours later, Plaintiffs filed the instant motion, seeking to delay the briefing schedule ordered by this Court two weeks earlier so that Plaintiffs could take discovery from the Non-Resident Defendants and use that discovery to substantively amend their complaint for a second time. *See* ECF No. 163.

Though Plaintiffs purport to seek "limited" and "brief" jurisdictional discovery, the requests themselves demonstrate that Plaintiffs' proposed discovery includes highly burdensome

and expansive requests that cover nearly every aspect of their claims and have no actual bearing on jurisdiction. Specifically, Plaintiffs seek:

- All documents and communications concerning each Non-Resident Defendants' relationship with any FTX entity (Request No. 1);

- All documents and communications regarding whether Yield Bearing Accounts or the FTX Token (or "FTT") cryptocurrency constitute a "security" (Request No. 3);

- All documents and communications relating to each Non-Resident Defendant's "Florida fans" and "Florida's FTX consumers" (Request No. 2); and

- A deposition of each Non-Resident Defendant (and GSW's 30(b)(6) witness), unilaterally set between May 8 and May 12, 2023. *See* ECF No. 163-2.

On April 28, 2023, the parties who had appeared in the case to date (other than Sam Trabucco, who was shortly thereafter dismissed) met and conferred pursuant to Rule 26(f). Three days later, on May 1, and without further communication, Plaintiffs' counsel again threatened to seek relief from Magistrate Judge Becerra, claiming that the Non-Resident Defendants were somehow in violation of their discovery obligations. The Non-Resident Defendants' counsel again noted that seeking such relief was improper as there was no discovery dispute to address before Judge Becerra. And counsel explained that Plaintiffs had provided "proposed" discovery a week before the parties' Rule 26(f) conference, before which Plaintiffs could not properly serve discovery, and in any event, the Non-Resident Defendants would have thirty days after proper service to respond to any such requests. Further, counsel highlighted that the Non-Resident Defendants had moved to stay discovery and that Plaintiffs had moved for leave to serve jurisdictional discovery, which leave had not yet been granted. In response, Plaintiffs' counsel asserted that the aforementioned discovery requests and deposition notices were served as of the

parties' April 28, 2023 Rule 26(f) conference, citing Rule 26(d)(2)(B).[3] The Non-Resident Defendants' counsel explained that they disagreed the deposition notices were deemed served as of the Rule 26(f) conference, and even if they were, none of the notices were served early enough before the noticed date to satisfy Local Rule 26.1(h)'s fourteen-day written notice requirement.

Although the Non-Resident Defendants believe no purported jurisdictional discovery may proceed until this motion and the Non-FTX Defendants' Motion to Stay is resolved, out of an abundance of caution, each Non-Resident Defendant served objections to Plaintiffs' deposition notices on May 3, 2023, objecting on the additional grounds that Plaintiffs provided insufficient notice of the depositions under Fed. R. Civ. P. 26(c), 30(b)(1) and 32(a)(5)(A), Local Rule 26.1(h), and under Rule III.G of Magistrate Judge Becerra's Discovery Procedures. The individual Non-Resident Defendants further objected because, *inter alia*, Plaintiffs' unilaterally chosen dates fall right in the midst of the NBA playoffs for GSW and Mr. Curry; during an away-game series in Cleveland for Mr. Ohtani; while Ms. Osaka is in an advanced stage of pregnancy; and when Mr. David is otherwise unavailable. *See* Exs. 1-5 (Resps. & Objs. to Pls.' Deposition Notices).

## LEGAL STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Vague and conclusory assertions of personal jurisdiction do not suffice. *Snow,* 450 F.3d at 1318; *Castillo v.*

---

[3] Plaintiffs' assertion is undeniably wrong for the deposition notices—which Rule 26(d)(2)(B) does not address at all. *See* Fed. R. Civ. P. 26(d)(2)(B) (Rule 34 *document requests* are "considered to have been served at the first Rule 26(f) conference."). Plaintiffs have identified no rule pursuant to which the deposition notices would be deemed served as of the Rule 26(f) conference.

*Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 6907056, at *3 (S.D. Fla. Nov. 24, 2020) ("[T]he complaint must plead sufficient non-conclusory facts to establish a *prima facie* case of personal jurisdiction."). These pleading rules "prevent[] a plaintiff with 'a largely groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (citation omitted).

Because a "plaintiff is expected to be able to allege these [jurisdictional] facts in good faith without the benefit of discovery," *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *2 (S.D. Fla. Aug. 5, 2011), to obtain jurisdictional discovery, a plaintiff must therefore demonstrate that there is a "genuine dispute on a material jurisdictional fact," *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) (citation omitted). But "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to" the right to jurisdictional discovery. *Yepez*, 2011 WL 3439943, at *1. In other words, courts should not "reserve ruling on [a pending] motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had— but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so." *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1156 (S.D. Fla. 2019) (citing *Lowery*, 483 F.3d at 1216). Thus, where a "complaint [is] insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, [a] district court abuse[s] its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009).

## ARGUMENT

### I.    The Court should deny Plaintiffs' motion for jurisdictional discovery.

Plaintiffs' request to conduct jurisdictional discovery should be rejected for three reasons. *First*, Plaintiffs were required to "investigate, collect, and allege sufficient facts" to establish a

*prima facie* case of personal jurisdiction in the complaint as to each defendant, but they did not. *In re Takata*, 396 F. Supp. 3d at 1157. *Second*, Plaintiffs do not identify any genuinely disputed fact material to resolution of whether the Court has personal jurisdiction over the Non-Resident Defendants—indeed, Plaintiffs admit that the Non-Resident Defendants reside outside of Florida and point to no other genuinely disputed facts put at issue by the PJ Motion (nor could they because the PJ Motion did not controvert any of Plaintiffs' (non-existent) allegations). *Third*, Plaintiffs fail to explain how the jurisdictional discovery they seek will salvage their defective jurisdictional allegations. The Court should reject Plaintiffs' request to burden the Non-Resident Defendants— who should never have been sued in this forum—with this unwarranted, costly discovery.

### A.   Plaintiffs fail to allege a *prima facie* case of personal jurisdiction and therefore are not entitled to jurisdictional discovery.

The Court should dispense with this motion at the threshold because Plaintiffs utterly failed in their obligation to "investigate, collect, and allege sufficient facts" to establish a *prima facie* case of personal jurisdiction over any of the Non-Resident Defendants, and they cannot get jurisdictional discovery to search for what they "should have had—but did not—before coming through the courthouse doors[.]" *In re Takata*, 396 F. Supp. 3d at 1156. As fully set forth in the PJ Motion (ECF No. 139), Plaintiffs failed to allege facts to establish a *prima facie* case of either general or specific personal jurisdiction over any of the Non-Resident Defendants. They should not now be permitted to compel costly discovery to confirm what they should have already determined: there are simply no bases for personal jurisdiction over the Non-Resident Defendants.

First, general jurisdiction exists only where the defendant is "essentially at home"—for an individual, where he is domiciled, and for a company, where it is incorporated or has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 119, 122, 127, 139 (2014). Plaintiffs concede that there is no general jurisdiction over any of the Non-Resident Defendants, affirmatively alleging that the individual Non-Resident Defendants are all domiciled outside of

Florida (AC ¶¶ 36, 40-42) and that GSW is a California limited liability company headquartered in California (AC ¶ 37). General jurisdiction plainly is lacking.

Second, specific jurisdiction exists only where Plaintiffs' claims arise out of acts committed by the defendants in or directed at the forum. *E.g.*, *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021). Plaintiffs do not allege facts to show that any Non-Resident Defendant marketed or sold YBAs at all, let alone within or targeted toward Florida. AC ¶¶ 222-23, 219, 228-32. Nor do Plaintiffs allege facts to show that any Non-Resident Defendant entered into any relevant agreement in or targeted toward Florida. *See* ECF No. 139 at 7-11. And Plaintiffs fail to allege facts suggesting their claims arose out of any such (unidentified) acts. Without any specific connection between the Non-Resident Defendants' alleged conduct and Florida, Plaintiffs have also failed to allege specific jurisdiction over any Non-Resident Defendant.

