# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 22-CV-23753-MOORE/BECERRA

EDWIN GARRISON, *et al*., on behalf of themselves and all other similarly situated,

        Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al*.,

        Defendants.

**NOTICE OF OBJECTIONS TO NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT GOLDEN STATE WARRIORS LLC'S RULE 30(b)(6) <u>REPRESENTATIVE(S)</u>**

Pursuant to Federal Rules of Civil Procedure 26, 30, and 32, Civil Local Rule 26.1, and the Discovery Procedures for Magistrate Judge Jacqueline Becerra, Defendant Golden State Warriors, LLC ("GSW"), by and through its undersigned attorneys, hereby objects to Plaintiffs' Notice of Deposition of GSW pursuant to Federal Rule of Civil Procedure 30(b)(6), served on May 2, 2023 (the "Notice").

<u>**GENERAL OBJECTIONS**</u>

1.      Plaintiffs' deposition notice is premature, burdensome, and harassing, and GSW expressly objects to the timing of the deposition. Plaintiffs have filed a motion seeking to consolidate this action with over a dozen others in a multi-district litigation. *See In re: FTX Cryptocurrency Exchange Collapse Litig.*, MDL No. 3076. A consolidation as requested by Plaintiffs in their multi-district litigation petition necessarily would impact the scheduling and

scope of permissible discovery. It is harassing, burdensome, and unnecessary for Plaintiffs to seek GSW's deposition while Plaintiffs simultaneously are seeking to fundamentally change the scope of this case and to potentially subject GSW to efforts by other plaintiffs in such a consolidated proceeding to demand another deposition of her.

2. Plaintiffs have presented their notice of deposition as jurisdictional discovery. The file name of the pdf that Plaintiffs sent to GSW is titled "20230421 – Notice of Taking Jurisdictional 30b6 Deposition of GSW." Plaintiffs have filed a motion with Judge Moore seeking permission to take jurisdictional discovery that is still pending. Dkt. 163 ("Motion for Jurisdictional Discovery"). In that motion, Plaintiffs represented to Judge Moore that defendants including GSW have moved to dismiss for lack of personal jurisdiction based on "newly filed Sworn FTX Defendant Declarations, where they make new arguments to support an alleged lack of personal jurisdiction." ECF No. 163 at 2. As to GSW, Plaintiffs' representation to Judge Moore is false. GSW did not file any affidavit to support dismissal as to it. GSW makes a facial challenge to personal jurisdiction based on the allegations of Plaintiffs' complaint. There is no factual dispute as to Plaintiffs' jurisdictional allegations against GSW, and thus Plaintiffs have no basis to seek jurisdictional discovery from it. *See In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1157 (S.D. Fla. 2019) (denying jurisdictional discovery where there was "no genuine factual dispute concerning personal jurisdiction because none of the parties submitted affidavit or declaration evidence in support of, or in opposition to, the exercise of personal jurisdiction").

3. To the extent Plaintiffs seek to depose GSW on the merits, as opposed to only for "limited" jurisdictional discovery as Plaintiffs have requested in their pending Motion for Jurisdictional Discovery, the Notice is improper for additional reasons. Plaintiffs made no effort

to coordinate with GSW on a deposition date before unilaterally selecting May 8, 2023 and emailing GSW's counsel the deposition notice. GSW objects that the proposed deposition is unduly burdensome and harassing as there is insufficient time for GSW to prepare a witness to speak on its behalf regarding the topics noticed by Plaintiffs. Given the number of parties alone, this case merits placement on the Court's "Complex Track," in which "discovery shall be completed within 270 to 365 days from the date of the Scheduling Order." L.R. 16.1(a)(2)(C). That Scheduling Order has not even issued yet; there is no basis for Plaintiffs to depose GSW in less than a week.

4. Plaintiffs only served this deposition notice on May 2, 2023 seeking to take GSW's deposition on May 8, 2023. Plaintiffs incorrectly contend that they served the deposition notice on April 28, 2023 (the date of the parties' scheduling conference). Regardless of the date used, Plaintiffs' deposition notice is defective because it failed to provide reasonable written notice of the deposition as required by Federal Rule of Civil Procedure 30(b)(1) and violates the rule that "a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent." *See* L.R. 26.1(h). Further, because GSW received less than 14 days' notice of the deposition, and GSW has objected and sought protection from the Notice in compliance with Civil Local Rule 26.1 and Judge Becerra's Discovery Procedures, the proposed deposition could not be used against GSW pursuant to Federal Rule of Civil Procedure 32(a)(5)(A). Requiring GSW to appear and give testimony at a deposition that cannot be used in the action is unduly burdensome and harassing.

