# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 22-cv-23753-MOORE/BECERRA

EDWIN GARRISON, *et al.*, on behalf of
themselves and all other similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

## OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF TAKING VIDEOTAPED DEPOSITION OF DEFENDANT SHOHEI OHTANI

Pursuant to Rules 26, 30, and 32 of the Federal Rules of Civil Procedure, Rule 26.1 of the Local Rules of the Southern District of Florida, and Rule III.G of Judge Becerra's Discovery Procedures (the "Discovery Procedures"), and without waiving any objections previously raised by Defendants (including through email or otherwise), Defendant Shohei Ohtani hereby objects to the deposition notice purporting to require Mr. Ohtani to appear and provide testimony in this matter on May 12, 2023 (the "Notice"), as follows:

1.    Mr. Ohtani objects to the Notice and deposition on the grounds that the Notice has not been properly served on Mr. Ohtani.

2.    Mr. Ohtani objects to the Notice and deposition on the grounds that the Non-FTX Defendants in this matter have moved to stay all discovery pending the Court's resolution of the Non-FTX Defendants' pending motions to dismiss (See ECF 162) (the "Motion to Stay"). Under *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997), further case law cited in the Non-FTX Defendants' Motion to Stay, and for such other and further reasons as set forth in the Motion to Stay, Mr. Ohtani objects to any discovery proceeding at this time.

3.    Mr. Ohtani objects to the Notice and deposition on the grounds that Plaintiffs allege the purpose of the noticed deposition is to secure "jurisdictional discovery," but Plaintiffs' motion seeking leave to conduct such discovery (ECF 163) has not yet been heard or granted by the Court. Plaintiffs' effort to conduct "jurisdictional discovery" is therefore premature, and no such jurisdictional discovery can proceed unless and until Judge Moore grants Plaintiffs' requested leave.

1

4. Mr. Ohtani objects to the Notice and deposition pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Notice fails to provide reasonable written notice of the deposition.

5. Mr. Ohtani objects to the Notice and deposition pursuant to Rule 26.1(h) of the Local Rules on the grounds that the Notice purports to require Mr. Ohtani to appear and provide testimony out-of-state, but Plaintiffs have failed to provide at least fourteen (14) days' written notice, and the Notice is therefore not in compliance with Local Rule 26.1(h).

6. Mr. Ohtani objects to the Notice and deposition pursuant to Federal Rule of Civil Procedure 26(c) and Rule III.G of the Discovery Procedures on the grounds that Mr. Ohtani is unavailable to appear and give testimony at the time and date set forth in the Notice. Among other things, Mr. Ohtani is presently in the midst of the MLB season, and on May 12, Mr. Ohtani will be in Cleveland, Ohio. Requiring Mr. Ohtani to appear and give testimony in the middle of the MLB season is unduly burdensome, harassing, and oppressive, and would cause irreparable harm.

7. Mr. Ohtani objects to the Notice and deposition on the grounds that Mr. Ohtani does not speak English sufficient to conduct a deposition in English and the Notice does not specify whether Plaintiffs intend to conduct the deposition with the use of an interpreter, without which would be unduly burdensome, harassing, and oppressive, and would cause irreparable harm to Mr. Ohtani.

8. Mr. Ohtani objects to the Notice pursuant to Rule 26.1(h) of the Local Rules and Rule 32(a)(5)(A) of Federal Rules of Civil Procedure on the grounds that Plaintiffs have provided fewer than 11 days' notice of the deposition, Mr. Ohtani has complied with the requirements of Rule III.G of the Discovery Procedures, and, accordingly, any deposition conducted on that date cannot be used against Mr. Ohtani. Requiring Mr. Ohtani to appear and give testimony at a deposition that cannot be used in the action is unduly burdensome, harassing, and oppressive, and would cause irreparable harm.

DATED: May 3, 2023
Miami, Florida

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Edward Soto*
Edward Soto (Fla Bar. No. 0265144)
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100
Email: edward.soto@weil.com

*Attorney for Defendant Shohei Ohtani*