# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-23753-MOORE/BECERRA

EDWIN GARRISON, *et al*., on behalf of themselves and all other similarly situated,

       Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al*.,

       Defendants.

**NOTICE OF OBJECTIONS TO NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT NAOMI OSAKA**

Pursuant to Federal Rules of Civil Procedure 26, 30, and 32, Civil Local Rule 26.1, and the Discovery Procedures for Magistrate Judge Jacqueline Becerra, Defendant Naomi Osaka ("Osaka"), by and through her undersigned attorneys, hereby objects to Plaintiffs' Notice of Deposition of Osaka, served on May 2, 2023 (the "Notice").

**OBJECTIONS**

1. Plaintiffs' deposition notice is premature, burdensome, and harassing, and Ms. Osaka expressly objects to the timing of the deposition. Plaintiffs have filed a motion seeking to consolidate this action with over a dozen others in a multi-district litigation. *See In re: FTX Cryptocurrency Exchange Collapse Litig.*, MDL No. 3076. A consolidation as requested by Plaintiffs in their multi-district litigation petition necessarily would impact the scheduling and scope of permissible discovery. It is harassing, burdensome, and unnecessary for

Plaintiffs to seek Ms. Osaka's deposition while Plaintiffs simultaneously are seeking to fundamentally change the scope of this case and to potentially subject Ms. Osaka to efforts by other plaintiffs in such a consolidated proceeding to demand another deposition of her.

2. Plaintiffs have presented their notice of deposition as jurisdictional discovery. The file name of the pdf that Plaintiffs sent to Ms. Osaka is titled "20230421 – Notice of Taking Jurisdictional Deposition of Defendant Naomi Osaka." Plaintiffs have filed a motion with Judge Moore seeking permission to take jurisdictional discovery that is still pending. Dkt. 163 ("Motion for Jurisdictional Discovery"). In that motion, Plaintiffs represented to Judge Moore that defendants including Ms. Osaka have moved to dismiss for lack of personal jurisdiction based on "newly filed Sworn FTX Defendant Declarations, where they make new arguments to support an alleged lack of personal jurisdiction." ECF No. 163 at 2. As to Ms. Osaka, Plaintiffs' representation to Judge Moore is false. Ms. Osaka did not file any affidavit to support dismissal as to her. She makes a facial challenge to personal jurisdiction based on the allegations of Plaintiffs' complaint. There is no factual dispute as to Plaintiffs' jurisdictional allegations against Ms. Osaka, and thus Plaintiffs have no basis to seek jurisdictional discovery from her. *See In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1157 (S.D. Fla. 2019) (denying jurisdictional discovery where there was "no genuine factual dispute concerning personal jurisdiction because none of the parties submitted affidavit or declaration evidence in support of, or in opposition to, the exercise of personal jurisdiction").

3. To the extent Plaintiffs seek to depose Ms. Osaka on the merits, as opposed to only for "limited" jurisdictional discovery as Plaintiffs have requested in their pending Motion for Jurisdictional Discovery, the Notice is improper for additional reasons. Plaintiffs made no effort to coordinate with Ms. Osaka on a deposition date before unilaterally selecting May 10,

2023 and emailing her counsel the deposition notice. Ms. Osaka objects that the proposed deposition is unduly burdensome and harassing as she is in an advanced state of pregnancy and not currently available for a deposition. Given the number of parties alone, this case merits placement on the Court's "Complex Track," in which "discovery shall be completed within 270 to 365 days from the date of the Scheduling Order." L.R. 16.1(a)(2)(C). That Scheduling Order has not even issued yet; there is no basis for Plaintiffs to depose Ms. Osaka in the next eight days.

4. Plaintiffs only served this deposition notice on May 2, 2023 seeking to take Ms. Osaka's deposition on May 10, 2023. Plaintiffs incorrectly contend that they served the deposition notice on April 28, 2023 (the date of the parties' scheduling conference). Regardless of the date used, Plaintiffs' deposition notice is defective because it failed to provide reasonable written notice of the deposition as required by Federal Rule of Civil Procedure 30(b)(1) and violates the rule that "a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent." *See* L.R. 26.1(h). Further, because Ms. Osaka received less than 14 days' notice of the deposition, and Ms. Osaka has objected and sought protection from the Notice in compliance with Civil Local Rule 26.1 and Judge Becerra's Discovery Procedures, the proposed deposition could not be used against Ms. Osaka pursuant to Federal Rule of Civil Procedure 32(a)(5)(A). Requiring Ms. Osaka to appear and give testimony at a deposition that cannot be used in the action is unduly burdensome and harassing.

| | |
|---|---|
| Dated:  May 3, 2023 | Respectfully submitted, |

**COLSON, HICKS, EIDSON, P.A**.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
   bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
   scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
   zach@colson.com


**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

By: */s/ Michael Dore*
Michael Dore (*pro hac vice*)
   MDore@gibsondunn.com
Jamila MacEbong (*pro hac vice*)
   JMacEbong@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

Michael J. Kahn (*pro hac vice*)
   MJKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379


*Attorneys for Defendant Naomi Osaka*