UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.*, on behalf of
Themselves and all others similarly situated,

      Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO STAY DISCOVERY**

Plaintiffs respond in opposition to the Motion to Stay all Discovery (including even exchanging "Initial Disclosures"), [ECF No. 162], filed by Defendants Brady, Bündchen, Curry, David, the Golden State Warriors, LLC ("GSW"), Haslem, Lawrence, Ohtani, O'Leary, Ortiz, and Osaka (collectively, the "Non-FTX Defendants").

The Non-Florida Defendants (Curry, David, GSW, Ohtani, and Osaka) moved on Friday, April 14, 2023, to dismiss the complaint for lack of personal jurisdiction. ECF No. 139. Relying on their own newly filed Declarations of Defendants Curry, David, and Ohtani, these FTX Defendants argue all claims against them must be dismissed at this stage of the case *with prejudice*, because this Court lacks specific jurisdiction over them. ***Essentially, Defendants argue (via self-serving, sworn statements) that: (1) there is simply <u>no connection</u> between any of these FTX allegations against them and the state of Florida, and (2) this Court cannot, and should not, allow Plaintiffs to even conduct <u>any</u> jurisdictional discovery to test those self-serving claims.***

But the Defendants' own Declarations contain general, conclusory language, such as where the celebrity declarants live, where they signed their own individual contracts, and where "their own" agents and employees reside. They say nothing about any actions FTX took in Florida, regarding their specific FTX agreements, regarding which Plaintiffs have been seeking limited discovery.

Although Plaintiffs will be seeking to amend the Complaint this week to, among other things, include additional facts and evidence that demonstrate that Plaintiffs' claims against ***all five*** of the Non-Florida Defendants "arise out of acts committed by defendants in or directed at the forum," ECF No. 195 at 15, the Non-Florida Defendants' continued assertions (1) that Plaintiffs' jurisdictional allegations in the current Complaint do not establish at least a *prima facie* basis for jurisdiction and (2) that the jurisdictional allegations in the current Complaint are contained only within a single paragraph are incorrect and entirely without basis. In addition to paragraph 50 of the Complaint—which is in substance the same as the jurisdictional allegation that Chief Judge Altonaga, Judge Altman, and Magistrate Judge Reid looked to in granting the plaintiffs' requests for jurisdictional discovery in the *Voyager Digital* cases—Plaintiffs also allege that:

- The FTX Platform and FTX's fraudulent scheme (which Defendants conspired to participate in) emanated from FTX's domestic headquarters in Miami, Florida; ECF No. 16, ¶¶ 8, 121;

- Integral to FTX's fraudulent scheme "involved utilizing some of the biggest names in sports and entertainment to raise funds and drive global consumers to invest in the YBAs, which were offered and sold largely from the FTX Entities' domestic base of operations here in Miami, Florida, pouring billions of dollars into the Deceptive FTX Platform to keep the whole scheme afloat," ECF No. 16, ¶ 16;

- Florida Plaintiffs Podalsky, Lindeen, and Chernyavksy, all alleging that they purchased unregistered securities from FTX "after being exposed to some or all of Defendants' misrepresentations and omissions regarding the Deceptive FTX Platform as detailed in this complaint, and/or executed

trades on the Deceptive FTX Platform in reliance on those misrepresentations and omissions," ECF No. 16, ¶¶ 24–26;

- Defendant Osaka debuted her partnership with the FTX Entities by wearing the FTX logo on the kit she wore beginning with the Miami Open in 2022, ECF No. 16, ¶ 227; and

- "Plaintiffs seek certification of the Classes in part because all offers of FTX YBAs to Plaintiffs and the Class Members (in which Defendants each substantially participated) were made by FTX from their principal place of business in Miami, Florida, and thus every single offer to sell an FTX YBA stems from a transactional occurrence that emanated from the State of Florida." ECF No. 16, ¶ 235.

Plaintiffs here seek the same, reasonable discovery that plaintiffs sought in Undersigned Counsel's related *Voyager Digital* cases, based on largely the same types of allegations regarding those defendants' connections to the state of Florida as the ones Plaintiffs allege here as to the Non-Florida Defendants—and Chief Judge Altonaga, Judge Altman, and Magistrate Judge Reid, in various Orders based specifically on Eleventh Circuit precedent, ***compelled Defendants to submit to jurisdictional discovery***, despite the fact that defendants there raised ***nearly identical objections to the Non-Florida Defendants here***. *See* ECF No. 163, Comp. Ex. A. All FTX Defendants continue to argue and reiterate (with no logic or reasoning) that ***none*** of these prior Orders by this Court are in ***"in any manner"*** relevant to this inquiry and cannot even be "considered by this Court."

