UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.*, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

    Defendants.

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs respectfully request the Court grant leave to amend their complaint, in the form attached as **Exhibit A**. ("Am. Complaint").

The proposed Amended Complaint: (**1**) includes crucial, ***new information*** regarding those FTX Brand Ambassador Defendants,[1] who argue in their pending Motions to Dismiss that this Court has no jurisdiction over them for these claims and that these claims have no relationship to Florida, ECF No. 139, (**2**) is the first one that Plaintiffs seek leave of Court to file; (3) is timely (there is no Case Management Schedule with a governing deadline to seek leave to amend and/or to complete discovery); (**4**) includes a new Plaintiff seeking to represent an alternative subclass for the state of California; (**5**) includes an additional Defendant (TSM, the esports company that the FTX Group entered into a $210 million partnership with); (**6**) incudes additional claims against all FTX Brand Ambassador Defendants; and (**7**) includes significant substantive amendments to the claims against the FTX Brand Ambassador Defendants to address arguments raised in their

---

[1] Of the 12 current FTX Brand Ambassador Defendants, Brady, Bündchen, Curry, David, the Golden State Warriors, LLC ("GSW"), Haslem, Lawrence, Ohtani, O'Leary, O'Neal, Ortiz, and Osaka, five of them contest the Court's personal jurisdiction: Defendants Curry, David, GSW, Ohtani, and Osaka (the "12(b)(2) Defendants").

*CASE NO. 1:22-cv-23753-KMM*

pending motions to dismiss, [ECF Nos. 154–159], clarify facts and bring to light developments that have occurred since the last complaint was filed December 16, 2022.

One of the **named** FTX Defendants, Mr. Daniel Friedberg, former Chief Compliance Officer of FTX.US and former Chief Regulatory Officer of FTX International, recently provided a Declaration, under penalty of perjury, where he explains his involvement in this litigation and he attests to specific arguments raised by the 12(b)(2) Defendants, namely that there is no connection between Plaintiffs' claims and the state of Florida. *See* Am. Complaint, Ex. A. Mr. Friedberg's new testimony is supported by a plethora of contemporaneous evidence (none of which was produced by Defendants in this litigation), including a transcript from an in-depth podcast interview of Avi Dabir, FTX's former Vice President of Business Development, who was based in Miami, Florida, and in charge of the FTX Brand Ambassador Agreements, including those of the 12(b)(2) Defendants. *See* Am. Complaint, Ex. B. Based upon this new, extensive evidence, there appears to be ***no state that has <u>more connections</u> to the FTX Brand Ambassador Defendants than the state of Florida.***

Plaintiffs requested that Defendants stipulate to Plaintiffs filing the Amended Complaint, pursuant to Rule 15(a)(2), in that:

> (3) the Amendment is timely, because there is no Case Management Order (and therefore no current deadline to seek leave amend);
>
> (2) no discovery has been produced by any of the FTX Defendants, nor is there any deadline for completing discovery, so there is no way the Amendment could result in any "undue prejudice" to any of the Defendants;
>
> (3) the Amendment cannot be "futile," in that it specifically addresses the purported deficiencies raised in Defendants' pending motions to dismiss, and is the first substantive amendment sought after any motions to dismiss were filed; and
>
> (4) the Amendment includes additional claims and parties that Defendants and the Court have yet to address.

*CASE NO. 1:22-cv-23753-KMM*

With no "substantial reason" to deny amendment at this early stage, this Court has previously held that such amendment should be liberally permitted. *See Bonilla v. Librati,* Case No. 1:21-cv-21588-KMM, 2022 WL 4594126, at *2 (S.D. Fla. Feb. 26, 2022).

I.   **FACTUAL BACKGROUND**

**On November 15, 2022,** Plaintiff, Garrison filed this original class action lawsuit (the "Garrison Lawsuit"). The lawsuit seeks damages relating to the offer and sale of the FTX Trading's and FTX US's yield-bearing cryptocurrency accounts. [ECF No. 1]. The initial complaint was filed two business days after FTX collapsed and sought bankruptcy protection on November 11, 2022.

**On December 16, 2022,** Plaintiffs complied with the Court's Order, and filed an Amended Complaint (the "First Amended Complaint") [ECF No. 16] which consolidated this action, with the "Podalsky Lawsuit – which the Court found "ha[d] common questions of fact" and therefore that "consolidation [was] appropriate." [Case No. 1:22-cv-23983-KMM, ECF No. 7].[2]

**On April 14, 2023,** Defendants filed motions to dismiss the First Amended Complaint:

1. the 12(b)(2) Defendants moved to dismiss the First Amended Complaint, arguing this Court lacks specific personal jurisdiction over them for these claims, which they argue have no connection to the State of Florida [ECF No. 139];

2. the FTX Brand Ambassador Defendants moved to dismiss for failure to state a claim [ECF No. 154]; Defendant Haslem moved to dismiss for insufficient service [ECF No. 156];

3. Defendant Ohtani filed a supplemental memorandum of law in support of his motion to dismiss, asserting personal jurisdiction arguments [ECF No. 157];

4. Defendant Lawrence moved to dismiss pursuant to FRCP 12(b)(6) [ECF No. 158]; and,

---

[2] Plaintiffs complied with the Court's requirement on font size and spacing, which also greatly increased the number of pages from the original Complaint.

