# Composite Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO <u>DEFENDANT TOM BRADY</u>

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Tom Brady

("Brady"), produce the documents requested in response to these three requests.

Dated: May 26, 2023

Respectfully submitted,

By: ***/s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Miami, FL 33133
Mailing Address:
P.O. Box 653409
Miami, FL 33175
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

By: ***/s/ David Boies***
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.　　"Brady," "You," or "Your" means Defendant Tom Brady and any of his affiliates, representatives, or agents.

2.　　"FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.　　"FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.　　"YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.　　"FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.　　"FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.　　"Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.    All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.    Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## **INSTRUCTIONS**

1.    Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.    the reasons and facts supporting any withholding;

        b.    the date such document was prepared;

        c.    the names, employment positions and addresses of the author or preparers of such document;

        d.    the names, employment positions, and the addresses of each person who received such document;

        e.    the title and a brief description of the document; and

        f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.    the contents of the lost or destroyed document;

        b.    all locations in which any copy of the lost or destroyed document

had been maintained;

    c.    the date of such loss or destruction;

    d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1. All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.wsj.com/articles/tom-brady-and-gisele-bundchen-to-star-in-20-million-campaign-for-crypto-exchange-11631116800?mod=article_inline (accessed May 26, 2023).

2. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "You In?," "Trade Everything," and "Invest Better" advertising campaigns. *See* https://www.youtube.com/watch?v=_aCGMyrFn-8 (accessed May 26, 2023).

3. All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:22-cv-23753-KMM**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO**
**DEFENDANT GISELE BÜNDCHEN**

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Gisele Bündchen

("Bündchen"), produce the documents requested in response to these three requests.

Dated: May 26, 2023               Respectfully submitted,

                    **By: _/s/ Adam Moskowitz_____**
                    Adam M. Moskowitz
                    Florida Bar No. 984280
                    Joseph M. Kaye
                    Florida Bar No. 117520
                    **THE MOSKOWITZ LAW FIRM, PLLC**
                    3250 Mary Street, Suite 202
                    Miami, FL 33133
                    Mailing Address:
                    P.O. Box 653409
                    Miami, FL 33175
                    Telephone: (305) 740-1423
                    adam@moskowitz-law.com
                    joseph@moskowitz-law.com

                    **By: _/s/ David Boies_**
                    David Boies
                    (*Pro Hac Vice*)
                    Alex Boies
                    (*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Bündchen," "You," or "Your" means Defendant Gisele Bündchen and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## <u>INSTRUCTIONS</u>

1.   Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.   These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.   For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a.   the reasons and facts supporting any withholding;

    b.   the date such document was prepared;

    c.   the names, employment positions and addresses of the author or preparers of such document;

    d.   the names, employment positions, and the addresses of each person who received such document;

    e.   the title and a brief description of the document; and

    f.   the number of the request under which such document would be produced but for the objection.

4.   If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a.   the contents of the lost or destroyed document;

    b.   all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

had been maintained;

c.   the date of such loss or destruction;

d.   the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.   all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.   all efforts made to locate any responsive document alleged to have been lost.

5.   In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.   These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.   All documents are to be produced in the following method:

a)   Single page .TIFF

b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>THREE REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. See https://www.wsj.com/articles/tom-brady-and-gisele-bundchen-to-star-in-20-millioncampaign-for-crypto-exchange-11631116800?mod=article_inline (accessed May 26, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "You In?," "Trade Everything," and "Invest Better" advertising campaigns. *See* https://www.youtube.com/watch?v=_aCGMyrFn-8 (accessed May 26, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

SAM BANKMAN-FRIED, *et al.,*

     *Defendants.*

                         /

**PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO
DEFENDANT UDONIS HASLEM**

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Udonis Haslem

("Haslem"), produce the documents requested in response to these three requests.