Tellingly, Plaintiffs' motion does not point to any factual allegations that would give rise to a *prima facie* case of jurisdiction. ECF No. 163 at 7. Instead, Plaintiffs reproduce a boilerplate allegation of personal jurisdiction about *all* Defendants (including Florida-resident defendants and FTX insiders) (AC ¶ 50) and point to factual allegations that, in September 2022, long after FTX allegedly entered into any relevant business agreements with the Non-Resident Defendants (AC ¶¶ 221 & n.132, 222, 226 & n.138, 227 & n.140, 231), FTX announced its *intention* to move the location of its US entity to Miami (AC ¶ 121 & n.36)—a move that *never happened*.[4]

None of these allegations establish a *prima facie* case of jurisdiction over any of the Non-Resident Defendants, as the PJ Motion explained. ECF No. 139 at 6-15. Boilerplate allegations do

---

[4] *See* Carly Wanna & Felipe Marques, *FTX US Eyed High-End Office Space in Miami Before Bankruptcy*, Bloomberg (Dec. 14, 2022), https://www.bloomberg.com/news/articles/2022-12-14/ftx-us-planned-miami-headquarters-move-before-bankruptcy#xj4y7vzkg.

not suffice to create a *prima facie* case of personal jurisdiction as to each Non-Resident Defendant. *Snow*, 450 F.3d at 1318. Moreover, the announced intention to relocate an FTX US location to Florida *after* the Non-Resident Defendants' alleged conduct (to the extent any conduct was alleged at all) self-evidently fails to establish that any Non-Resident Defendant specifically directed any conduct toward Florida. *See* ECF No. 139 at 10; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (A defendant cannot be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."); *Ferenchak v. Zormati*, 572 F. Supp. 3d 1284, 1293-1294 (S.D. Fla. 2021) (plaintiff moving to Florida only *after* negotiating and signing agreement with defendant abroad insufficient to confer personal jurisdiction). And it certainly does not speak to whether Plaintiffs' claims arise out of that subsequent conduct.

Plaintiffs nevertheless urge that they should be permitted so-called jurisdictional discovery to determine if there *might* be any bases for this Court to exercise personal jurisdiction over the Non-Resident Defendants. ECF No. 163 at 8, 10. But such basic jurisdictional facts are precisely "the types of facts plaintiffs are expected to investigate *prior* to filing suit." *Yepez*, 2011 WL 3439943, at *2 (emphasis added) (denying motion to stay ruling on 12(b)(2) motion pending jurisdictional discovery over plaintiff's argument that it needed jurisdictional discovery). That Plaintiffs could not "allege these facts in good faith without the benefit of discovery" means only that the case must be dismissed, *not* that they are entitled to discovery now. *Id.*

Because Plaintiffs' allegations are "insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction" over each of the Non-Resident Defendants, the Court cannot "allow[] the case to proceed and grant[] discovery on the jurisdictional issue." *Butler*, 579 F.3d at 1314; *see also Diulus v. Am. Exp. Travel Related Servs. Co.*, 823 F. App'x 843, 849-850 (11th Cir. 2020) (affirming denial of jurisdictional discovery "[b]ecause the [plaintiffs] did not meet their initial burden to allege a *prima facie* case of personal jurisdiction"); *In re Zantac*, 2020

WL 6907056 (conclusory allegations of constitutionally sufficient contacts are insufficient to justify jurisdictional discovery). Plaintiffs' failure to point to any specific facts from the AC that set forth a *prima facie* case of personal jurisdiction against any Non-Resident Defendant requires denying jurisdictional discovery. *Yepez*, 2011 WL 3439943, at \*2.

### B. Plaintiffs are not entitled to jurisdictional discovery because they have not demonstrated a genuine dispute as to any material fact.

Plaintiffs' pleading failures alone compel denying the motion for jurisdictional discovery. The motion should also be denied because Plaintiffs have not demonstrated that there is a genuine dispute as to any material jurisdictional fact. But this is a threshold requirement to obtain jurisdictional discovery, *Brown*, 202 F. Supp. 3d at 1346, and "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute," *Yepez*, 2011 WL 3439943, at \*1. Plaintiffs come nowhere close to demonstrating any genuine dispute of fact as to any Non-Resident Defendant.