5. GSW objects to the location of the proposed deposition as unduly burdensome and harassing. GSW is located in San Francisco, California, but the Notice purports to require GSW to be deposed in Los Angeles, California.

**SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

6. GSW specifically objects to the definitions of "GSW," "You," or "Your" as overbroad and unduly burdensome because it includes not just GSW but also "any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents." GSW can only speak for itself and its employees in their capacity as employees.

7. GSW specifically objects to the definition of "FTX Platform" as vague and ambiguous because Plaintiffs provided two different definitions of this term. *See* Definition Nos. 3 and 6.

**SPECIFIC OBJECTIONS AND RESPONSES**

**TOPIC NO. 1:**

All Documents and responses provided in response to Plaintiffs' request for production, each dated and served on April 21, 2023.

**RESPONSE 1:**

GSW restates and incorporates the General Objections and Specific Objections to Definitions and Instructions as though fully set forth in this response. GSW objects on the ground that this request is vague and unintelligible because GSW has not provided any documents or responses in response to Plaintiffs' request for production dated April 21, 2023. This discovery was not served until April 28, 2023, and GSW's deadline to respond and object to this discovery is May 29, 2023. Thus, it is impossible for GSW to testify on this topic on the proposed deposition date of May 8, 2023, which is several weeks before GSW's responses and

objections are due. GSW also objects to this request as it incorrectly contends that Plaintiffs served discovery on April 21, 2023. GSW objects to this request as overbroad to the extent it seeks information beyond the realm of "limited" jurisdictional discovery that Plaintiffs purport to seek through this deposition.

**TOPIC NO. 2**:

All contracts or agreements and circumstances regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. See https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

**RESPONSE 2**:

GSW restates and incorporates the General Objections and Specific Objections to Definitions and Instructions as though fully set forth in this response. GSW objects to the phrase "circumstances" regarding GSW's alleged "Partnership with the FTX Entities" as vague and unintelligible. GSW objects to this request as overbroad to the extent it seeks information beyond the realm of "limited" jurisdictional discovery that Plaintiffs purport to seek through this deposition.

**TOPIC NO. 3**:

All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors

Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

**RESPONSE 3:**

GSW restates and incorporates the General Objections and Specific Objections to Definitions and Instructions as though fully set forth in this response.  GSW objects to this request as overbroad and unduly burdensome because no witness can be knowledgeable of "All Documents and Communications" as referred to in this request.  GSW also objects to this request as it calls for a legal conclusion that GSW "targeted" Florida fans.  GSW objects to this request as overbroad to the extent it seeks information beyond the realm of "limited" jurisdictional discovery that Plaintiffs purport to seek through this deposition, and in particular information about "advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games" and "NFTs that GSW offered for sale on the FTX Platform" because there is no relationship with Florida on the face of these topics.

**TOPIC NO. 4:**

All research or due diligence YOU and/or the NBA performed about the FTX Entities, the FTX Platform, or whether YBAs or FTT constitute a security under any federal or state law.

**RESPONSE 4:**

GSW restates and incorporates the General Objections and Specific Objections to Definitions and Instructions as though fully set forth in this response.  GSW objects to this request as overbroad because it seeks information beyond the realm of "limited" jurisdictional discovery that Plaintiffs purport to seek through this deposition.  GSW also objects to this request as seeking information beyond GSW's possession, custody, and/or control because it asks for "research or due diligence . . . the NBA performed."  GSW also objects to this request to

the extent it seeks information protected by the attorney client privilege or attorney work product protection regarding "whether YBAs or FTT constitute a security under any federal or state law."

Dated: May 3, 2023            Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A**.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
  bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
  scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
  zach@colson.com


**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379

By: */s/ Matthew S. Kahn*
Matthew S. Kahn (*pro hac vice*)
  MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
  MJKahn@gibsondunn.com

Jamila MacEbong (*pro hac vice*)
  JMacEbong@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendant Golden State Warriors, LLC*