With respect to the issue of "jurisdictional" discovery, Plaintiffs' position is clearly stated in their pending Motion for Leave to Conduct Jurisdictional Discovery. *See* ECF No. 163. Namely, the Non-Florida Defendants should be required to respond to the "jurisdictional requests" for production, *see* ECF No. 163, Comp. Ex. B, which were deemed served on April 28, 2023, the date of the Parties' joint Rule 26(f)/L.R. 16.1 scheduling conference. *See* Fed. R. Civ. P. 26(d)(2)(B).

In the *Voyager Digital* litigation, defendants Voyager and Mark Cuban specifically argued this same defense, namely that those crypto class cases must be dismissed for a lack of personal jurisdiction, alleging they had "no connection to the state of Florida." However, the plethora of evidence obtained from the compelled discovery clearly demonstrated that not only was Florida one of the "main" targets for their promotion of Voyager's unregistered securities, but it was also one of the ***most*** targeted states, and thus tens of thousands of Florida residents, in fact, suffered millions in damages from defendants' offer and sale of these unregistered securities. Here, there is no dispute that FTX (unlike Voyager) conducted its activities from its U.S. headquarters based here in Miami, Florida, and there can be no dispute that these Defendants' activities (such as David's Super Bowl Commercial) were certainly not confined to some limited geographic area (such as only California).

Plaintiffs respectfully seek leave to conduct limited jurisdictional discovery. *See* ECF No. 163. With respect to the issue of "merits" discovery, Plaintiffs take no position and leave it to the Court's discretion what discovery, if any, should be permitted pending a decision on the motions to dismiss and/or any transfer ordered by the Judicial Panel on Multidistrict Litigation. While Defendants claim Plaintiffs "seek to take ***seventeen*** separate depositions," ECF No. 162 at 3–4 (emphasis in original), Defendants' statement is inaccurate, as the only pending discovery requests are the limited ones attached to Plaintiffs' pending Motion, *see* ECF No. 163 at Comp. Ex. B.

Finally, although Defendants have motions to dismiss pending,[1] those motions will soon be ***rendered moot,*** in that Plaintiffs will be seeking to file a consolidated amended complaint,

---

[1] The Non-FTX Defendants base their arguments in favor of a stay of all discovery on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny. But *Chudasama* does not require that discovery always be stayed pending resolution of a motion to dismiss. *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793 *3 (S.D. Fla. Nov. 9, 2012) ("The Eleventh Circuit did not, however, prescribe 'a broad rule that discovery should be deferred whenever there

pursuant to Federal Rule of Civil Procedure 15(a)(2), either through Stipulation with Defendants, or through seeking leave from this Court, which has acknowledged on numerous occasions that "Courts routinely allow such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros v. Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (collecting cases).

This Court previously recognized that, "[a]lthough the Court has discretion to stay discovery, *see McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006), this District's Local Rules make clear that a stay of discovery pending the determination of a motion to dismiss is the exception, rather than the rule." *Vechten v. Elenson*, No. 9:12-CV-80668-RNS, 2012 WL 12978270, at *1 (S.D. Fla. Jul. 20, 2012); *see also Cabrera v. Progressive Behavioral Science, Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (recognizing that, while district courts have broad discretion in managing their dockets, "[a] stay of discovery pending the determination of a motion to dismiss, however, is the exception rather than the rule.").

Moreover, "[a] request to stay discovery pending a resolution of a motion is ***rarely*** appropriate unless a resolution of the motion will dispose of the entire case." *Vechten*, 2012 WL 12978270 *1 (quoting *McCabe*, 233 F.R.D. at 685); *see also Dorado v. Bank of America*, No. 16-

---

is a pending motion to dismiss.'"); *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059- CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion."). Instead, the *Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed." *Ray*, 2012 WL 5471793, at *3.

21147-CIV-SCOLA, 2016 WL 10859786 * 1 (S.D. Fla. Jun 3, 2016) ("A request to stay all discovery pending resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.").

Here, it certainly cannot be said that Defendants' pending motions to dismiss "will dispose of the entire case," particularly where Plaintiffs will seek this week to amend their Complaint to, among other things, address purported deficiencies raised in the Motions, include additional parties and claims, and provide additional context and background for the already-pled claims.

Dated: May 10, 2023                          Respectfully submitted,

**By:** ***/s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

**By:** ***/s/ David Boies***
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** ***/s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By:** ***/s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

*CASE NO. 1:22-cv-23753-KMM*

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the forgoing was filed on May 10, 2023, via

the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.


                     By: ***/s/ Adam M. Moskowitz***
                     ADAM M. MOSKOWITZ