5. Defendant GSW filed an individual brief in support of the FTX Brand Ambassador Defendants' motion to dismiss and to transfer venue in the alternative.

**On April 16, 2023,** Plaintiffs served Defendant, Shaquille O'Neal [ECF Nos. 101, 161].

**On May 8, 2023,** the Parties filed a Joint Scheduling Report [ECF No 192] where Plaintiffs state their intention to file this Amended Complaint, and Defendants state their opposition. No Scheduling Conference with the Court has occurred, nor has a Scheduling Order been entered.

**On April 26, 2023,** the Non-FTX Defendants moved to stay discovery (including Initial Disclosures) pending the Court's rulings on the Motions to Dismiss [ECF No. 162]; and Plaintiffs, pursuant to Local Rule 7.1(d)(2), moved on an expedited basis to take brief jurisdictional discovery from the 12(b)(2) Defendants prior to a ruling on their jurisdictional arguments, and a brief opportunity to prepare an amended complaint following that discovery to address their arguments and declarations [ECF No. 163]. On May 10, 2023, Defendants filed their responses to Plaintiffs' motion for jurisdictional discovery. ECF Nos. 195, 196. In their responses, Defendants state their position that "**Plaintiffs should *not* be allowed to amend their complaint at all with respect to personal jurisdiction (or otherwise),**" and that "***no*** **amendment should be allowed, *if at all*,** until the Court rules on the Motions to Dismiss" what would become the superseded complaint should Plaintiffs be granted leave to amend. ECF No. 195 at 19–20; ECF No. 196 at 2.

Plaintiffs provided Defendants with the proposed Amended Complaint, who informed Plaintiffs that they are not prepared "at this time" to stipulate to its filing. Mindful of the fact that this Court disfavors last-minute requests (the deadline for Plaintiffs to oppose the pending motions to dismiss is Monday, May 15, 2023, which would be rendered moot if leave to amend is granted), this Motion followed, and Plaintiffs hope all Defendants will agree by Monday to an agreed Stipulation.

*CASE NO. 1:22-cv-23753-KMM*

## II. LEGAL DISCUSSION

### A. Legal Standard

"Rule 15(a) of the Federal Rules provides that '[a] party may amend its pleading once as a matter or course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f).'" *Bonilla v. Librati*, Case No. 1:21-cv-21588-KMM, 2022 WL 4594126, at *2 (S.D. Fla. Feb. 26, 2022) (quoting Fed. R. Civ. P. 15(a)(1)(B)). Beyond that, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." *Bonilla*, 2022 WL 4594126, at *2 (quoting Fed. R. Civ. P. 15(a)(2)).

Although "[t]he decision whether to grant leave to amend is committed to the sound discretion of the trial court," "'[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Bonilla*, 2022 WL 4594126, at *2 (citing *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622 (11th Cir. 1983); quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir 1981)); *see also Castros v. Signal Finance Co. LLC*, 2018 WL 1137099 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (citation omitted); *SkyHop Techs., Inc. v. Narra*, 21-60799-CIV, 2021 WL 4990666, at *2 (S.D. Fla. Aug. 3, 2021) ("[T]he Eleventh Circuit has stressed that 'unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

"A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Castros*, 2018 WL 1137099, at *1 (quoting *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996)).

5

### B. There is No Substantial Reason to Deny Leave to Amend

Plaintiffs filed the initial complaint only days after the FTX Entities filed for bankruptcy protection. Plaintiffs subsequently amended their complaint a few weeks later, to comply with the Court's Order, to consolidate two separate lawsuits into an amended complaint. Since then, Plaintiffs have learned many more important facts and details concerning the specific question of personal jurisdiction, FTX implosion and Defendants' involvement and liability.

For example, Plaintiffs just learned that FTX's Vice President of Business Development, Mr. Avinash Dabir, who was charged with creating, consummating, and implementing the partnership agreements between FTX and the Defendants, began operating from FTX's physical offices in Miami, Florida early in 2021. Plaintiffs will supplement their jurisdictional allegations with this crucial information – as substantiated through Defendant Friedberg's Sworn Declaration. *See* Am. Complaint, Ex. A. These allegations obviate many of the existing jurisdictional challenges Defendants raise in their current motions to dismiss, including the erroneous argument that "no conspiracy could have been 'engineered in Florida' because FTX did not even plan to move to Miami until late September 2022 – *after* entering the alleged business agreements with the [Non-FTX] Defendants." [ECF No. 139, at p. 10].