Dated: May 26, 2023                Respectfully submitted,

                          **By: */s/ Adam Moskowitz*　　**
                          Adam M. Moskowitz
                          Florida Bar No. 984280
                          Joseph M. Kaye
                          Florida Bar No. 117520
                          **THE MOSKOWITZ LAW FIRM, PLLC**
                          3250 Mary Street, Suite 202
                          Miami, FL 33133
                          Mailing Address:
                          P.O. Box 653409
                          Miami, FL 33175
                          Telephone: (305) 740-1423
                          adam@moskowitz-law.com
                          joseph@moskowitz-law.com

                          **By: */s/ David Boies***
                          David Boies
                          (*Pro Hac Vice*)
                          Alex Boies
                          (*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Haslem," "You," or "Your" means Defendant Udonis Haslem and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

had been maintained;

c.   the date of such loss or destruction;

d.   the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.   all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.   all efforts made to locate any responsive document alleged to have been lost.

5.   In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.   These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.   All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>THREE REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.  All Documents and Communications, including contracts or agreements, regarding Your Partnership with the FTX Entities. *See* https://heatnation.com/media/udonis-haslem-reveals-ftx-gypped-him-out-of-15m/ (accessed May 26, 2023).

2.  All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans and Florida's FTX consumers, including but not limited to the FTX Charity Hackathon and "You In?" advertising campaign. *See* https://www.youtube.com/watch?v=4sD8uLYzzwM (accessed May 26, 2023).

3.  All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT TREVOR LAWRENCE

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Trevor Lawrence

("Lawrence"), produce the documents requested in response to these three requests.

Dated: May 26, 2023                  Respectfully submitted,

                                **By: */s/ Adam Moskowitz*_____**
                                Adam M. Moskowitz
                                Florida Bar No. 984280
                                Joseph M. Kaye
                                Florida Bar No. 117520
                                **THE MOSKOWITZ LAW FIRM, PLLC**
                                3250 Mary Street, Suite 202
                                Miami, FL 33133
                                Mailing Address:
                                P.O. Box 653409
                                Miami, FL 33175
                                  Telephone: (305) 740-1423
                                adam@moskowitz-law.com
                                joseph@moskowitz-law.com

                                **By: */s/ David Boies***
                                David Boies
                                (*Pro Hac Vice*)
                                Alex Boies
                                (*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By:** */s/Jose M. Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Lawrence," "You," or "Your" means Defendant Trevor Lawrence and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>INSTRUCTIONS</u>

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

had been maintained;

    c.    the date of such loss or destruction;

    d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1. All Documents and Communications, including contracts or agreements, regarding Your Partnership with the FTX Entities. *See* https://decrypt.co/69064/nfl-trevor-lawrence-signs-endorsement-deal-with-blockfolio-ftx (accessed May 26, 2023).

2. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans and Florida's FTX consumers, including but not limited to the FTX Blockfolio, "The FTX Podcast," and "You In?" advertising campaign. *See* https://blockpaths.com/the-ftx-podcast-67-trevor-lawrence-the-jacksonville-jaguarsquarterback/ (accessed May 26, 2023).

3. All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO <u>DEFENDANT KEVIN O'LEARY</u>

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Kevin O'Leary

("O'Leary"), produce the documents requested in response to these three requests.

Dated: May 26, 2023                 Respectfully submitted,

                               **By: <u>*/s/ Adam Moskowitz*</u>**
                               Adam M. Moskowitz
                               Florida Bar No. 984280
                               Joseph M. Kaye
                               Florida Bar No. 117520
                               **THE MOSKOWITZ LAW FIRM, PLLC**
                               3250 Mary Street, Suite 202
                               Miami, FL 33133
                               Mailing Address:
                               P.O. Box 653409
                               Miami, FL 33175
                               Telephone: (305) 740-1423
                               adam@moskowitz-law.com
                               joseph@moskowitz-law.com

                               **By: <u>*/s/ David Boies*</u>**
                               David Boies
                               (*Pro Hac Vice*)
                               Alex Boies
                               (*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By:** */s/Jose M. Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Bündchen," "You," or "Your" means Defendant Kevin O'Leary and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

### <u>INSTRUCTIONS</u>

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

had been maintained;

c.    the date of such loss or destruction;

d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>THREE REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/ftx-and-kevin-oleary-announce-long-term-investment-and-spokesperson-relationship-301352189.html (accessed May 26, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Florida's residents and FTX consumers, including but not limited to the FTX Charity Hackathon and "Rigorous Standards" advertising campaigns. *See* https://www.nbcmiami.com/entertainment/6-in-the-mix/shark-tank-star-kevin-oleary-taking-part-in-charity-hackathon/2711510/ (accessed May 26, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO
### DEFENDANT SHAQUILLE O'NEAL

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Shaquille O'Neal

("O'Neal"), produce the documents requested in response to these three requests.