#### 1. *Plaintiffs fail to demonstrate a genuine dispute as to any material jurisdictional fact.*

Plaintiffs do not even claim to demonstrate that there is a genuine dispute of any material jurisdictional fact that requires jurisdictional discovery. For starters, Plaintiffs have not identified *any* disputed fact, and the AC alleges barely anything about the Non-Resident Defendants. As a result, the PJ Motion did not controvert any well-pleaded facts touching on this Court's jurisdiction (or lack thereof) over them—because none exist in the AC. The PJ Motion and attached declarations merely confirm Plaintiffs' allegations that none of the Non-Resident Defendants reside in Florida and further undermine Plaintiffs' (improper) conclusory group allegations regarding the Non-Resident Defendants' purported business connections to Florida. ECF No. 139, 139-1-3. Plaintiffs have not explained how this creates *any* disputed jurisdictional fact, let alone one material to the Court's resolution of personal jurisdiction over the Non-Resident Defendants.

- 12 -

Because Plaintiffs fail to identify any fact in dispute, it follows that they cannot demonstrate a *genuine* dispute over any *material* jurisdictional fact. *Bernadele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014) ("Jurisdictional discovery is not warranted … because [the plaintiff] did not submit any evidence to rebut [the defendant's] evidence.").

Indeed, Plaintiffs effectively concede there is no genuinely disputed material fact. They ask for jurisdictional discovery on the speculative notion that voluminous document productions and depositions "*may* reveal relevant facts" that would give Plaintiffs a basis for asserting personal jurisdiction. ECF No. 163 at 10 (emphasis added). Plaintiffs broadly assert that the requested discovery "may reveal" "[w]hether" the Non-Resident Defendants are "engaged in substantial and not isolated activity targeting Florida"; whether the Non-Resident Defendants entered into "other agreements" with FTX in which they "agreed to target actions or submit to jurisdiction in Florida"; whether the Non-Resident Defendants have "any other relevant contacts" with Florida; and whether the Non-Resident Defendants "contracted to target their advertising or marketing efforts for FTX's services" toward Florida. *Id.* at 10. But "a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation." *In re Zantac*, 2020 WL 6907056, at *3; *In re Takata*, 396 F. Supp. 3d at 1157 (rejecting jurisdictional discovery requests generically "aim[ing] to identify Defendants' contracts with the United States and various jurisdictions, as well as the connection between these contacts and Plaintiffs' claims").

More tellingly, Plaintiffs offer absolutely no basis (and no good-faith basis exists) for believing that discovery into "whether" any of these things exist would be fruitful. Speculation that the Non-Resident Defendants might have such deep ties to Florida that they are "essentially at home" there, that they entered into "other" unalleged Florida-specific agreements, or that they have other unalleged contacts with Florida (ECF No. 163 at 3-4, 10) has no basis in Plaintiffs' own

allegations or the PJ Motion. None of these newly imagined bases for personal jurisdiction are supported by the sparse allegations about the Non-Resident Defendants in the AC. And the undisputed facts presented in the PJ Motion undermine the few conclusory assertions Plaintiffs do levy. *See* ECF No. 139, 139-1 (Curry Decl.), 139-2 (David Decl.), 139-3 (Ohtani Decl.), 141 (judicially noticeable documents); *see also Espinoza v. Target Corp.*, 843 F. App'x 168, 171 (11th Cir. 2021) ("[C]onclusory allegations and speculation are insufficient to create a genuine issue of material fact.") (quoting *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018)). Plaintiffs' assertions are nothing more than speculation, and they are certainly *not* entitled to jurisdictional discovery to fish for potential facts (which do not exist). *See Yepez*, 2011 WL 3439943, at *1-2 (plaintiffs required to "investigate jurisdictional issues before filing suit" and "expected to be able to allege these facts in good faith without the benefit of discovery."); *Thompson*, 174 F. Supp. 3d at 1338 (plaintiffs not entitled to jurisdictional discovery "to test 'the veracity of the statements made in the [defendants'] affidavit[s].'"); *In re Zantac*, 2020 WL 6907056, at *3 (only where a defendant's "counter-facts create a genuine dispute with the well-pled facts in the complaint" does "plaintiff ha[ve] a right to limited jurisdictional discovery on those genuinely-disputed facts.").[5] Here, for purposes of the PJ Motion, the Non-Resident