Thus, Plaintiffs respectfully seek leave to now amend their complaint, in order to reflect these and other new, crucial facts they have learned after filing their original complaint and new events which impact the dispute between the parties. Plaintiffs address many of the purported pleading and jurisdictional deficiencies that Defendants identify in their pending motions to dismiss. "Courts routinely allow such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros*, 2018 WL 1137099, at *1 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986)); *see also AT&T Mobility, LLC v. Digital Antenna, Inc*, No. 09-60639-CIV, 2010 WL

3608247, at *3 (S.D. Fla. Sept. 9, 2010) ("Courts liberally allow amendments or supplements because ordinarily they are efficient mechanisms to refine the pleadings to reflect the facts that diligent parties learn during discovery or to address new events which impact the dispute between the parties and that can be efficiently resolve din the course of the litigation."); *see also Crossroads Financial, LLC v. Alma-Mater Collection, Inc.*, No. 15-81095-CIV-MARRA, 2019 WL 13196474 (S.D. Fla. Dec. 18, 2019) (Marra, J.) (reversing on reconsideration the court's prior order denying belated motion for leave to file second amended counterclaim, filed over 3 years after the deadline to amend in the scheduling order, explaining that "it would be in the interest of judicial economy to grant the Motion for Leave to File Second Amended Counterclaim, rather than ruling on the Motion to Dismiss Amended Counterclaim, and if granted, allow leave to amend (DE 129). This is especially appropriate where, as here, [counter-plaintiff] has conceded the Amended Counterclaim has multiple 'technical pleading issues' that have subsequently been addressed in the proposed Second Amended Counterclaim").

This Motion for leave is timely, especially because the Court has yet to enter a Scheduling Order in this case, meaning the Rule 16(b) inquiry does not apply,[3] and none of the Defendants have filed any responsive pleadings. *See ABS Healthcare Services, LLC v. Maxim Health Inc.*, 20-CV-61456, 2021 WL 9347051, at *3 (S.D. Fla. Aug. 23, 2021) (granting leave to amend where plaintiffs' motion to amend was timely filed, it was the first proposed amendment, jurisdictional discovery was incomplete, and there was no evidence of delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by Plaintiffs).

---

[3] As Rule 16(b) does not apply here because Plaintiffs' motion is timely, Plaintiffs are not required to first demonstrate good cause before seeking leave under the liberal standard set forth in Rule 15(a)(2)—though good cause certainly exists here in light of the circumstances. *See Bonilla v. Librati*, 2022 WL 4594126, at *2 (S.D. Fla. Feb. 26, 2022) (Moore, C.J.) ("The Court must first determine whether the instant Motion for Leave to File Second Amended Counterclaim . . . is timely filed pursuant to the Courts scheduling order, as this determines whether [movants] must first demonstrate good cause under Rule 16(b)").

*CASE NO. 1:22-cv-23753-KMM*

Any potential arguments Defendants may raise regarding the futility of the proposed amended complaint are more appropriately addressed in a renewed motion to dismiss the amended complaint. *Bonilla v. Librati*. *See* 2022 WL 4594126, at *4 (holding that arguments challenging leave to amend based on the futility of the proposed amended complaint would more appropriately be addressed upon adjudication of a renewed motion to dismiss the amended complaint); *see also Montes v. M & M Mgmt. Co.*, 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) ("[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face.").

Notably, discovery has not even begun, precluding any argument that the proposed amendment would result in any additional or expanded discovery, such that allowing Plaintiffs to amend their complaint will not delay resolution of this case or prejudice any party. Courts deem amendments prejudicial when:

> the opponent would be required to engage in significant new preparation at a late stage of the proceedings, the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury. The fact that the amendment might increase the defendant's potential liability is generally not a sufficient reason to deny leave to amend.

*Bonilla v. Librati*, 1:21-CV-21588-KMM, 2022 WL 4594126, at *4 (S.D. Fla. Feb. 26, 2022) (Moore, C.J.) (quoting *Dannebrog Rederi AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1315 (S.D. Fla. 2001).

### III. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs very respectfully request that the Court grant Plaintiffs leave to file their proposed Amended Complaint by Monday's deadline, attached hereto as Exhibit A.

*CASE NO. 1:22-cv-23753-KMM*

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel certify that they have conferred with Defendants' Counsel over the past two weeks, in a good faith effort to resolve the issues raised in this Motion, and report that Defendants "at this time," oppose the requested relief of agreeing to a Stipulation for the proposed Amendment, asserting that "Plaintiffs should not be allowed to amend their complaint at all with respect to personal jurisdiction (or otherwise)," and that "no amendment should be allowed, if at all, until the Court rules on the Motions to Dismiss" what would become the superseded complaint should Plaintiffs be granted leave to amend. ECF No. 195 at 19–20; ECF No. 196 at 2. Plaintiffs intend to continue discussing these specific issues with all Defendants.

CASE NO. 1:22-cv-23753-KMM

Dated: May 11, 2023                    Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

By: */s/Jose M. Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

10

*CASE NO. 1:22-cv-23753-KMM*

<h2 align="center"><u>CERTIFICATE OF SERVICE</u></h2>

I hereby certify that a true and correct copy of the forgoing was filed on May 11, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: <u>***/s/ Adam M. Moskowitz***</u><br>ADAM M. MOSKOWITZ