Dated: May 26, 2023                Respectfully submitted,

                         **By:** ***/s/ Adam Moskowitz***
                         Adam M. Moskowitz
                         Florida Bar No. 984280
                         Joseph M. Kaye
                         Florida Bar No. 117520
                         **THE MOSKOWITZ LAW FIRM, PLLC**
                         3250 Mary Street, Suite 202
                         Miami, FL 33133
                         Mailing Address:
                         P.O. Box 653409
                         Miami, FL 33175
                         Telephone: (305) 740-1423
                         adam@moskowitz-law.com
                         joseph@moskowitz-law.com

                         **By:** ***/s/ David Boies***
                         David Boies
                         (*Pro Hac Vice*)
                         Alex Boies
                         (*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

By: */s/Jose M. Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

2

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "O'Neal," "You," or "Your" means Defendant Shaquille O'Neal and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## **INSTRUCTIONS**

1.     Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.     the reasons and facts supporting any withholding;

        b.     the date such document was prepared;

        c.     the names, employment positions and addresses of the author or preparers of such document;

        d.     the names, employment positions, and the addresses of each person who received such document;

        e.     the title and a brief description of the document; and

        f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.     the contents of the lost or destroyed document;

        b.     all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

had been maintained;

c.    the date of such loss or destruction;

d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.    All Documents and Communications, including contracts or agreements, regarding Your Partnership with the FTX Entities. *See* https://twitter.com/FTX_Official/status/1532119977381208066?s=20&t=5wTm55FDE6c0cCD9vCndYg (accessed May 26, 2023).

2.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans and Florida's FTX consumers, including but not limited to Shaq's Fun House, "the FTX Podcast," FTX Off the Grid, and "You In?" advertising campaign. *See* https://twitter.com/SHAQ/status/1521960873639784449 (accessed May 26, 2023); https://open.spotify.com/episode/2lq0BHiZb88xNRdZ9wUes4 (accessed May 26, 2023).

3.    All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO <u>DEFENDANT DAVID ORTIZ</u>

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, David Ortiz

("Ortiz"), produce the documents requested in response to these three requests.

Dated: May 26, 2023                  Respectfully submitted,

                              **By:** <u>*/s/ Adam Moskowitz*</u>
                              Adam M. Moskowitz
                              Florida Bar No. 984280
                              Joseph M. Kaye
                              Florida Bar No. 117520
                              **THE MOSKOWITZ LAW FIRM, PLLC**
                              3250 Mary Street, Suite 202
                              Miami, FL 33133
                              Mailing Address:
                              P.O. Box 653409
                              Miami, FL 33175
                              Telephone: (305) 740-1423
                              adam@moskowitz-law.com
                              joseph@moskowitz-law.com

                              **By:** <u>*/s/ David Boies*</u>
                              David Boies
                              (*Pro Hac Vice*)
                              Alex Boies
                              (*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
MARK MIGDAL HAYDEN LLP
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Ortiz," "You," or "Your" means Defendant David Ortiz and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>INSTRUCTIONS</u>

1.  Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.  These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.  For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a.   the reasons and facts supporting any withholding;

    b.   the date such document was prepared;

    c.   the names, employment positions and addresses of the author or preparers of such document;

    d.   the names, employment positions, and the addresses of each person who received such document;

    e.   the title and a brief description of the document; and

    f.   the number of the request under which such document would be produced but for the objection.

4.  If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a.   the contents of the lost or destroyed document;

    b.   all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

had been maintained;

c.    the date of such loss or destruction;

d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>THREE REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.     All Documents and Communications, including contracts or agreements, regarding Your Partnership with the FTX Entities. *See* https://davidortiz.com/red-sox-legend-david-ortiz-signs-multiyear-ftx-deal/ (accessed May 26, 2023).

2.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans and Florida's FTX consumers, including but not limited to the FTX Charity Hackathon and "You In?" advertising campaign. *See* https://www.ispot.tv/ad/qSlm/ftx-big-papi-is-in (accessed May 26, 2023).

3.     All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.