---

[5] Contrary to Plaintiffs' assertion (ECF No. 163 at 8), it is not at all "important[]" that a Non-Resident Defendant declined to attach a copy of his, her, or its respective agreement to the PJ Motion. In a Rule 12(b)(2) motion, which *precedes* discovery, the Non-Resident Defendants had no reason nor obligation to provide Plaintiffs access to these documents. Plaintiffs also mislead (*id.* at 8 n.5) by stating that Mr. David "failed to provide a copy of" his agreement. Mr. David's counsel sent the agreement as it was filed under seal with this Court (ECF No. 139-2, Ex. A) to Plaintiffs' counsel on April 17, 2023. Mr. David's counsel has confirmed to Plaintiffs, and

Defendants accepted Plaintiffs' factual allegations as true—that GSW displayed the FTX logo in California, that Mr. Curry, Mr. David, and Ms. Osaka appeared in ads for FTX, and that Mr. Ohtani took no affirmative conduct but was merely named in a press release issued by FTX *from the Bahamas* announcing him as a "global ambassador." None of this shows personal jurisdiction.

These well-settled principles are unaffected by the entirely separate *Voyager* cases, in which some jurisdictional discovery was permitted. There, Chief Judge Altonaga authorized jurisdictional discovery against Voyager Ltd. based on allegations in the complaint that *did* set forth a *prima facie* case of personal jurisdiction and the existence of a material dispute of jurisdictional fact. *See* ECF No. 163-1 at 2-4. Defendants argued they did not maintain any employees or do any business in Florida, but documentary evidence attached to the complaint contradicted defendants' position and supported plaintiffs' jurisdictional allegations. *Id.* The same is not true here. Plaintiffs are not seeking jurisdictional discovery from *FTX* entities (the analogue to Voyager Ltd. in this case), nor have Plaintiffs come forward with factual allegations or evidence that any Non-Resident Defendant specifically targeted Florida or even promoted YBAs at all.[6]

---

Plaintiffs' counsel acknowledged, that the redactions relate only to Mr. David's compensation, which has nothing to do with whether he is subject to personal jurisdiction in Florida. While Plaintiffs' counsel reserved the right to argue that the amount of compensation is somehow relevant to jurisdiction, if the Court agrees with Mr. David on this point, the question of whether Mr. David provided the contract to Plaintiffs is resolved.

[6] Judge Altman in *Robertson v. Cuban* ordered ordinary discovery to proceed (not jurisdictional discovery alone) because the defendants did not make a "specific showing of prejudice or burdensomeness" to warrant staying discovery pending resolution of the motions to dismiss. Order, *Robertson v. Cuban*, No. 22-cv-22538 (S.D. Fla. Nov. 18, 2022), ECF No. 45. Here, by

If Plaintiffs had any factual basis for asserting personal jurisdiction against the Non-Resident Defendants in connection with their claims, they had an obligation to plead those facts in the AC or put them into evidence in support of their request for jurisdictional discovery. Plaintiffs did not do so, and, as a result, they have not shown any genuinely disputed, material jurisdictional fact. Thus, jurisdictional discovery should be denied.

### 2.    There cannot possibly be jurisdictional discovery from GSW or Osaka.

While Plaintiffs fail to show any genuinely disputed jurisdictional fact as to any of the Non-Resident Defendants, Plaintiffs' failure is especially glaring as to GSW and Ms. Osaka because they did not submit declarations in support of the PJ Motion. Plaintiffs have represented to this Court that they are seeking jurisdictional discovery from the Non-Resident Defendants "specifically regarding the **new** evidence that was filed in support of their Motion to Dismiss on grounds of lack of personal jurisdiction." Pls.' Resp. to Order to Show Cause at 1, *Norris v. Brady*, No. 23-cv-20439 (S.D. Fla. Apr. 21, 2023), ECF No. 47. Plaintiffs' motion implies that all the Non-Resident Defendants asked the Court to "rely upon their newly filed, Sworn FTX Defendant Declarations, where they make new arguments to support an alleged lack of personal jurisdiction." ECF No. 163 at 2. Plaintiffs' assertions are false. GSW and Ms. Osaka did *not* file declarations to support dismissal as to them, basing their arguments solely on Plaintiffs' fatally defective pleading. ECF No. 139 at 3-4.[7] It is thus impossible for there to be any factual dispute as to Plaintiffs'

_____

contrast, the Non-FTX Defendants *have* made that showing in their Motion to Stay (ECF No. 162), and the Court has already recognized that this is a "complex and costly litigation for all parties involved" (ECF No. 133 at 3). This is especially true for the Non-Resident Defendants.

[7] Of course, none of the Non-Resident Defendants' declarations raise "new" arguments; they confirm that Plaintiffs *could not* allege facts to support personal jurisdiction even if they had tried.

jurisdictional allegations about GSW and Ms. Osaka. As such, Plaintiffs have no basis to seek jurisdictional discovery from them.

Again, jurisdictional discovery is available only when a "factual challenge" is made, and jurisdictional facts are "genuinely in dispute." *ACLU v. City of Sarasota*, 859 F.3d 1337, 1340-1341 (11th Cir. 2017). This rule precludes a plaintiff from manufacturing a basis to burden a defendant with jurisdictional discovery where the defendant merely makes a facial challenge to the complaint. *See Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009) ("[A] motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading." (quotations omitted)).

Accordingly, jurisdictional discovery should be automatically denied where a party seeking dismissal for lack of personal jurisdiction does not even submit evidentiary declarations with their motion. *See In re Takata*, 396 F. Supp. 3d at 1157 (denying jurisdictional discovery where there was "no genuine factual dispute concerning personal jurisdiction because none of the parties submitted affidavit or declaration evidence in support of, or in opposition to, the exercise of personal jurisdiction" (citations omitted)); *see also Peruyero*, 83 F. Supp. 3d at 1290 (denying the plaintiff's request for jurisdictional discovery because there was "no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery").

GSW's and Ms. Osaka's facial challenge to personal jurisdiction presents a dispositive distinction from the *Voyager* matters on which Plaintiffs rely. According to Plaintiffs, "Judge Altonaga, Judge Altman, and Magistrate Judge Reid all granted leave and allowed discovery on personal jurisdiction to proceed *based on very similar declarations* filed by defendants in support of their motions to dismiss for lack of personal jurisdiction, raising many of the same arguments as Defendants here." ECF No. 163 at 5 (emphasis added). But GSW and Ms. Osaka have not filed *any* declaration, as Plaintiffs acknowledge. *See* ECF No. 163 at 3 (not mentioning GSW or Ms.

Osaka in listing declarations). Given that GSW and Ms. Osaka did not present evidence by declaration, Plaintiffs' request for jurisdictional discovery as to them is especially improper.

    **C.**    **Plaintiffs have not shown how the requested discovery could possibly bolster their non-existent jurisdictional allegations.**

Finally, the Court should also deny Plaintiffs' motion because Plaintiffs have failed to "'demonstrate[] that [they] can supplement [their] jurisdictional allegations through discovery.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017). Where plaintiffs have failed to specify what information discovery would produce and, more importantly, "how that information would bolster [their] allegations," jurisdictional discovery is properly denied. *In re Takata*, 396 F. Supp. 3d at 1157. Plaintiffs' proposed far-reaching "jurisdictional" discovery is not tailored to disputed jurisdictional facts at all and would not "bolster" Plaintiffs' non-existent allegations of personal jurisdiction. Indeed, it is apparent on the face of the requests that Plaintiffs are not seeking "jurisdictional" but, rather, premature discovery on the *merits* of their claims. Granting such far-reaching requests at this juncture would unfairly prejudice the Non-Resident Defendants by imposing unduly burdensome discovery on parties not properly part of this case.

*First*, Plaintiffs want *all* documents and communications relating to the Non-Resident Defendants' relationship with FTX (Req. No. 1). ECF No. 163-2. That is wholly unrelated to any potential connection with Florida and is a "fishing expedition." *Wolf*, 683 F. App'x at 792 (jurisdictional "discovery requests should not serve as fishing expeditions").

*Second*, Plaintiffs demand all documents and communications regarding whether YBAs or FTT constitute a security (Req. No. 3). ECF No. 163-2. This request, too, plainly has nothing to do with Florida connections and is an unabashed fishing expedition.

*Third*, Plaintiffs want all documents and communications relating to "targeting" the Non-Resident Defendants' "Florida fans" and "Florida's FTX consumers" with game broadcasts or advertisements (Req. No. 2). ECF No. 163-2. But this extremely broad request likewise will not

bolster Plaintiffs' jurisdictional allegations because Plaintiffs' claims concern promoting YBAs, which no Non-Resident Defendant is alleged to have promoted at all. (And Plaintiffs do not allege that Mr. Ohtani ever even promoted FTX.) Documents reflecting that Florida residents might have watched games or ads that promoted **FTX**—but not **YBAs**—could never cure the defective allegations by providing the connection between Plaintiffs' claims and any Non-Resident Defendants' alleged conduct required for jurisdiction. *E.g.*, *Don King Prods., Inc. v. Mosley*, 2016 WL 3950930, at *4 (S.D. Fla. Jan. 27, 2016); *Paws Aboard, LLC v. DiDonato*, 2012 WL 1252763, *3-4 (M.D. Fla. April 13, 2012); *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *7 (S.D. Fla. June 29, 2011) ("[S]ubject[ing] [defendant] to jurisdiction in a particular forum just for offering national and un-targeted advertising" would "set a troubling precedent.").

In short, Plaintiffs have failed to show how any of the requested jurisdictional discovery "would bolster" their jurisdictional allegations or resolve any genuinely disputed jurisdictional fact. *In re Takata*, 396 F. Supp. 3d at 1157. That, too, compels denial of the motion.

## II.      Plaintiffs should not be permitted leave to amend their Amended Complaint.

Because the Court should deny Plaintiffs' request for jurisdictional discovery, it should likewise deny Plaintiffs' corresponding request for leave to file a second amended complaint incorporating information gathered from the proposed "jurisdictional" discovery.

As a threshold matter, Plaintiffs have not properly sought leave to amend; Local Rule 15.1 requires "[a] party who moves to amend a pleading [to] attach the original of the amendment to the motion in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures." L.R. 15.1; *see also* S.D. Fla. CM/ECF Administrative Procedures § 3I(1) ("If a document to be filed requires a motion requesting leave of the Court (e.g., an amended complaint, …), the proposed document shall be submitted as a PDF attachment to the motion.").

Regardless, Plaintiffs should not be allowed to amend their complaint at all with respect to

personal jurisdiction (or otherwise). Plaintiffs were required to "investigate jurisdictional issues prior to filing suit" and "expected to be able to allege [jurisdictional] facts in good faith without the benefit of discovery." *Yepez*, 2011 WL 3439943, at *1-2. Plaintiffs have already amended their complaint to add *fifty-six* new pages of allegations and a *19-page* expert report. *Compare* ECF No. 1, *with* ECF No. 16, 16-1. Thus, Plaintiffs used their right to amend the complaint, *see* Fed. R. Civ. P. 15(a)(1) (authorizing only one amendment "as a matter of course"), and Plaintiffs' sparse jurisdictional allegations as to the Non-Resident Defendants remained unchanged, despite warnings that those allegations were deficient. Plaintiffs should not get another bite at the apple to add new (unidentified) allegations that should have been included from the outset. *See In re Engle Cases*, 767 F.3d 1082, 1123 (11th Cir. 2014) (affirming denial of leave to amend to add new allegations Plaintiffs should have "alleged at the time the complaints were filed").

Plaintiffs' multitude of pleading failures, including their failures to allege any basic jurisdictional facts, to identify in their motion any specific facts they have a good-faith basis to allege, and to refute the additional facts in Mr. Curry's, Mr. David's, or Mr. Ohtani's declarations, confirms that any amendment would be futile and should not be allowed. *See Dynasty Mgmt., LLC v. Alsina*, 2016 WL 11480851, at *1 (S.D. Fla. July 26, 2016) (denying leave to amend personal jurisdictional allegations where plaintiff pleaded "no legitimate basis for the Court's personal jurisdiction," "sworn affidavits … directly refute[d]" plaintiff's allegation, and "plaintiff offer[ed] no compelling response"); *Sterling Currency Grp. LLC v. Maurer*, 2013 WL 4011063, at *12 (N.D. Ga. Aug. 5, 2013) (denying leave to amend where "plaintiff has failed to show sufficient facts to establish personal jurisdiction").

## CONCLUSION

The Court should deny Plaintiffs' request to conduct jurisdictional discovery and deny leave to amend to allege unidentified facts.

Dated: May 10, 2023

COLSON, HICKS, EIDSON, P.A.

By:  */s/ Roberto Martínez*
    Roberto Martínez (FBN 305596)
     *bob@colson.com*
    Stephanie A. Casey (FBN 97483)
     *scasey@colson.com*
    Zachary Lipshultz (FBN 123594)
     *zach@colson.com*
    255 Alhambra Circle, Penthouse
    Coral Gables, Florida 33134
    Tel.: (305) 476-7400

*Attorneys for Defendants Golden State Warriors,*
*LLC, Naomi Osaka, and Lawrence Gene David*

GIBSON, DUNN & CRUTCHER LLP
    Matthew S. Kahn (*pro hac vice*)
     *MKahn@gibsondunn.com*
    Michael J. Kahn (*pro hac vice*)
     *MJKahn@gibsondunn.com*
    555 Mission Street, Suite 3000
    San Francisco, CA 94105-0921
    Tel.: (415) 393-8379

    Michael Dore (*pro hac vice*)
     *MDore@gibsondunn.com*
    Jamila MacEbong (*pro hac vice*)
     *JMacEbong@gibsondunn.com*
    333 South Grand Avenue, Suite 4600
    Los Angeles, CA 90071-3197
    Tel.: (213) 229-7155

*Attorneys for Defendants*
*Golden State Warriors, LLC and Naomi Osaka*

LATHAM & WATKINS LLP
    Andrew Clubok (*pro hac vice*)
     *andrew.clubok@lw.com*
    Susan E. Engel (*pro hac vice*)
     *susan.engel@lw.com*
    Brittany M.J. Record (*pro hac vice*)
     *brittany.record@lw.com*
    555 Eleventh Street, N.W., Suite 1000
    Washington, D.C. 20004-1304
    Tel: (202) 637-2200
    Fax: (202) 637-2201

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:  */s/ Nathan Bull*
    Nathan Bull (FBN 1029523)
     *nbull@mwe.com*
    333 SE 2nd Ave Suite 4500
    Miami, FL 33131
    Tel.: (212) 547-5768

    Jason D. Strabo (*pro hac vice*)
     *jstrabo@mwe.com*
    Ellie Hourizadeh (*pro hac vice*)
     *ehourizadeh@mwe.com*
    2049 Century Park East, Suite 3200
    Los Angeles, CA 90067
    Tel.: (310) 788-4125

    Sarah P. Hogarth (*pro hac vice*)
     *shogarth@mwe.com*
    500 North Capitol Street NW
    Washington, DC 20001
    Tel.: (202) 756-8354

*Attorneys for Defendant Stephen Curry*

WEIL, GOTSHAL & MANGES LLP

By: */s/ Edward Soto*
    Edward Soto (FBN 0265144)
     *edward.soto@weil.com*
    1395 Brickell Avenue, Suite 1200
    Miami, FL 33131-3368
    Tel.: (305)-577-3100

*Attorney for Defendant Shohei Ohtani*

- 21 -

Marvin S. Putnam (*pro hac vice*)
  *marvin.putnam@lw.com*
Jessica Stebbins Bina (*pro hac vice*)
  *jessica.stebbinsbina@lw.com*
Elizabeth A. Greenman (*pro hac vice*)
  *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500
Fax: (424) 653-5501

Michele D. Johnson (*pro hac vice*)
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

*Attorneys for Defendant Lawrence Gene David*